Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No. 2:15-cv-05146-CAS-JEM<br><br> CLASS ACTION<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND NOTICE OF INCORPORATION BY REFERENCE (Doc. No. 62)**<br><br>JUDGE: Hon. Christina A. Snyder<br>Date: May 16, 2016<br>Time: 10:00 a.m.<br>Dept: 5 – 2nd Floor<br>Before: Hon. Christina A. Snyder<br><br>Complaint Filed: July 8, 2015 |

Lead Plaintiff Joe Elek, and named Plaintiffs Thomas Bartsch, Jeffrey Frohwerk, Larry Brandow, Diana Choi, Ben Potaracke, Charles Montgomery, Jedrzej Borowczyk, and Charles Remmel (together "Plaintiffs") oppose Defendants Silver Wheaton Corp. ("SW" or the "Company"), Randy V.J. Smallwood, Peter Barnes, and Gary Brown (collectively, "Defendants") Request For Judicial Notice In Support Of Defendants' Motion To Dismiss And Notice Of Incorporation By Reference (dkt. # 62) (the "Motion to Dismiss"), to the extent Defendants proffer the exhibits for the truth of the matter asserted therein.

While a court may take judicial notice of the existence of public records, it cannot take judicial notice of facts stated in the public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (reversible error to take judicial notice of court opinion for truth of facts asserted therein); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (taking judicial notice of SEC filings, but not for truth of the matter asserted therein). Indeed, if the rule were otherwise, defendants accused of fraud could cite their own self-serving denials in another forum to defeat a complaint. Thus, the Court cannot take judicial notice of any of the documents the Defendants proffer for the truth of their contents. In addition, the Court cannot rely on the following "facts" in deciding Defendants' motion to dismiss:

- SW Cayman actually paid fees to SW Canada totaling more than CDN$33 million. Memorandum of Points and Authorities In Support of Defendants' Motion to Dismiss Amended Complaint ("Def. Br."), at 4.
- SW relied on transfer pricing studies prepared by PricewaterhouseCoopers ("PWC") – Def. Br., at 2, 4, 9, 14, 23
- SW Canada received a total return of 20% on its costs. Def. Br., at 4-5.
- SW's auditor was aware of the Company's tax position. Def. Br., at 11.

Indeed, Defendants principally rely on Silver Wheaton's own Notice of Appeal to the Tax Court of Canada in *Silver Wheaton Corp. v. The Queen*, Case No.  2016-77(IT)G, dated January 8, 2016, attached as Exhibit I to the Declaration of Amanda

Heale (Dkt. # 61-18) (the "Notice of Appeal"). It is well established that"[a] motion is a legal brief, advancing a partisan position in litigation, not a judicially noticeable fact." *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004) (quoting *George W. v. U.S. Dep't of Educ.*, 149 F. Supp. 2d 1195, 1199 (E.D. Cal. 2000)). SW's claim to have relied on PWC's report, in particular, raises a host of questions, none of which can be answered before discovery, such as:

- Was there in fact a PWC report?
- What was the basis of the PWC report?
- Did PWC know all the facts?
- Did SW conceal any facts from PWC?
- Did PWC rely on any assumptions or express any caveats?
- Did Defendants have any reason to believe that PWC's position was inaccurate?
- Did PWC retract its position after the CRA began its audit?
- Did the CRA's visit offer Defendants any reason to doubt the accuracy of the PWC report?
- Did the CRA offer any criticisms of the PWC report?

And so on.

However, the Court can take judicial notice of the statements made in SW's Notice of Appeal. Defendants' Defendants' brief is an admission against interest. Defendants admit that the basis of SW's tax position was that SW Cayman purportedly paid SW Canada CDN$33 million (whether or not it was actually paid, and whether or not it was supported by a PWC study, and whether or not the PWC study was reliable and/or fully informed).

**CONCLUSION**

For the foregoing reasons, the Court should not take judicial notice of Defendants' exhibits for the truth of the matter asserted, but should take judicial notice of them as setting out Defendants' tax position.

Dated: March 4, 2016                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Laurence M. Rosen
                                        Laurence M. Rosen, Esq. (SBN 219683)
                                        355 S. Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

                                        *Counsel for Lead Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I, Laurence Rosen, hereby declare under penalty of perjury as follows:

I am attorney with the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA, 90071. I am over the age of eighteen.

On March 4, 2016, I electronically filed the foregoing **LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND NOTICE OF INCORPORATION BY REFERENCE** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on March 4, 2016.

/s/ Laurence Rosen

Laurence Rosen