BARRY M. KAPLAN, *admitted pro hac vice*
Email: bkaplan@wsgr.com
GREGORY L. WATTS, State Bar No. 197126
Email: gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

JEROME F. BIRN, JR., State Bar No. 128561
Email: jbirn@wsgr.com
DIANE M. WALTERS, State Bar No. 148136
Email: dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
SILVER WHEATON CORP.,
RANDY V. J. SMALLWOOD,
PETER BARNES, and GARY BROWN

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re Silver Wheaton Corp. Securities Litigation | ) Master File No. 2:15-cv-05146-CAS(JEMx)<br>) c/w: 2:15-cv-05173-CAS(JEMx)<br>) <u>CLASS ACTION</u><br>) **JOINT RULE 26(f) REPORT**<br>) JUDGE: Hon. Christina A. Snyder<br>) Complaint Filed: July 8, 2015 |
|---|---|

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Judges' Procedures and Schedules for the Honorable Christina Snyder ("Court's Procedural Order"), Defendants Silver Wheaton Corp., Randy Smallwood, Peter Barnes, and Gary Brown (collectively, "Defendants") and Lead Plaintiff, through their undersigned counsel, held a telephonic conference on June 22, 2016 and hereby respectfully submit this Joint Rule 26(f) Report.

## I. STATEMENT OF THE CASE

This is a securities class action alleging that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"). Plaintiffs allege that Silver Wheaton violated Canadian tax transfer pricing laws by attributing income of about USD$567 million to its Cayman Islands Subsidiary ("Silver Wheaton Caymans") even though the income was in truth earned by Silver Wheaton's Canadian company ("Silver Wheaton Canada"), so as to evade payment of Canadian income taxes. Plaintiffs allege that as a result of its failure to pay Canadian income taxes, Silver Wheaton's financial statements from 2010 onwards violated Generally Accepted Accounting Principles ("GAAP"), and were therefore misleading, for (a) omitting to recognize a tax liability of USD $207 million; or (b) omitting to disclose a contingent tax position liability of USD $207 million, coupled with an indication of the uncertainties relating to the amount or timing of any outflow.

Defendants deny each and every allegation of wrongdoing in Plaintiffs' consolidated amended class action complaint (the "Complaint"), dispute that Plaintiffs have asserted any cognizable claims, and contend that they have no liability in the action. In particular, Defendants deny, among other things, that they made any actionable misstatements or omissions, acted with scienter, caused the alleged losses, or that Plaintiffs and the class have suffered any damages. Following discovery, Defendants may contend that the putative class cannot be certified in whole or in part.

## II. DISCOVERY PLAN

### A. Rule 26(a)(1) Initial Disclosures and Changes (Fed. R. Civ. P. 26(f)(3)(A))

The parties have agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 15, 2016. Given the scope and complexity of the allegations, instead of being produced or itemized categorically at the time initial disclosures are made, documents will be produced in response to written requests for production of documents in accordance with Fed. R. Civ. P. 34.

### B. Subjects of Discovery and Limitations (Fed. R. Civ. P. 26(f)(3)(B))

The parties currently anticipate that discovery will be needed on a number of subjects, including, among others, class certification and putative class members' investments in Silver Wheaton securities; the elements of the securities claims alleged in the Complaint (including falsity, scienter, reliance, loss causation and damages); and, any affirmative defenses pled in Defendants' Answer to the Complaint.

The parties will discuss the scope of discovery and limitations thereto as part of the meet and confer process following the service of requests for production of documents. Written fact discovery likely will include requests for production of documents, interrogatories, and requests for admission. Plaintiffs anticipate that discovery of several third party witnesses will take place in Canada, which is likely to take additional time.

The parties exchanged proposed schedules for fact and expert witness discovery and met and conferred regarding their respective positions. Following discussion and subsequent communications regarding the proposed pretrial schedule, the parties agreed upon a proposed schedule for fact and expert discovery and the sequencing of discovery. The parties agree that document production should be conducted prior to fact witness depositions. The parties reached an agreement that expert discovery should occur after the close of fact discovery;

however, if an opposing expert relies upon facts that were not previously the subject of discovery, the parties agreed to meet and confer about further fact discovery and proposed modifications to the pre-trial schedule and, if agreement cannot be reached, reserve their respective rights to seek or oppose further fact discovery. The proposed schedule for discovery is set forth as part of the Proposed Pretrial Schedule in Exhibit A to this Report.

### C. Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))

The parties discussed electronically stored information ("ESI"), including the form of production. Given the detailed nature of such matters, the parties have agreed to set forth the agreements regarding the protocol for the production of ESI in a separate joint stipulation.

### D. Privilege Procedures (Fed. R. Civ. P. 26(f)(3)(D))

The parties will prepare privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(a). As discussed in Section II.F., *infra*, the parties are in the process of preparing a stipulated protective order that will be submitted to the Court for approval. The parties will include a provision in the protective order providing that the inadvertent production of privileged information shall not be deemed to waive applicable privileges or immunities that would otherwise attach to the protected information.

### E. Changes in Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))

At this time, the parties see no reason to seek relief from the limits imposed by Fed. R. Civ. P. 33(a)(1) with regard to the 25 interrogatory limit per lead plaintiff and defendant to any other party. Plaintiffs believe that the ten (10) deposition limit imposed by Fed. R. Civ. P. 30(a)(2) should be increased to twenty (20). Defendants agree to meet and confer at a later date regarding the deposition limit.

### F. Other Orders (Fed. R. Civ. P. 26(f)(3)(F))

The parties believe a protective order is appropriate in this matter to ensure the confidentiality of sensitive information that may be produced by parties and non-parties during the course of the litigation. The parties are in the process of meeting

and conferring regarding a protective order, which the parties will submit to the Court for approval.

### III. PRETRIAL SCHEDULE

Attached as Exhibit A to this report is a chart summarizing the Proposed Pretrial Schedule agreed to by the Parties.

#### A. Class Certification

Lead Plaintiff anticipates filing a motion for class certification. Lead Plaintiff's motion for class certification shall be filed by November 1, 2016; any opposition to the motion shall be filed by January 30, 2017; and, any reply memorandum in support of the motion shall be filed by March 15, 2017.

#### B. Motions to Amend Pleadings and/or Add Parties

Motions to amend the pleadings and/or add parties, if any, shall be due by November 1, 2016.

#### C. Fact Discovery Cut-off (Court's Procedural Order)

All fact discovery shall be completed by December 29, 2017.

#### D. Expert Discovery (Civ. L.R. 26-1(f))

The schedule for disclosure of experts and expert reports is set forth below:

| | |
|---|---|
| Opening expert reports | February 15, 2018 |
| Simultaneous exchange of rebuttal reports | March 15, 2018 |

Experts shall be made available for deposition at mutually convenient times during the thirty (30) days following service of the rebuttal expert witness reports. All expert discovery shall be completed by April 16, 2018.

#### E. Dispositive Motions (Civ. L.R. 26-1(b); Court's Procedural Order)

Defendants anticipate filing motions for summary judgment. Motions for summary judgment and/or summary adjudication shall be filed no later than May 16, 2018; any opposition to such a motion shall be filed by July 16, 2018; and, any reply to such a motion shall be filed by August 17, 2018.

In the event that motions for summary judgment and/or summary adjudication

are filed prior to May 30, 2018, the parties agree to meet and confer regarding a comparable briefing schedule.

### IV. COMPLEXITY OF THE CASE/MANUAL FOR COMPLEX LITIGATION (Civ. L.R. 26-1(a))

The above-captioned action is a complex action. The parties discussed the Manual for Complex Litigation (the "Manual") and whether certain of the provisions may be useful in this action. The parties agreed to meet and confer further as necessary to discuss whether to adopt certain of the guidelines and procedures set forth in the Manual.

### V. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (Fed. R. Civ. P. 26(f)(2); Civ. L.R. 26-1(c); Court's Procedural Order)

No settlement discussions have occurred to date. A Notice to the Parties of Court-Directed ADR Program, Dkt. No. 6, was entered on July 8, 2015. Pursuant to Civil Local Rule 16-15.4 and the Court's Procedural Order, the parties have agreed upon ADR Procedure No. 3, and have agreed to participate in a private dispute resolution proceeding by retaining a private mediator and engaging in mediation proceedings no later than forty-five (45) days before the final pretrial conference (Civ. L. R. 16-15.2).

### VI. TRIAL ESTIMATE (Civ. L.R. 26-1(d))

Lead Plaintiff requests a trial by jury in the Complaint. At this time, the Parties believe it is premature to estimate the length of any trial.

### VII. ADDITIONAL PARTIES (Civ. L.R. 26-1(e))

The parties do not presently anticipate that additional parties will be added to the action.

| | |
|---|---|
| Dated: July 13, 2016 | Respectfully submitted,<br><br>**WILSON SONSINI GOODRICH & ROSATI**<br>Professional Corporation<br><br>By: /s/   Jerome F. Birn, Jr.<br>         Jerome F. Birn, Jr.<br><br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone:  (650) 493-9300<br>Facsimile:   (650) 565-5100<br>Email: jbirn@wsgr.com<br><br>**WILSON SONSINI GOODRICH & ROSATI**<br>Professional Corporation<br>BARRY M. KAPLAN<br>GREGORY L. WATTS<br>701 Fifth Avenue Suite 5100<br>Seattle, WA 98104-7098<br>Telephone: (206) 447-0900<br>Facsimile:   (206) 883-2699<br>Email:  bkaplan@wsgr.com<br><br>Attorneys for Defendants |
| Dated: July 13, 2016 | **THE ROSEN LAW FIRM, P.A.**<br><br>By: /s/   Laurence M. Rosen<br>         Laurence M. Rosen<br><br>**THE ROSEN LAW FIRM, P.A.**<br>Laurence M. Rosen, Esq. (SBN 219683)<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone: (213) 785-2610<br>Facsimile: (213) 226-4684<br>Email: lrosen@rosenlegal.com<br><br>The Rosen Law Firm, P.A.<br>Phillip Kim, Esq.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Facsimile:  (212) 202-3827<br>Email: pkim@rosenlegal.com<br><br>Counsel for Lead Plaintiff |

## EXHIBIT A

| PROPOSED PRETRIAL SCHEDULE | |
|---|---|
| **Event** | **Date/Deadline** |
| Initial Disclosures Exchange | August 15, 2016 |
| Deadline to Amend Pleadings or Add Parties Without Leave of Court | November 1, 2016 |
| Motion for Class Certification | |
|     Opening Motion | November 1, 2016 |
|     Opposition | January 30, 2017 |
|     Reply | March 15, 2017 |
| Fact Discovery Cut-Off | December 29, 2017 |
| Expert Discovery | |
|     Opening Expert Reports | February 15, 2018 |
|     Exchange of Rebuttal Reports | March 15, 2018 |
| Expert Discovery Cut-Off | April 16, 2018 |
| Summary Judgment/Adjudication Motions | |
|     Opening Motion(s) | No later than May 16, 2018 |
|     Opposition(s) | July 16, 2018*[1] |
|     Replies | August 17, 2018* |
| Meet and Confer JPTC and exchange exhibits | October 10, 2018 |
| Pre-Trial Order | November 5, 2018 |
| Pre-Trial Conference | November 19, 2018 |
| Trial Date | TBD |

---

[1] *Subject to modification if earlier motions are filed.

<u>ATTESTATION OF CONCURRENCE IN FILING</u>

Pursuant to Local Rule 5-4.3.4 of the United States District Court for the Central District of California, I attest that Counsel for Lead Plaintiff Joe Elek and Counsel for Defendants Silver Wheaton, Smallwood, Barnes, and Brown have authorized the filing of this document.

/s/ Diane M. Walters