1   BARRY M. KAPLAN, *Pro Hac Vice*
    Email: bkaplan@wsgr.com
2   GREGORY L. WATTS, State Bar No. 197126
    Email: gwatts@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   701 Fifth Avenue, Suite 5100
    Seattle, WA 98104
5   Telephone: (206) 883-2500
    Facsimile: (206) 883-2699
6
7   JEROME F. BIRN JR., State Bar No. 128561
    Email: jbirn@wsgr.com
8   DIANE M. WALTERS, State Bar No. 148136
    Email: dwalters@wsgr.com
9   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
10  650 Page Mill Road
    Palo Alto, CA 94304-1050
11  Telephone: (650) 493-9300
    Facsimile: (650) 565-5100
12
13
14  *Attorneys for Defendants Silver Wheaton*
    *Corp., Randy V. J. Smallwood, Peter Barnes*
15  *and Gary Brown*

16

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19

20  In re Silver Wheaton Corp.        )   Master File No. 2:15-cv-05146-CAS (JEMx)
    Securities Litigation             )   c/w: 2:15-cv-05173-CAS (JEMx)
21                                    )
                                      )
22                                    )   **DEFENDANTS' ANSWER TO**
                                      )   **CONSOLIDATED AMENDED CLASS**
23                                    )   **ACTION COMPLAINT**
                                      )
24                                    )
                                      )   CLASS ACTION
25                                    )
                                      )
26                                    )   JUDGE: Hon. Christina A. Snyder
                                      )
27  _____)

28

1    Silver Wheaton Corporation ("Silver Wheaton," "SW," or the "Company"),

2    and Randy V.J. Smallwood, Peter Barnes, and Gary Brown (the "Individual

3    Defendants," collectively with Silver Wheaton, "Defendants"), hereby answer the

4    Consolidated Amended Class Action Complaint for Violation of the Federal

5    Securities Laws ("Complaint"), Dkt. No. 60, filed on December 18, 2015, by Lead

6    Plaintiff Joe Elek, and putative plaintiffs Thomas Bartsch, Jeffrey Frohwerk, Larry

7    Brandow, Diana Choi, Ben Potaracke, Charles Montgomery, Jedrzej Borowczyk,

8    and Charles Remmel (collectively, "Plaintiffs").

9    To the extent the paragraphs of the Complaint are grouped under headings

10   and subheadings, Defendants respond generally that the partial and/or pejorative

11   phrases used in the headings do not constitute factual averments, and thus the

12   headings are not included herein.  To the extent a response is deemed necessary,

13   Defendants deny each and every heading and sub-heading in the Complaint and

14   incorporate by reference this response in each paragraph below as if fully set forth

15   herein.

16   Except as explicitly admitted herein, Defendants deny any and all allegations

17   set forth in the Complaint.  Defendants further answer the numbered paragraphs in

18   the Complaint as follows.

19   1.    Defendants admit that Plaintiffs purport to bring this action as a federal

20   securities class action on behalf of all persons and entities, other than Defendants

21   and their affiliates, who purchased or otherwise acquired the securities of Silver

22   Wheaton from March 30, 2011 to July 6, 2015.  Defendants deny that persons or

23   entities who purchased Silver Wheaton securities on the Toronto Stock Exchange

24   may be included in any putative "Class" definition.  Defendants deny that any

25   violations of the federal securities laws occurred.  Defendants deny that Plaintiffs or

26   any other purchaser of Silver Wheaton securities suffered any compensable damages

27   and deny that class certification is appropriate.  Except as explicitly admitted herein,

28   Defendants deny each and every other allegation in paragraph 1.

2.      Defendants admit that Silver Wheaton is a precious metals streaming company.  Defendants admit that, from 2005 to 2010, Silver Wheaton or its wholly owned subsidiaries, including its wholly owned subsidiary in the Cayman Islands, Silver Wheaton (Caymans) Ltd. ("SW Cayman"), entered into streaming agreements with third party mining companies or affiliates pursuant to which upfront and other payments were made in consideration for the purchase of silver.  Defendants deny that delivery of silver production was guaranteed.  Defendants admit that the terms "streams" and/or "streaming" are used in describing such precious metal purchase arrangements.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 2.

3.      Defendants deny that the allegations in paragraph 3 accurately describe Silver Wheaton's business and consolidated financial reporting.  Defendants Silver Wheaton, Smallwood, and Barnes admit, and Defendant Brown admits with respect to June 2008 through 2010, as follows:  the activities that generated the income that Silver Wheaton reported on a consolidated basis, including the sale of silver, were principally conducted by SW Cayman.  Defendant Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 that pertain to matters or events that occurred prior to his tenure at Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 3.

4.      Defendants admit that SW Cayman, which operates in the Cayman Islands and is subject to a statutory tax rate of 0%, paid no tax in the Cayman Islands on the income it earned from precious metal purchase agreements that SW Cayman entered into.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 4.

5.      Defendants state that Plaintiffs appear to define the phrase "Transfer Pricing Rules" in the Complaint to encompass Section 247 of the Income Tax Act (Canada), R.S.C. 1985, c.1 (5th Supp.) ("Income Tax Act").  In addition to the lack

of definitional clarity, Defendants state that the allegations in paragraph 5 appear to be missing words rendering the allegations unclear.  Defendants admit that Canada enacted the Income Tax Act.  Defendants admit that the Income Tax Act includes provisions pertaining to transfer pricing, but deny Plaintiffs' characterizations of such provisions and their enactment.  Except as expressly admitted herein, Defendants deny each and every other allegation in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants Silver Wheaton, Smallwood, and Brown admit that the Company issued a press release on July 6, 2015.  Defendants Silver Wheaton, Smallwood, and Brown admit that the July 6, 2015 press release announced that Silver Wheaton had received a proposal letter from the Canada Revenue Agency ("CRA") regarding a proposed reassessment under the transfer pricing provisions of the Income Tax Act.  Defendants Silver Wheaton, Smallwood, and Brown deny that Plaintiffs' characterization of the press release is either accurate or complete.  The contents of the July 6, 2015 press release are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the July 6, 2015 press release for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 8.

9.      Defendants admit that the price of Silver Wheaton stock on the New York Stock Exchange ("NYSE") closed at $15.46 on July 7, 2015.  Defendants admit that the closing price on July 7, 2015 was approximately 12% lower than the closing price on July 6, 2015, which was $17.54.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 9.

10.     Defendants Silver Wheaton, Smallwood, and Brown lack knowledge or information as to which "Wall Street analysts" and to which "comment[s]" the vague allegations in paragraph 10 relate; Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified analysts' purported comments, and on that basis, deny them.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants admit that Plaintiffs purport to bring claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 12.

13.     Defendants admit that the Court has jurisdiction over the subject matter of this action.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants admit that Defendants have used the facilities of U.S. national securities exchanges and instrumentalities of U.S. interstate commerce. Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 15.

16.     Defendants admit that Lead Plaintiff Joe Elek previously filed with the Court a certification pursuant to the Private Securities Litigation Reform Act of 1995 that purports to reflect transactions in Silver Wheaton securities.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     Defendants admit that Silver Wheaton is a precious metal streaming company.  Defendants admit that Silver Wheaton has its principal executive office

in Vancouver, British Columbia.  Defendants admit that Silver Wheaton trades on the NYSE under the ticker symbol "SLW."  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs mean by "[a]t all relevant times."  Defendants admit that Silver Wheaton or SW Cayman enters into precious metal purchase agreements with third party mining companies or affiliates pursuant to which upfront and other payments are made in consideration for the purchase of all or a specified percentage of the future precious metal production from a specified mine.  Defendants admit that these precious metal purchase agreements may be referred to as "streaming agreements."  Defendants admit that Silver Wheaton enters into precious metal purchase agreements in respect of mines located in Canada, and SW Cayman enters into precious metal purchase agreements in respect of mines located outside of Canada.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 19.

20.    Defendants admit that Mr. Smallwood has served as the President of Silver Wheaton since January 2010 and as CEO since April 11, 2011.  Defendants admit that Mr. Smallwood was involved in the founding of the streaming business of Silver Wheaton and SW Cayman.  Defendants admit that Mr. Smallwood previously served as Executive Vice President of Corporate Development for Silver Wheaton, and that, in that role, he primarily focused on growing the Company through the evaluation and acquisition of silver stream opportunities for SW or its subsidiaries.  Except as expressly admitted herein, Defendants deny each and every other allegation in paragraph 20.

21.    Defendants admit that Mr. Barnes served as the Company's CEO and as a director from 2006 until April 11, 2011.  Defendants admit that Mr. Barnes was appointed as Chief Financial Officer of the Company effective October 15, 2004 and Executive Vice President of the Company effective October 20, 2004.

1   Defendants admit that Mr. Barnes was appointed Chief Executive Officer effective

2   April 20, 2006.  Defendants admit that Mr. Barnes is a Chartered Accountant.

3   Defendants admit that Mr. Barnes was involved in the founding of the streaming

4   business of Silver Wheaton and SW Cayman.   Except as expressly admitted herein,

5   Defendants deny each and every other allegation in paragraph 21.

6          22.     Defendants admit that Mr. Brown joined Silver Wheaton in June 2008

7   and has served as Chief Financial Officer of Silver Wheaton since that time.

8          23.     Defendants admit that the Complaint purports to refer to Messrs.

9   Smallwood, Barnes, and Brown as the "Individual Defendants."

10          24.     Defendants admit that the Complaint purports to refer to Silver

11   Wheaton and the Individual Defendants collectively as the "Defendants."

12          25.     Defendant Silver Wheaton admits that FE1 worked at SW Cayman,

13   Silver Wheaton's wholly owned subsidiary, from December 2007 to November

14   2013.  Defendant Silver Wheaton admits that FE1's title at SW Cayman was

15   "accountant."  Defendant Silver Wheaton denies that FE1 held any accountant

16   certifications or had any formal accounting training.  Defendant Silver Wheaton

17   denies that FE1 had any accounting responsibilities on behalf of Silver Wheaton.

18   Defendants Smallwood, Brown, and Barnes admit that FE1 was employed by SW

19   Cayman, but otherwise lack knowledge or information sufficient to form a belief as

20   to the truth of the remaining allegations in paragraph 25, and on that basis, deny

21   them.

22          26.     Defendant Silver Wheaton admits that FE1 worked at SW Cayman,

23   Silver Wheaton's wholly owned subsidiary, from December 2007 to November

24   2013.  Defendant Silver Wheaton admits that FE1's responsibilities included routine

25   bookkeeping tasks, reconciliation, data entry, and other administrative tasks.

26   Defendants Smallwood, Brown, and Barnes admit that FE1 was employed by SW

27   Cayman, but otherwise lack knowledge or information sufficient to form a belief as

28   to the truth of the remaining allegations in paragraph 26, and on that basis, deny

1   them.  Except as explicitly admitted herein, Defendants deny each and every other

2   allegation in paragraph 26.

3       27.    Defendant Silver Wheaton admits that FE1 reported to Brad Carpenter.

4   Defendant Silver Wheaton denies that FE1 reported to Nik Tatarkin.  Defendants

5   Smallwood, Brown, and Barnes lack knowledge or information sufficient to form a

6   belief as to the truth of the allegations in paragraph 27, and on that basis, deny them.

7       28.    Defendants Silver Wheaton, Smallwood, and Barnes admit that Brad

8   Carpenter joined SW Cayman as the controller of SW Cayman in July 2006.

9   Defendant Brown lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations in paragraph 28 that pertain to matters or events that

11  occurred prior to his tenure at Silver Wheaton, and on that basis, denies them.

12  Defendants Silver Wheaton, Smallwood, and Brown admit that Mr. Carpenter

13  became the Director of Contract Compliance at SW Cayman in 2013.  Defendant

14  Barnes lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations in paragraph 28 that pertain to events after he left Silver Wheaton,

16  and on that basis, denies them.

17      29.    Defendants deny that Nik Tatarkin became Executive Director of SW

18  Cayman in December 2008 and aver that Mr. Tatarkin became Executive Director

19  of SW Cayman in December 2007.  Defendants Silver Wheaton, Smallwood, and

20  Brown admit that Mr. Tatarkin became President of SW Cayman in December 2012.

21  Defendant Barnes lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations in paragraph 29 that pertain to events after he left Silver

23  Wheaton, and on that basis, denies them.  Except as explicitly admitted herein,

24  Defendants deny each and every other allegation in paragraph 29.

25      30.    Defendants admit that Giselle Passchier (nee Fedalizo) previously

26  served as Manager of Corporate Accounting and subsequently as Assistant

27  Controller at Silver Wheaton in Canada.  Defendants Silver Wheaton, Smallwood,

28  and Brown admit that Giselle Passchier began working at SW Cayman in June 2013,

1   but deny that her title was Assistant Controller and aver that her title was Financial

2   Controller.  Defendant Barnes lacks knowledge or information sufficient to form a

3   belief as to the truth of the allegations in paragraph 30, which pertain to matters and

4   events after he left Silver Wheaton, and on that basis, denies them.  Except as

5   expressly admitted herein, Defendants deny each and every other allegation in

6   paragraph 30.

7       31.    Defendants admit that corporations that are resident in Canada are

8   subject to taxation under the Income Tax Act.  Except as explicitly admitted herein,

9   Defendants deny each and every other allegation in paragraph 31.[1]

10      32.    The allegations in paragraph 32 consist of assumptions, legal

11  conclusions, and broad generalizations regarding "Canadian tax law" and "Canadian

12  tax treatment."  Defendants deny that Plaintiffs' assumptions, broad generalizations

13  and conclusions accurately summarize "Canadian tax law" and/or "Canadian tax

14  treatment" and thus deny the allegations in paragraph 32.[2]

15      33.    Defendants lack knowledge or information sufficient to form a belief as

16  to the truth of Plaintiffs' allegations regarding the motivations and actions of the

17  Canadian government and hypothetical third parties, and on that basis, deny the

18  allegations in paragraph 33.

19      34.    Defendants admit that the Income Tax Act contains provisions that

20  address transfer pricing.  Defendants deny that Plaintiffs' assumptions,

21  generalizations, and conclusions accurately characterize the transfer pricing

22  provisions of the Income Tax Act and/or the enactment of such provisions or

23  provide full context.  Except as explicitly admitted herein, Defendants deny each

24  and every other allegation in paragraph 34.

25

26  _____

27  [1] In response to footnotes 1 and 2 of the Complaint, Defendants incorporate by reference their response to paragraph 31.

28  [2] In response to footnote 3 of the Complaint, Defendants incorporate by reference their response to paragraph 32.

35.     Defendants deny that the Income Tax Act defines the term "Property" in the manner set forth in paragraph 35.  Defendants deny that Plaintiffs' broad generalizations in paragraph 35 accurately summarize Canadian tax law and/or tax treatment, and thus deny the allegations in paragraph 35.[3]

36.     Defendants state that the allegations in paragraph 36 consist of speculation, generalizations, and assumptions regarding the motivations and actions of unidentified hypothetical parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding the motivations and actions of hypothetical parties, and on that basis, deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants state that, to the extent that the allegations in paragraph 39 contain legal conclusions and purport to characterize unspecified provisions purportedly adopted by "most developed nations," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unspecified provisions and unspecified nations, and on that basis, deny them. Defendants admit that the Organisation for Economic Cooperation and Development has issued transfer pricing guidelines, which guidelines periodically have been amended.  Defendants admit that OECD transfer pricing guidelines discuss an "arm's length principle."  Defendants lack knowledge or information sufficient to form a belief as to whether all OECD members apply the arm's length principle as articulated in OECD transfer pricing guidelines, and on that basis, deny the allegation. Defendants deny that there is a uniform "international standard to be applied when determining transfer prices for tax purposes."  Defendants deny that the OECD transfer pricing guidelines constitute law and/or are binding on Canadian

_____

[3] In response to footnote 4 of the Complaint, Defendants incorporate by reference their response to paragraph 35.

corporations.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 39.[4]

40.     Defendant Silver Wheaton admits that paragraph 40 purports to quote from the 2001 edition of the OECD transfer pricing guidelines.  Defendant Silver Wheaton denies that the excerpted text represents a uniform international standard to be applied when determining transfer prices for tax purposes and/or that it constitutes Canadian law and/or is binding on Canadian corporations.  Defendants Smallwood, Brown, and Barnes lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis, deny them.[5]

41.     Defendants admit that Section 247 of the Income Tax Act addresses transfer pricing.  Defendant Silver Wheaton denies that Section 247 of the Income Tax Act was in effect in 1988 and avers that the applicable transfer pricing provisions of the Income Tax Act in 1988 were found principally in Section 69, and were repealed in 1998 and replaced by Section 247.  Defendants Smallwood, Brown, and Barnes lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the effective date of Section 247 of the Income Tax Act, and on that basis, deny them.

42.     The allegations in paragraph 42 contain Plaintiffs' legal conclusions and characterizations of the transfer pricing provisions of the Income Tax Act.  Defendants deny that Plaintiffs' legal conclusions and characterizations are accurate or provide full context.

43.     Defendants admit that Sections 247 and 251 of the Income Tax Act address the concept of "arm's length."  Defendants' deny Plaintiffs' characterizations of Sections 247 and 251 and further deny that the allegations in

---

[4] In response to footnote 5 of the Complaint, Defendants incorporate by reference their response to paragraph 39.

[5] In response to footnote 6 of the Complaint, Defendants incorporate by reference their response to paragraph 40.

paragraph 43 accurately reflect the complex and fact-specific nature of the application and interpretation of these statutory provisions.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 43.[6]

44.     Defendants admit that Section 251 of the Income Tax Act includes a definition of "related persons."  Defendants deny that Plaintiffs' generalized assertions, legal conclusions and characterization of Section 251 are complete, accurate, or provide full context.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 44.[7]

45.     The allegations in paragraph 45 contain Plaintiffs' legal conclusions and characterizations of subsection 247(2) of the Income Tax Act.  Defendants deny that subsection 247(2) is the "main charging provision" in the transfer pricing statutory provisions.  Defendants deny that Plaintiffs' legal conclusions and characterization of subsection 247(2) accurately reflect the complex and fact-

---

[6] In response to footnote 7 of the Complaint, Defendants incorporate by reference their response to paragraph 43.

[7] In response to footnotes 8, 9, and 10 of the Complaint, Defendants incorporate by reference their response to paragraph 44.  Defendant Silver Wheaton admits that footnote 8 purports to quote from Information Bulletin IT-419R2.  Defendant Silver Wheaton denies that Information Bulletin IT-419R2 is still an active income tax interpretation bulletin and avers that it was cancelled and replaced in 2014.  Defendant Silver Wheaton denies that Information Bulletin IT-419R2 summarizes applicable jurisprudence from either the Period or the Class Period, given that Plaintiffs allege that the bulletin was issued in 2004 and thus does not include jurisprudence from the Period and/or the Class Period.  Defendants Smallwood, Brown, and Barnes lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 8, and on that basis, deny them.

To the extent that the allegations in footnote 10 purport to summarize or characterize Section 251 of the Income Tax Act, Defendants deny that the allegations in paragraph 44 accurately reflect the complex and fact-specific nature of the application and interpretation of the statutory provisions.  Except as explicitly admitted in paragraph 44 and herein, Defendants deny the allegations contained in footnotes 8, 9, and 10.

1    specific nature of the application and interpretation of the transfer pricing provisions

2    of the Income Tax Act.[8]

3          46.    The allegations in paragraph 46 contain Plaintiffs' legal conclusions,

4    generalized assertions, and characterizations of the transfer pricing provisions of the

5    Income Tax Act.  Defendants deny that the allegations in paragraph 46 accurately

6    reflect the complex and fact-specific nature of the application and interpretation of

7    the transfer pricing provisions of the Income Tax Act.

8          47.    Defendants admit that the Canada Revenue Agency ("CRA") has the

9    authority, under certain circumstances, to recalculate and/or reassess the income tax

10   payable by a taxpayer, subject to the taxpayer's statutory rights to object to and

11   appeal from such reassessment(s).  Defendants admit that, under certain

12   circumstances, the CRA may also assess penalties, subject to the taxpayer's

13   statutory rights to object to and appeal from such assessment(s).  To the extent that

14   the allegations in paragraph 47 contain legal conclusions, generalizations, and

15   assumptions regarding the transfer pricing provisions of the Income Tax Act,

16   Defendants deny that the allegations in paragraph 47 accurately reflect the complex

17   and fact-specific nature of the application and interpretation of the transfer pricing

18   provisions.  Except as explicitly admitted herein, Defendants deny each and every

19   other allegation in paragraph 47.[9]

20         48.    Defendants admit that the Income Tax Act addresses potential taxpayer

21   liability for penalties.  To the extent that the allegations in paragraph 48 contain

22   Plaintiffs' legal conclusions and purport to characterize Section 247(3) of the

23   Income Tax Act, Defendants deny that the allegations in paragraph 48 accurately

24   reflect the complex and fact-specific nature of the application and interpretation of

25

26   _____

27      [8] In response to footnote 11 of the Complaint, Defendants incorporate by
     reference their response to paragraph 45.

28      [9] In response to footnotes 12 and 13 of the Complaint, Defendants incorporate
     by reference their response to paragraph 47.

1  the transfer pricing provisions of the Income Tax Act.  Except as explicitly admitted

2  herein, Defendants deny each and every other allegation in paragraph 48.[10]

3      49.    Defendants admit that the Income Tax Act addresses potential taxpayer

4  liability for penalties.  To the extent that the allegations in paragraph 49 contain

5  Plaintiffs' legal conclusions, generalizations, and characterizations of Section 247 of

6  the Income Tax Act, Defendants deny that the allegations in paragraph 49 accurately

7  reflect the complex and fact-specific nature of the application and interpretation of

8  the transfer pricing provisions.  Except as explicitly admitted herein, Defendants

9  deny each and every other allegation in paragraph 49.[11]

10     50.    To the extent that the allegations in paragraph 50 purport to summarize

11  or characterize Information Circular 87-2R, Defendants deny that Plaintiffs'

12  allegations are complete or provide full context.  Defendants admit that Section

13  247(4) of the Income Tax Act addresses contemporaneous documentation.  To the

14  extent that the allegations in paragraph 50 contain Plaintiffs' legal conclusions,

15  generalizations, and characterizations of Section 247(4) of the Income Tax Act,

16  Defendants deny that the allegations in paragraph 50 accurately reflect the complex

17  and fact-specific nature of the application and interpretation of the transfer pricing

18  provisions.  Except as explicitly admitted herein, Defendants deny each and every

19  other allegation in paragraph 50.[12]

20     51.    Defendants admit that Section 247(4) of the Income Tax Act addresses

21  what is referred to colloquially as "contemporaneous documentation."  To the extent

22  that the allegations in paragraph 51 contain Plaintiffs' legal conclusions and

23  characterizations of Section 247(4) of the Income Tax Act, Defendants deny that the

24

25  _____

    [10] In response to footnote 14 of the Complaint, Defendants incorporate by
26  reference their response to paragraph 48.

27  [11] In response to footnote 15 of the Complaint, Defendants incorporate by
    reference their response to paragraph 49.

28  [12] In response to footnotes 16, 17 and 18 of the Complaint, Defendants
    incorporate by reference their response to paragraph 50.

1  allegations in paragraph 51 accurately reflect the complex and fact-specific nature of

2  the application and interpretation of the transfer pricing provisions of the Income

3  Tax Act.  Except as expressly admitted herein, Defendants deny each and every

4  other allegation in paragraph 51.

5       52.    Defendants admit that the transfer pricing provisions of the Income Tax

6  Act address, among other things, transactions between Canadian taxpayers and non-

7  arm's length non-residents.  To the extent that the allegations in paragraph 52

8  contain Plaintiffs' legal conclusions and characterizations of the transfer pricing

9  provisions of the Income Tax Act, Defendants deny that the allegations in paragraph

10  52 accurately reflect the complex and fact-specific nature of the application and

11  interpretation of the transfer pricing provisions.  Defendants deny that the Income

12  Tax Act defines the term "Property" in the manner set forth in paragraph 35.  Except

13  as expressly admitted herein, Defendants deny each and every other allegation in

14  paragraph 52.

15       53.    Defendants deny the allegations in paragraph 53.

16       54.    Defendants admit that the CRA issued Information Circular 87-2R in

17  September 1999.  Except as explicitly admitted herein, Defendants deny each and

18  every other allegation in paragraph 54.[13]

19       55.    To the extent that the allegations in paragraph 55 purport to summarize

20  and/or characterize Information Circular 87-2R, Defendants deny that Plaintiffs'

21  generalizations are complete or provide full context.  Defendants admit that

22  Plaintiffs purport to quote from portions of Section 247 of the Income Tax Act, but

23  deny that the quoted excerpts are complete or provide full context.  To the extent

24  that the allegations in paragraph 55 purport to characterize Section 247 of the

25  Income Tax Act, Defendants deny that the allegations in paragraph 55 accurately

26  reflect the complex and fact-specific nature of the application and interpretation of

27

28      [13] In response to footnote 19 of the Complaint, Defendants incorporate by
reference their response to paragraph 54.

the transfer pricing provisions of the Income Tax Act.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 55.

56.    To the extent that the allegations in paragraph 56 purport to summarize and/or characterize Information Circular 87-2 or the OECD transfer pricing guidelines, Defendants deny that Plaintiffs' allegations are accurate, complete or provide full context.  Defendants admit that Plaintiffs purport to quote from the OECD transfer pricing guidelines, but deny that the quoted excerpts are complete or provide full context.  Defendants deny that Information Circular 87-2E or the OECD transfer pricing guidelines constitute law and/or are binding on Canadian corporations.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 56.[14]

57.    Defendants Silver Wheaton, Smallwood, and Barnes admit, and Defendant Brown admits as to the period June 2008 through December 31, 2010, as follows:  at various points in time, Silver Wheaton performed or contracted other service providers, such as providers of engineering, exploration, financial advisory, geological, investment banking, legal and technical services, to perform certain services for SW Cayman, including the identification of opportunities for certain streaming contracts, evaluation and valuation of mineral deposits, preliminary negotiation of certain streaming contracts, and legal services.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding such vague and undefined terms as "know-how," "intellectual property," and "back-office functions," and on that basis, deny such allegations. Defendants deny that the Income Tax Act defines the term "Property" in the manner set forth in paragraph 35.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 57.[15]

_____

[14] In response to footnotes 20-23 of the Complaint, Defendants incorporate by reference their response to paragraph 56.

[15] In response to footnote 24 of the Complaint, Defendants incorporate by reference their response to paragraph 57.  Defendants admit that, following the

58.     Defendants admit that Silver Wheaton's Annual Information Form for fiscal year ended December 31, 2007 states "[c]urrently, the Corporation has 18 employees." Defendants admit that Silver Wheaton's Annual Information Form for fiscal year ended December 31, 2010 states "[c]urrently, the Company and its subsidiaries have an aggregate of 24 employees." Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 58.[16]

59.     Defendants admit that Silver Wheaton performed or contracted with others to perform services in respect of the negotiation of certain precious metal purchase agreements. Defendants admit that, in addition to approval by the board of directors of SW Cayman, the principal terms of the transactions that culminated in a precious metal purchase agreement also were approved by the board of directors of Silver Wheaton. Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' meaning with respect to the term "senior officers," but admit that neither the Chief Executive Officer nor the Chief Financial Officer of Silver Wheaton was based in the Cayman Islands. Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 60.

---

acquisition of Silverstone Resources Corp. in May 2009, Silver Wheaton's past subsidiaries included Silverstone Resources (Barbados) Corp., which was wholly owned by SW Cayman. Defendants Silver Wheaton, Smallwood, and Brown deny that Silverstone Resources (Barbados) Corp. continued to be a subsidiary after December 31, 2012. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Plaintiffs' decisions regarding what to address in the Complaint, and on that basis, deny them.

[16] In response to footnote 25 of the Complaint, Defendants incorporate by reference their response to paragraph 58. Defendants admit that Canadian Annual Information Forms contain information that is similar to certain of the information contained in annual reports filed with the SEC on Form 10-K. Defendants admit that Annual Information Forms in Canada do not include audited financial statements and that the financial statements are filed separately. Defendants deny that the description contained in footnote 25 reflects a complete summary of the similarities and differences between Annual Information Forms and SEC Forms 10-K.

1    61.    Defendants deny the allegations in paragraph 61.

2    62.    Defendants deny that Nik Tatarkin "was presented externally" as the

3    Executive Director of SW Cayman "throughout the Period, with the exception of 10

4    months in the treasury department of Silver Wheaton." Defendants lack knowledge

5    or information sufficient to form a belief as to the truth of the allegations in

6    paragraph 62 regarding the referenced personal "LinkedIn profile of Nik Tatarkin,"

7    and on that basis, deny them. Defendants deny that Plaintiffs' characterization of

8    Mr. Tatarkin's experience is either complete or accurate.[17]

9    63.    Defendants admit that Nik Tatarkin visited mines and clients with

10   Silver Wheaton employees. Defendants admit that Mr. Smallwood signed certain of

11   SW Cayman's precious metal purchase agreements on behalf of Silver Wheaton as a

12   guarantor. Defendants deny that FE1 had any role or involvement in the negotiation

13   or preparation of contracts for SW Cayman. Except as explicitly admitted herein,

14   Defendants deny each and every other allegation in paragraph 63.

15   64.    Defendants admit that FE1 reported to Brad Carpenter. Defendants

16   admit that Brad Carpenter reported to Nik Tatarkin. Defendants admit that, in his

17   past positions as Executive Director and subsequently, President, of SW Cayman,

18   Nik Tatarkin reported to the board of directors of SW Cayman. Except as explicitly

19   admitted herein, Defendants deny each and every other allegation in paragraph 64.

20   65.    Defendants deny the allegations in paragraph 65.

21   66.    Defendants admit that the consolidated financial reporting and

22   consolidated accounting functions for the Silver Wheaton group are performed by

23   finance personnel at Silver Wheaton, the corporate parent of the Silver Wheaton

24   group. Defendants deny that FE1's description of the finance personnel in Canada

25   and their roles is accurate. Defendants deny that FE1 had any involvement in, or

26   personal knowledge of, the consolidated financial reporting or consolidated

27

28   _____
[17] In response to footnote 26 of the Complaint, Defendants incorporate by
reference their response to paragraph 62.

DEFENDANTS' ANSWER TO CONSOLIDATED
AMENDED COMPLAINT                          -17-
Master File No. 2:15-cv-05146-CAS(JEMx)

1  accounting for Silver Wheaton.  Except as explicitly admitted herein, Defendants

2  deny each and every other allegation in paragraph 66.

3        67.     Defendants deny the allegations in paragraph 67.

4        68.     Defendants deny the allegations in paragraph 68.

5        69.     Defendants state that the allegations in the first sentence of paragraph

6  69 are unintelligible and on that basis, deny them.  Defendants Silver Wheaton,

7  Smallwood, and Brown deny that the CRA visited SW Cayman in May 2011.

8  Defendants Silver Wheaton, Smallwood, and Brown admit that Bettina Charpentier,

9  Vice President, Tax of Silver Wheaton, visited SW Cayman in connection with the

10  CRA's tax audit of Silver Wheaton and related visit to Silver Wheaton's wholly

11  owned subsidiary in May 2012.  Defendants Silver Wheaton, Smallwood, and

12  Brown admit that Ms. Charpentier participated in discussions with the CRA during

13  the CRA's visit to SW Cayman.  Defendant Barnes lacks knowledge or information

14  sufficient to form a belief as to the truth of the allegations in paragraph 69, which

15  pertain to matters and events after he left Silver Wheaton, and on that basis, denies

16  them.  Except as explicitly admitted herein, Defendants deny each and every other

17  allegation in paragraph 69.

18        70.     To the extent that the allegations in paragraph 70 purport to

19  characterize Silver Wheaton's 2006 annual report, Defendants Silver Wheaton,

20  Smallwood, and Barnes deny that Plaintiffs' selective characterizations are accurate,

21  complete, or provide full context.  The contents of the 2006 annual report are a

22  matter of public record, and Defendants Silver Wheaton, Smallwood, and Barnes

23  refer the Court and Plaintiffs to the 2006 annual report for its complete and accurate

24  contents.  Except as explicitly admitted herein, Defendants Silver Wheaton,

25  Smallwood, and Barnes deny each and every other allegation in paragraph 70.

26  Defendant Brown lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations regarding the 2006 annual report, which pertain to

28

1   matters that occurred prior to his tenure at Silver Wheaton, and on that basis, denies

2   them.

3       71.     Defendants admit that Silver Wheaton provided or contracted others to

4   provide certain corporate development services to SW Cayman in connection with

5   certain of the precious metal purchase agreements to which SW Cayman was a

6   party.  Defendants deny that Silver Wheaton provided corporate development

7   services to SW Cayman without consideration.  Except as explicitly admitted herein,

8   Defendants deny each and every other allegation in paragraph 71.

9       72.     Defendants deny the allegations in paragraph 72.

10      73.     Defendants deny the allegations in paragraph 73.

11      74.     Defendants deny the allegations in paragraph 74.

12      75.     Defendant Silver Wheaton admits that, in the ordinary course of

13  business, wire transfers of varying amounts from SW Cayman to Silver Wheaton's

14  corporate bank account were made.  Defendant Silver Wheaton denies Plaintiffs'

15  descriptions and characterizations of the wire transfers and denies each and every

16  other allegation in paragraph 75.  Defendants Smallwood, Brown, and Barnes lack

17  knowledge or information regarding the purported activities of FE1 and thus lack

18  knowledge or information sufficient to form a belief as to the truth of the allegations

19  in paragraph 75, and on that basis, deny them.

20      76.     Defendant Silver Wheaton denies the allegations in paragraph 76.

21  Defendants Smallwood, Brown, and Barnes lack knowledge or information

22  regarding the purported activities of FE1 and thus lack knowledge or information

23  sufficient to form a belief as to the truth of the allegations in paragraph 76, and on

24  that basis, deny them.

25      77.     Defendant Silver Wheaton admits that FE1 performed certain limited

26  bookkeeping tasks at SW Cayman, including the recording of certain transfers.

27  Except as explicitly admitted herein, Defendant Silver Wheaton denies each and

28  every other allegation in paragraph 77.  Defendants Smallwood, Brown, and Barnes

1  lack knowledge or information regarding the purported activities of FE1 and thus
2  lack knowledge or information sufficient to form a belief as to the truth of the
3  allegations in paragraph 77, and on that basis, deny them.

4          78.    Defendant Silver Wheaton lacks knowledge or information regarding
5  the purported thoughts of FE1 and thus lacks knowledge or information sufficient to
6  form a belief as to the truth of such allegations.  Defendant Silver Wheaton denies
7  each and every other allegation in paragraph 78.  Defendants Smallwood, Brown,
8  and Barnes lack knowledge or information regarding the purported activities and/or
9  thoughts of FE1 and thus lack knowledge or information sufficient to form a belief
10  as to the truth of the allegations in paragraph 78, and on that basis, deny them.

11          79.    Defendants lack knowledge or information sufficient to form a belief as
12  to the truth of the vague allegations in paragraph 79 regarding statements
13  purportedly made, or information purportedly provided, by FE1 to Plaintiffs'
14  representatives, and on that basis, deny them.

15          80.    Defendants lack knowledge or information sufficient to form a belief as
16  to the truth of the vague allegations in paragraph 80 regarding statements
17  purportedly made by FE1 to Plaintiffs' representatives and/or FE1's understanding,
18  and on that basis, deny them.

19          81.    Defendants deny the allegations in paragraph 81.

20          82.    Defendants lack knowledge or information sufficient to form a belief as
21  to the truth of the allegations regarding statements purportedly made by FE1 to
22  Plaintiffs' representatives and/or FE1's thoughts, and on that basis, deny them.

23          83.    Defendants lack knowledge or information sufficient to form a belief as
24  to the truth of the allegations regarding statements purportedly made, or information
25  purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny
26  them.  Defendants deny each and every other allegation in paragraph 83.

27
28

84.     Defendants admit that cash was loaned or repaid by SW Cayman to the parent corporation in the ordinary course of business.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made, or information purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny them.  Defendants deny each and every other allegation in paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made, or information purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny them.  Defendants deny each and every other allegation in paragraph 86.

87.     Defendants admit that SW Cayman was funded primarily by equity and debt from its sole shareholder.  Defendants admit that Silver Wheaton raised funds for investment in SW Cayman through a combination of share offerings and credit agreements with banks.  Defendants deny that all capital funding for SW Cayman's precious metal purchase agreements was provided or facilitated by Silver Wheaton and aver that SW Cayman used funds invested by its shareholder along with cash generated from its operations to make upfront and other payments for precious metal purchase agreements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made, or information purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 87.

88.     Defendants admit that Silver Wheaton guaranteed certain obligations of SW Cayman, including certain obligations in the Silver Purchase Agreement referenced in paragraph 88, which agreement speaks for itself.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 regarding Nik Tatarkin's personal LinkedIn resume, and on that basis, deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made, or information purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny them.  Defendants deny each and every other allegation in paragraph 89.

90.     Defendants admit that the website of Silver Wheaton, www.silverwheaton.com, lists the address of SW Cayman under the heading "Cayman Islands Office."  Defendants deny that the Silver Wheaton website contained such a description throughout the period from 2005 through 2010. Defendants admit that Silver Wheaton's annual reports for fiscal years 2005 through 2010 reported the financial statements of the Silver Wheaton companies on a consolidated basis, which included consolidated statements of operations.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported willingness of unspecified third parties to enter into contractual relationships, and on that basis, deny them. Defendants deny each and every other allegation in paragraph 91.

92.     Defendants deny that the application of the transfer pricing provisions of the Income Tax Act is well-established.  Defendants admit that Canadian corporations are required to file a T106 form to report information relating to transactions with non-arm's length non-resident persons.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 92.

93.     The allegations in paragraph 93 contain Plaintiffs' legal conclusions and characterizations of Section 247 of the Income Tax Act and the unspecified "published administrative policies of the CRA."  Defendants lack knowledge or

1   information sufficient to form a belief as to the truth of the allegations regarding the

2   unspecified "published administrative policies of the CRA," and on that basis, deny

3   them.  Defendants deny that the allegations in paragraph 93 accurately reflect the

4   complex and fact-specific nature of the application and interpretation of the transfer

5   pricing provisions of the Income Tax Act.  Defendants deny each and every other

6   allegation in paragraph 93.

7         94.     The allegations in paragraph 94 contain Plaintiffs' legal conclusions

8   and characterizations of the transfer pricing provisions of the Income Tax Act.

9   Defendants deny that the allegations in paragraph 94 accurately reflect the complex

10   and fact-specific nature of the application and interpretation of the transfer pricing

11   provisions of the Income Tax Act.  Defendants deny each and every other allegation

12   in paragraph 94.

13         95.     Defendants admit that Silver Wheaton provided or contracted others to

14   provide certain services to SW Cayman, including, but not limited to, the

15   identification of opportunities for streaming contracts, evaluation and valuation of

16   mineral deposits, preliminary negotiation of streaming contracts, and legal services

17   relating to contracts entered into by SW Cayman.  Defendants admit that, for the

18   period 2005 through 2010, SW Cayman paid fees to SW Canada for such services

19   totaling in excess of Cdn$33 million, which amount was based on transfer pricing

20   studies and advice rendered by PricewaterhouseCoopers ("PwC").  To the extent

21   that the allegations in paragraph 95 contain Plaintiffs' legal conclusions and

22   characterizations of the transfer pricing provisions of the Income Tax Act,

23   Defendants deny that Plaintiffs' conclusions and characterizations accurately reflect

24   the complex and fact-specific nature of the application and interpretation of the

25   transfer pricing provisions.  Defendants deny that the Income Tax Act defines the

26   term "Property" in the manner set forth in paragraph 35.  Except as explicitly

27   admitted herein, Defendants deny each and every other allegation in paragraph 95.

28         96.     Defendants deny the allegations in paragraph 96.

97.     Defendants Silver Wheaton, Smallwood, and Barnes admit that the allegations in paragraph 97 purport to quote from the 2006 annual report. Defendants Silver Wheaton, Smallwood, and Barnes deny that Plaintiffs' selective quotations and characterizations of the 2006 annual report are complete, accurate, or provide full context and deny Plaintiffs' characterizations of the report.  The contents of the 2006 annual report are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Barnes refer the Court and Plaintiffs to the 2006 annual report for its complete and accurate contents.  Defendant Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the 2006 annual report, which pertain to matters that occurred prior to his tenure at Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 97.

98.     Defendants Smallwood, Brown, and Barnes lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the decision in 2004 to incorporate SW Cayman in the Cayman Islands, and on that basis, deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made, or information purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny them.  Defendants deny each and every other allegation in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.   To the extent the allegations in paragraph 100 purport to characterize Silver Wheaton's annual reports and annual information forms, Defendants deny Plaintiffs' allegations.  The contents of Silver Wheaton's annual reports and annual information forms are a matter of public record, and Defendants refer the Court and Plaintiffs to the annual reports and annual information forms for their complete and accurate contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the vague allegations regarding unspecified "legislative

1    developments or changes," and on that basis, deny them.  Defendants deny each and

2    every other allegation in paragraph 100.

3           101.   To the extent the allegations in paragraph 101 contain unsupported

4    conclusions and assumptions regarding the purported awareness of "[a]ll Canadian

5    companies," Defendants lack knowledge or information sufficient to form a belief as

6    to the truth of the allegations regarding the purported awareness of "[a]ll Canadian

7    companies," and on that basis, deny them.  Defendants deny that the BEPS initiative

8    commenced in 2010, and on that basis, deny each and every other allegation in

9    paragraph 101.

10          102.   Defendants deny the allegations in paragraph 102.

11          103.   Defendants deny the allegations in paragraph 103.

12          104.   Defendants deny the allegations in paragraph 104.

13          105.   The allegations in paragraph 105 contain Plaintiffs' legal conclusions

14   and characterization of the transfer pricing provisions of the Income Tax Act.

15   Defendants deny that the Income Tax Act defines the term "Property" in the manner

16   set forth in paragraph 35.  Defendants deny that the allegations in paragraph 105

17   accurately reflect the complex and fact-specific nature of the application and

18   interpretation of the transfer pricing provisions of the Income Tax Act.  Defendants

19   deny each and every other allegation in paragraph 105.

20          106.   Defendants deny that the list in paragraph 106 accurately describes the

21   services provided by Silver Wheaton to SW Cayman.  Defendants deny that Silver

22   Wheaton received no consideration for the services it provided to SW Cayman and

23   aver that, for the period 2005 through 2010, SW Cayman paid fees to SW Canada

24   for such services totaling in excess of Cdn$33 million, which amount was based on

25   transfer pricing studies and advice rendered by PwC.  Defendants deny that the

26   Income Tax Act defines the term "Property" in the manner set forth in paragraph 35.

27   Defendants deny each and every other allegation in paragraph 106.

28

1      107.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

2  Company issued a press release on July 6, 2015.  Defendants Silver Wheaton,

3  Smallwood, and Brown deny that Plaintiffs' selective characterizations of the July 6,

4  2015 press release are complete, accurate, or provide full context and deny

5  Plaintiffs' characterizations of the press release.  The contents of the July 6, 2015

6  press release are a matter of public record, and Defendants Silver Wheaton,

7  Smallwood, and Brown refer the Court and Plaintiffs to the July 6, 2015 press

8  release for its complete and accurate contents.  Defendant Barnes lacks knowledge

9  or information sufficient to form a belief as to the truth of the allegations in

10  paragraph 107, which pertain to matters and events after he left Silver Wheaton, and

11  on that basis, denies them.  Except as explicitly admitted herein, Defendants deny

12  each and every other allegation in paragraph 107.

13      108.   Defendants admit that the CRA's general corporation income tax form

14  addresses non-arm's length transactions with a non-resident.  Defendants admit that

15  CRA Form T106 pertains to non-arm's length transactions with a non-resident.

16  Defendants admit that Silver Wheaton filed T106 Forms.  Except as explicitly

17  admitted herein, Defendants deny each and every other allegation in paragraph 108.

18      109.   Defendants admit that Section 233.1 of the Income Tax Act includes

19  definitions of "reporting person" and "reportable transaction."  To the extent that the

20  allegations in paragraph 109 contain Plaintiffs' generalizations, legal conclusions,

21  and characterizations of subsection 233.1 of the Income Tax Act, Defendants deny

22  that Plaintiffs' allegations are complete or provide full context.  Except as explicitly

23  admitted herein, Defendants deny each and every other allegation in paragraph

24  109.[18]

25      110.   The allegations in paragraph 110 contain Plaintiffs' legal conclusions

26  and characterizations of Canadian tax form T106.  Defendants deny that Plaintiffs'

27

28    [18] In response to footnote 27 of the Complaint, Defendants incorporate by
reference their response to paragraph 109.

DEFENDANTS' ANSWER TO CONSOLIDATED
AMENDED COMPLAINT        -26-
Master File No. 2:15-cv-05146-CAS(JEMx)

conclusions and characterizations of the T106 tax form are complete or provide full context.  Defendants deny that the Income Tax Act defines the term "Property" in the manner set forth in paragraph 35.

111.   Defendants admit the allegations in paragraph 111.

112.   Defendants admit that the allegations in paragraph 112 purport to quote from, and characterize, the CRA Audit Manual.  Defendants deny that the excerpted text and characterizations are complete or provide full context.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 112.[19]

113.   Defendants deny the allegations in paragraph 113.

114.   Defendants deny that the allegations in the first sentence of paragraph 114 accurately and completely describe Canadian tax law and the applicable legal standards or provide full context.  Defendants deny the allegations in the second sentence of paragraph 114.[20]

115.   Defendants deny the allegations in paragraph 115.

116.   Defendants deny the allegations in paragraph 116.

117.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and on that basis, deny them.

118.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and on that basis, deny them.

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants deny the allegations in paragraph 120.

---

[19] In response to footnote 28 of the Complaint, Defendants incorporate by reference their response to paragraph 112.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purportedly "widely" held beliefs of unidentified persons, and on that basis, deny the allegations in footnote 28.

[20] In response to footnote 29 of the Complaint, Defendants incorporate by reference their response to paragraph 114.

121.   Defendants admit that generally accepted accounting principles are referred to as "GAAP."  Except as explicitly admitted to herein, Defendants deny each and every other allegation in paragraph 121.

122.   Defendants admit that U.S. GAAP is commonly used by public companies in the United States in connection with the preparation of certain corporate financial statements.  Defendants deny Plaintiffs' broad generalizations and assumptions regarding U.S. GAAP and/or Canadian GAAP and "companies in the United States and Canada."  Except as explicitly admitted to herein, Defendants deny each and every other allegation in paragraph 122.

123.   Defendants deny that foreign issuers such as Silver Wheaton must include financial statements prepared in accordance with U.S. GAAP in their annual and quarterly reports filed with the SEC.

124.   Defendants admit that paragraph 124 quotes a portion of SEC Rule 4-01(a) of Regulation S-X, 17 C.F.R. § 210.4-01(a)(1), but deny that the excerpted quote reflects the full content of SEC Rule 4-01(a).

125.   Defendants admit that Silver Wheaton's consolidated financial statements for fiscal years ended December 31, 2005 through December 31, 2010 were prepared in accordance with Canadian generally accepted accounting principles ("Canadian GAAP").

126.   Defendants admit that, during the Class Period, if a corporate issuer's annual financial statements were not prepared in accordance with U.S. GAAP or International Financial Reporting Standards ("IFRS"), U.S. GAAP reconciliation information was required to be provided.  Defendants deny that all of Silver Wheaton's financial statements during the Class Period were prepared under Canadian GAAP.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 126.

127.   Defendants state that the allegations in the first sentence of paragraph 127 are unintelligible, and on that basis, are denied.  Defendants Silver Wheaton,

1   Smallwood, and Brown admit that, for fiscal years ended December 31, 2011

2   through 2014, Silver Wheaton prepared its consolidated financial statements in

3   accordance with International Financial Reporting Standards.  Defendant Barnes

4   lacks knowledge or information sufficient to form a belief as to the truth of the

5   allegations in paragraph 127, which pertain to matters and events after he left Silver

6   Wheaton, and on that basis, denies them.  Except as explicitly admitted herein,

7   Defendants deny each and every other allegation in paragraph 127.

8        128.   Defendants deny that U.S. GAAP, Canadian GAAP, and IFRS apply

9   identical standards and deny Plaintiffs' characterizations and generalizations in

10   paragraph 128 regarding the application of such standards.

11        129.   Defendants admit that the 2010 annual report states that Silver

12   Wheaton adopted ASC 740, which addresses the accounting for uncertainty in

13   income taxes, effective January 1, 2007.  To the extent that the allegations in

14   paragraph 129 purport to characterize U.S. and Canadian GAAP requirements,

15   Defendants deny that Plaintiffs' generalizations and characterizations accurately

16   reflect the complex and fact-specific nature of the application and interpretation of

17   such requirements.  Except as explicitly admitted herein, Defendants deny each and

18   every other allegation in paragraph 129.

19        130.   Defendants deny the allegations in paragraph 130.

20        131.   To the extent that the allegations in paragraph 131 purport to compare

21   various accounting standards, Defendants deny that IFRS, IAS 37, IAS 12, and ASC

22   740 are "quite similar" and deny that Plaintiffs' generalizations and

23   characterizations accurately reflect the complex and fact-specific nature of the

24   application and interpretation of such requirements.  Defendants deny that "IFRS

25   12" addresses income taxes.  Defendants deny each and every other allegation in

26   paragraph 131.

27        132.   Defendants deny the allegations in paragraph 132.

28        133.   Defendants deny the allegations in paragraph 133.

1    134.   Defendants deny the allegations in paragraph 134.

2    135.   Defendants deny the allegations in paragraph 135.

3    136.   Defendants admit that the Company filed a Form 40-F for the fiscal

4  year ended December 31, 2010 with the SEC on March 30, 2011 ("2010 Form 40-

5  F"). Defendants admit that the 2010 Form 40-F included consolidated financial

6  statements for fiscal year ended December 31, 2010. Defendants admit that the

7  2010 Form 40-F was signed by Mr. Barnes. Defendants admit that the 2010 Form

8  40-F contained certifications pursuant to the Sarbanes-Oxley Act ("SOX") signed by

9  Messrs. Barnes and Brown. To the extent that Plaintiffs purport to characterize the

10  2010 Form 40-F, Defendants deny that Plaintiffs' characterization is complete or

11  provides full context. The contents of the 2010 Form 40-F are a matter of public

12  record, and Defendants refer the Court and Plaintiffs to the 2010 Form 40-F for its

13  complete and accurate contents. Except as explicitly admitted herein, Defendants

14  deny each and every other allegation in paragraph 136.

15    137.   Defendants admit that the allegations in paragraph 137 purport to quote

16  from Silver Wheaton's 2010 Form 40-F. Defendants admit that the excerpted

17  language appears in Silver Wheaton's 2010 Form 40-F, but deny that the quoted text

18  is complete or provides full context. The contents of the 2010 Form 40-F are a

19  matter of public record, and Defendants refer the Court and Plaintiffs to the 2010

20  Form 40-F for its complete and accurate contents. Except as explicitly admitted

21  herein, Defendants deny each and every other allegation in paragraph 137.

22    138.   Defendants admit that the allegations in paragraph 138 purport to quote

23  from Silver Wheaton's 2010 Form 40-F. Defendants admit that the excerpted

24  language appears in Silver Wheaton's 2010 Form 40-F, but deny that the quoted text

25  is complete or provides full context. The contents of the 2010 Form 40-F are a

26  matter of public record, and Defendants refer the Court and Plaintiffs to the 2010

27  Form 40-F for its complete and accurate contents. Except as explicitly admitted

28  herein, Defendants deny each and every other allegation in paragraph 138.

1       139.   Defendants admit that the 2010 Form 40-F included balance sheets for

2   fiscal years ended December 31, 2009 and December 31, 2010.

3       140.   Defendants deny the allegations in paragraph 140.

4       141.   Defendants deny the allegations in paragraph 141.

5       142.   Defendants deny the allegations in paragraph 142.

6       143.   Defendants Silver Wheaton, Smallwood, and Brown admit that

7   representatives of the CRA visited SW Cayman but deny that such visit occurred in

8   May 2011.  Defendants Silver Wheaton, Smallwood, and Brown admit that Bettina

9   Charpentier, Vice President, Tax of Silver Wheaton, visited SW Cayman in

10  connection with the CRA's tax audit of Silver Wheaton and related visit to Silver

11  Wheaton's wholly owned subsidiary in May 2012.  Defendant Barnes lacks

12  knowledge or information sufficient to form a belief as to the truth of the allegations

13  in paragraph 143, which pertain to matters and events after he left Silver Wheaton,

14  and on that basis, denies them.  Except as explicitly admitted herein, Defendants

15  deny each and every other allegation in paragraph 143.

16      144.   Defendants admit that they were aware of the CRA audit as of March

17  30, 2011.  To the extent that the allegations in paragraph 144 contain Plaintiffs'

18  legal conclusions and characterizations of subsection 247(4) of the Income Tax Act,

19  Defendants deny that Plaintiffs' generalizations are complete, accurate, or provide

20  full context.  Defendants Silver Wheaton, Smallwood, and Brown admit that

21  representatives of the CRA visited SW Cayman but deny that such visit occurred in

22  May 2011.  Defendant Barnes lacks knowledge or information sufficient to form a

23  belief as to the truth of the allegations in paragraph 144 that pertain to events after

24  he left Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted

25  herein, Defendants deny each and every other allegation in paragraph 144.

26      145.   Defendants Silver Wheaton, Smallwood, and Brown admit that Silver

27  Wheaton filed SEC Forms 6-K on May 9, 2011, August 8, 2011, and November 9,

28  2011.  Defendants Silver Wheaton, Smallwood, and Brown admit that the Forms 6-

K were signed by Mr. Smallwood.  Defendants Silver Wheaton, Smallwood, and Brown admit that the May 9, August 8, and November 9, 2011 Forms 6-K attached quarterly reports containing the interim consolidated financial statements for the periods ended March 31, June 30, and September 30, 2011 respectively.  Defendants Silver Wheaton, Smallwood, and Brown admit that the Forms 6-K contained signed certifications by Messrs. Smallwood and Brown.  Defendants admit that paragraph 145 purports to quote from the SEC Forms 6-K, but denies that the excerpted text is complete or provides full context.  The contents of the Forms 6-K are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the Forms 6-K for their complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 145.

146.   Defendants deny the allegations in paragraph 146.

147.   Defendants Silver Wheaton, Smallwood, and Brown admit that the Company filed a Form 40-F for the fiscal year ended December 31, 2011 with the SEC on March 27, 2012 ("2011 Form 40-F").  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2011 Form 40-F contained consolidated financial statements for fiscal year ended December 31, 2011.  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2011 Form 40-F was signed by Mr. Smallwood.  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2011 Form 40-F contained SOX certifications signed by Messrs. Smallwood and Brown.  To the extent that Plaintiffs purport to characterize the 2011 Form 40-F, Defendants Silver Wheaton, Smallwood, and Brown deny that Plaintiffs' characterization is complete or provides full context.  The contents of the 2011 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2011 Form 40-F for its complete and

accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them. Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 147.

148.   Defendants Silver Wheaton, Smallwood, and Brown admit that the excerpted language in paragraph 148 appears in Silver Wheaton's 2011 Form 40-F. The contents of the 2011 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2011 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 148.

149.   Defendants Silver Wheaton, Smallwood, and Brown admit that the allegations in paragraph 149 purport to quote from Silver Wheaton's 2011 Form 40-F.  Defendants Silver Wheaton, Smallwood, and Brown admit that the excerpted language appears in Silver Wheaton's 2011 Form 40-F, but deny that the quoted text is complete or provides full context.  The contents of the 2011 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2011 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 149.

150.   Defendants Silver Wheaton, Smallwood, and Brown admit that the 2011 Form 40-F contained consolidated balance sheets for fiscal years ended

1   December 31, 2011 and December 31, 2010.  Defendant Barnes lacks knowledge or
2   information sufficient to form a belief as to the truth of the allegations in paragraph
3   150, which pertain to matters and events after he left Silver Wheaton, and on that
4   basis, denies them.

5          151.   Defendants Silver Wheaton, Smallwood, and Brown deny the
6   allegations in paragraph 151.  Defendant Barnes lacks knowledge or information
7   sufficient to form a belief as to the truth of the allegations in paragraph 151, which
8   pertain to matters and events after he left Silver Wheaton, and on that basis, denies
9   them.

10         152.   Defendants Silver Wheaton, Smallwood, and Brown deny the
11  allegations in paragraph 152.  Defendant Barnes lacks knowledge or information
12  sufficient to form a belief as to the truth of the allegations in paragraph 152, which
13  pertain to matters and events after he left Silver Wheaton, and on that basis, denies
14  them.

15         153.   Defendants Silver Wheaton, Smallwood, and Brown deny the
16  allegations in paragraph 153.  Defendant Barnes lacks knowledge or information
17  sufficient to form a belief as to the truth of the allegations in paragraph 153, which
18  pertain to matters and events after he left Silver Wheaton, and on that basis, denies
19  them.

20         154.   Defendants Silver Wheaton, Smallwood, and Brown admit that the
21  Company filed a Form 40-F for the fiscal year ended December 31, 2012 with the
22  SEC on April 2, 2013 ("2012 Form 40-F").  Defendants Silver Wheaton,
23  Smallwood, and Brown admit that the 2012 Form 40-F contained consolidated
24  financial statements for fiscal year ended December 31, 2012.  Defendants Silver
25  Wheaton, Smallwood, and Brown admit that the 2012 Form 40-F was signed by Mr.
26  Smallwood.  Defendants Silver Wheaton, Smallwood, and Brown admit that the
27  2012 Form 40-F contained SOX certifications signed by Messrs. Smallwood and
28  Brown.  To the extent that Plaintiffs purport to characterize the 2012 Form 40-F,

1   Defendants Silver Wheaton, Smallwood, and Brown deny that Plaintiffs'

2   characterization is complete or provides full context.  The contents of the 2012 Form

3   40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and

4   Brown refer the Court and Plaintiffs to the 2012 Form 40-F for its complete and

5   accurate contents.  Defendant Barnes lacks knowledge or information sufficient to

6   form a belief as to the truth of the allegations in paragraph 154, which pertain to

7   matters and events after he left Silver Wheaton, and on that basis, denies them.

8   Except as explicitly admitted herein, Defendants deny each and every other

9   allegation in paragraph 154.

10          155.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

11   2012 Form 40-F stated that the Company's audited annual consolidated financial

12   statements for the fiscal year ended December 31, 2012, had been prepared in

13   accordance with International Financial Reporting Standards, as issued by the

14   International Accounting Standards Board.  The contents of the 2012 Form 40-F are

15   a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown

16   refer the Court and Plaintiffs to the 2012 Form 40-F for its complete and accurate

17   contents.  Defendant Barnes lacks knowledge or information sufficient to form a

18   belief as to the truth of the allegations in paragraph 155, which pertain to matters

19   and events after he left Silver Wheaton, and on that basis, denies them.

20          156.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

21   allegations in paragraph 156 purport to quote from Silver Wheaton's 2012 Form 40-

22   F.  Defendants Silver Wheaton, Smallwood, and Brown admit that the excerpted

23   language appears in Silver Wheaton's 2012 Form 40-F, but deny that the quoted text

24   is complete or provides full context.  The contents of the 2012 Form 40-F are a

25   matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown

26   refer the Court and Plaintiffs to the 2012 Form 40-F for its complete and accurate

27   contents.  Defendant Barnes lacks knowledge or information sufficient to form a

28   belief as to the truth of the allegations in paragraph 156, which pertain to matters

1   and events after he left Silver Wheaton, and on that basis, denies them.  Except as

2   explicitly admitted herein, Defendants deny each and every other allegation in

3   paragraph 156.

4        157.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

5   2012 Form 40-F contained balance sheets for fiscal years ended December 31, 2012

6   and December 31, 2011.  Defendant Barnes lacks knowledge or information

7   sufficient to form a belief as to the truth of the allegations in paragraph 157, which

8   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

9   them, and on that basis, denies them.

10        158.   Defendants Silver Wheaton, Smallwood, and Brown deny the

11   allegations in paragraph 158.  Defendant Barnes lacks knowledge or information

12   sufficient to form a belief as to the truth of the allegations in paragraph 158, which

13   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

14   them.

15        159.   Defendants Silver Wheaton, Smallwood, and Brown deny the

16   allegations in paragraph 159.  Defendant Barnes lacks knowledge or information

17   sufficient to form a belief as to the truth of the allegations in paragraph 159, which

18   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

19   them.

20        160.   Defendants Silver Wheaton, Smallwood, and Brown deny the

21   allegations in paragraph 160.  Defendant Barnes lacks knowledge or information

22   sufficient to form a belief as to the truth of the allegations in paragraph 160, which

23   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

24   them.

25        161.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

26   Company filed a Form 40-F for the fiscal year ended December 31, 2013 with the

27   SEC on March 31, 2014 ("2013 Form 40-F").  Defendants Silver Wheaton,

28   Smallwood, and Brown admit that the 2013 Form 40-F contained consolidated

1  financial statements for fiscal year ended December 31, 2013.  Defendants Silver

2  Wheaton, Smallwood, and Brown admit that the 2013 Form 40-F was signed by Mr.

3  Smallwood.  Defendants Silver Wheaton, Smallwood, and Brown admit that the

4  2013 Form 40-F contained SOX certifications signed by Messrs. Smallwood and

5  Brown.  To the extent that Plaintiffs purport to characterize the 2013 Form 40-F,

6  Defendants Silver Wheaton, Smallwood, and Brown deny that Plaintiffs'

7  characterization is complete or provides full context.  The contents of the 2013 Form

8  40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and

9  Brown refer the Court and Plaintiffs to the 2013 Form 40-F for its complete and

10  accurate contents.  Defendant Barnes lacks knowledge or information sufficient to

11  form a belief as to the truth of the allegations in paragraph 161, which pertain to

12  matters and events after he left Silver Wheaton, and on that basis, denies them.

13  Except as explicitly admitted herein, Defendants deny each and every other

14  allegation in paragraph 161.

15      162.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

16  2013 Form 40-F stated that the Company's audited annual consolidated financial

17  statements for the fiscal year ended December 31, 2013, had been prepared in

18  accordance with International Financial Reporting Standards, as issued by the

19  International Accounting Standards Board.  The contents of the 2013 Form 40-F are

20  a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown

21  refer the Court and Plaintiffs to the 2013 Form 40-F for its complete and accurate

22  contents.  Defendant Barnes lacks knowledge or information sufficient to form a

23  belief as to the truth of the allegations in paragraph 162, which pertain to matters

24  and events after he left Silver Wheaton, and on that basis, denies them.

25      163.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

26  allegations in paragraph 163 purport to quote from Silver Wheaton's 2013 Form 40-

27  F.  Defendants Silver Wheaton, Smallwood, and Brown admit that the excerpted

28  language appears in Silver Wheaton's 2013 Form 40-F, but deny that the quoted text

is complete or provides full context.  The contents of the 2013 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2013 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

164.   Defendants Silver Wheaton, Smallwood, and Brown admit that the 2013 Form 40-F contained balance sheets for fiscal years ended December 31, 2013 and December 31, 2012.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

165.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 165.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

166.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 166.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

167.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 167.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

168.   Defendants Silver Wheaton, Smallwood, and Brown admit that the Company filed a Form 40-F for the fiscal year ended December 31, 2014 with the SEC on March 31, 2015 ("2014 Form 40-F").  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2014 Form 40-F contained consolidated financial statements for the fiscal year ended December 31, 2014.  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2014 Form 40-F was signed by Mr. Smallwood.  Defendants Silver Wheaton, Smallwood, and Brown admit that the 2014 Form 40-F contained SOX certifications signed by Messrs. Smallwood and Brown.  To the extent that Plaintiffs purport to characterize the 2014 Form 40-F, Defendants Silver Wheaton, Smallwood, and Brown deny that Plaintiffs' characterization is complete or provides full context.  The contents of the 2014 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2014 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them. Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 168.

169.   Defendants Silver Wheaton, Smallwood, and Brown admit that the 2014 Form 40-F stated that the Company's audited annual consolidated financial statements for the fiscal year ended December 31, 2014, had been prepared in accordance with International Financial Reporting Standards, as issued by the International Accounting Standards Board.  The contents of the 2014 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2014 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

170.   Defendants Silver Wheaton, Smallwood, and Brown admit that the allegations in paragraph 170 purport to quote from Silver Wheaton's 2014 Form 40-F.  Defendants Silver Wheaton, Smallwood, and Brown admit that the excerpted language appears in Silver Wheaton's 2014 Form 40-F, but deny that the quoted text is complete or provides full context.  The contents of the 2014 Form 40-F are a matter of public record, and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and Plaintiffs to the 2014 Form 40-F for its complete and accurate contents.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

171.   Defendants Silver Wheaton, Smallwood, and Brown admit that the 2014 Form 40-F contained balance sheets for fiscal years ended December 31, 2014 and December 31, 2013.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

172.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 172.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

173.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 173.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

174.   Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in paragraph 174.  Defendant Barnes lacks knowledge or information

1   sufficient to form a belief as to the truth of the allegations in paragraph 174, which

2   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

3   them.

4      175.   Defendants Silver Wheaton, Smallwood, and Brown admit that

5   paragraph 175 contains excerpts from the Company's July 6, 2015 press release, but

6   deny that the quoted text constitutes the complete content of the July 6, 2015 press

7   release or provides full context.  Defendants Silver Wheaton, Smallwood, and

8   Brown deny any emphasis added by Plaintiffs through the use of italics and bold

9   font.  The contents of the July 6, 2015 press release are a matter of public record,

10  and Defendants Silver Wheaton, Smallwood, and Brown refer the Court and

11  Plaintiffs to the July 6, 2015 press release for its complete and accurate contents.

12  Defendant Barnes lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations in paragraph 175, which pertain to matters and events

14  after he left Silver Wheaton, and on that basis, denies them.  Except as explicitly

15  admitted herein, Defendants deny each and every other allegation in paragraph 175.

16     176.   Defendants admit that the price of Silver Wheaton stock on the NYSE

17  closed at $17.54 on July 6, 2015.  Defendants admit the price of Silver Wheaton

18  stock opened at $16.64 on July 7, 2015, which was approximately $0.90 less than

19  the closing price on July 6, 2015.  Defendants admit that the price of Silver Wheaton

20  stock closed at $15.46 on July 7, 2015, or approximately 12% lower than the closing

21  price on July 6, 2015.  Except as explicitly admitted herein, Defendants deny each

22  and every other allegation in paragraph 176.

23     177.   Defendants Silver Wheaton, Smallwood, and Brown admit that Dundee

24  Capital Markets issued an analyst report on July 8, 2015.  Defendants Silver

25  Wheaton, Smallwood, and Brown deny that Plaintiffs' selective characterizations

26  are complete, accurate, or provide full context and deny Plaintiffs' characterizations

27  of the July 8, 2015 analyst report.  The contents of the July 8, 2015 analyst report

28  are a matter of public record, and Defendants Silver Wheaton, Smallwood, and

1   Brown refer the Court and Plaintiffs to the July 8, 2015 analyst report for its

2   complete and accurate contents.  Defendant Barnes lacks knowledge or information

3   sufficient to form a belief as to the truth of the allegations in paragraph 177, which

4   pertain to matters and events after he left Silver Wheaton, and on that basis, denies

5   them.  Except as explicitly admitted herein, Defendants deny the allegations in

6   paragraph 177.

7        178.   Defendants Silver Wheaton, Smallwood, and Brown admit that CIBC

8   issued an analyst report on August 12, 2015.  Defendants Silver Wheaton,

9   Smallwood, and Brown deny that Plaintiffs' selective characterizations of the

10  August 12, 2015 analyst report are complete, accurate, or provide full context and

11  deny Plaintiffs' characterizations of the report.  The contents of the August 12, 2015

12  analyst report are a matter of public record, and Defendants Silver Wheaton,

13  Smallwood, and Brown refer the Court and Plaintiffs to the August 12, 2015 analyst

14  report for its complete and accurate contents.  Defendant Barnes lacks knowledge or

15  information sufficient to form a belief as to the truth of the allegations in paragraph

16  178, which pertain to matters and events after he left Silver Wheaton, and on that

17  basis, denies them.  Except as explicitly admitted herein, Defendants deny the

18  allegations in paragraph 178.

19       179.   Defendants Silver Wheaton, Smallwood, and Brown admit that JP

20  Morgan issued an analyst report on August 13, 2015.  Defendants Silver Wheaton,

21  Smallwood, and Brown deny that Plaintiffs' selective characterizations of the

22  August 13, 2015 analyst report are complete, accurate, or provide full context and

23  deny Plaintiffs' characterizations of the report.  The contents of the August 13, 2015

24  analyst report are a matter of public record, and Defendants Silver Wheaton,

25  Smallwood, and Brown refer the Court and Plaintiffs to the August 13, 2015 analyst

26  report for its complete and accurate contents.  Defendant Barnes lacks knowledge or

27  information sufficient to form a belief as to the truth of the allegations in paragraph

28  179, which pertain to matters and events after he left Silver Wheaton, and on that

1   basis, denies them.  Except as explicitly admitted herein Defendants deny the

2   allegations in paragraph 179.

3        180.   Defendants deny the allegations in paragraph 180.

4        181.   Defendants admit a file of outgoing wire transfers was maintained by

5   SW Cayman.  Defendant Silver Wheaton denies that FE1 had an individual office at

6   SW Cayman.  Defendant Silver Wheaton denies that the referenced file containing

7   wire transfer information belonged to or was a personal file of FE1.  Defendants

8   Smallwood, Brown, and Barnes lack knowledge or information regarding the

9   purported activities of FE1 and thus lack knowledge or information sufficient to

10  form a belief as to the truth of such allegations, and on that basis, deny them.

11  Except as explicitly admitted herein, Defendants deny each and every other

12  allegation in paragraph 181.

13       182.   Defendants admit that a file of outgoing wire transfers was maintained

14  by SW Cayman.  Defendant Silver Wheaton denies that FE1 had an individual

15  office at SW Cayman.  Defendant Silver Wheaton denies that the referenced file

16  containing wire transfer information belonged to or was a personal file of FE1.

17  Defendant Silver Wheaton admits that FE1 performed certain clerical tasks relating

18  to wire transfers but denies that FE1 had authorization to send wire transfers.

19  Defendants Smallwood, Brown, and Barnes lack knowledge or information

20  regarding the purported activities of FE1 and thus lack knowledge or information

21  sufficient to form a belief as to the truth of such allegations, and on that basis, deny

22  them.  Except as explicitly admitted herein, Defendants deny each and every other

23  allegation in paragraph 182.

24       183.   Defendant Silver Wheaton admits that FE1 had certain filekeeping

25  responsibilities with respect to SW Cayman files.  Defendant Silver Wheaton denies

26  that FE1 maintained all of the financial records for SW Cayman.  Defendant Silver

27  Wheaton denies that FE1 had an individual office at SW Cayman.  Defendant Silver

28  Wheaton denies that the referenced file containing wire transfer information or any

other SW Cayman files belonged to or were personal files of FE1.  Defendants
Smallwood, Brown, and Barnes lack knowledge or information regarding the
purported activities and/or knowledge of FE1 and thus lack knowledge or
information sufficient to form a belief as to the truth of such allegations, and on that
basis, deny them.  Except as explicitly admitted herein, Defendants deny each and
every other allegation in paragraph 183.

184.   Defendant Silver Wheaton admits that Sarbanes-Oxley ("SOX") audits
were conducted at SW Cayman, and in connection with such audits, certain files,
including wire transfer records, were provided to independent third party SOX
auditors.  Defendant Silver Wheaton denies that FE1 had an individual office at SW
Cayman.  Defendant Silver Wheaton denies that the referenced file containing wire
transfer information or any other SW Cayman files belonged to or were personal
files of FE1.  Defendants Smallwood, Brown, and Barnes lack knowledge or
information regarding the purported activities of FE1 and thus lack knowledge or
information sufficient to form a belief as to the truth of such allegations, and on that
basis, deny them.  Except as explicitly admitted herein, Defendants deny each and
every other allegation in paragraph 184.

185.   Defendant Silver Wheaton denies the allegations in paragraph 185.
Defendants Smallwood, Brown, and Barnes lack knowledge or information
regarding the purported activities and/or beliefs of FE1 and thus lack knowledge or
information sufficient to form a belief as to the truth of such allegations, and on that
basis, deny them.

186.   Defendant Silver Wheaton denies that the referenced wire transfer file
"went missing."  Defendant Silver Wheaton admits that, in connection with SOX
audits conducted at SW Cayman, certain files, including wire transfer records, were
provided to independent third party SOX auditors.  Defendant Silver Wheaton
admits that FE1's responsibilities included filing and re-filing of SW Cayman files.
Defendant Silver Wheaton denies that FE1 had an individual office at SW Cayman.

1    Defendant Silver Wheaton denies that the referenced file containing wire transfer

2    information or any other SW Cayman files belonged to or were personal files of

3    FE1.  Defendants Smallwood, Brown, and Barnes lack knowledge or information

4    regarding the purported activities and/or knowledge of FE1 and thus lack knowledge

5    or information sufficient to form a belief as to the truth of such allegations, and on

6    that basis, deny them.  Defendants lack knowledge or information sufficient to form

7    a belief as to the truth of the allegations regarding statements purportedly made, or

8    information purportedly provided, by FE1 to Plaintiffs' representatives, and on that

9    basis, deny them.  Except as explicitly admitted herein, Defendants deny each and

10   every other allegation in paragraph 186.

11          187.   Defendant Silver Wheaton admits that Nik Tatarkin periodically would

12   access wire transfer documentation for the purpose of reviewing and/or authorizing

13   wire transfers as part of his responsibilities.  Defendants Smallwood, Brown, and

14   Barnes lack knowledge or information regarding the purported activities of FE1 and

15   thus lack knowledge or information sufficient to form a belief as to the truth of such

16   allegations, and on that basis, deny them.  Defendants lack knowledge or

17   information sufficient to form a belief as to the truth of the allegations regarding

18   statements purportedly made, or information purportedly provided, by FE1 to

19   Plaintiffs' representatives, and on that basis, deny them.  Except as explicitly

20   admitted herein, Defendants deny each and every other allegation in paragraph 187.

21          188.   Defendant Silver Wheaton denies the allegations in paragraph 188.

22   Defendants Smallwood, Brown, and Barnes lack knowledge or information

23   regarding the purported activities of FE1 and thus lack knowledge or information

24   sufficient to form a belief as to the truth of such allegations, and on that basis, deny

25   them.

26          189.   Defendants lack knowledge or information sufficient to form a belief as

27   to the truth of the allegations regarding statements purportedly made, or information

28   purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny

1    them.  Defendant Silver Wheaton states that the use of the word "auditors" is

2    unclear and denies each and every allegation in paragraph 189.  Defendants

3    Smallwood, Brown, and Barnes lack knowledge or information regarding the

4    purported activities and/or opinions of FE1 and thus lack knowledge or information

5    sufficient to form a belief as to the truth of such allegations, and on that basis, deny

6    them.

7        190.   Defendant Silver Wheaton denies that FE1 had any involvement in

8    preparing quarterly financial reports in the Cayman Islands.  Defendants

9    Smallwood, Brown, and Barnes lack knowledge or information regarding the

10   purported activities of FE1 and thus lack knowledge or information sufficient to

11   form a belief as to the truth of such allegations, and on that basis, deny them.

12   Defendants admit that SW Cayman did not prepare a Canadian tax report because

13   no such report was required.

14       191.   Defendant Silver Wheaton admits that FE1 had no involvement in

15   preparing quarterly financial reports in the Cayman Islands.  Defendants lack

16   knowledge or information sufficient to form a belief as to the truth of the allegations

17   regarding what FE1 may or may not have reviewed, and on that basis, deny them.

18   Defendants Smallwood, Brown, and Barnes lack knowledge or information

19   regarding the purported activities of FE1 and thus lack knowledge or information

20   sufficient to form a belief as to the truth of such allegations, and on that basis, deny

21   them.

22       192.   Defendants admit that SW Cayman did not prepare a Canadian tax

23   report because no such report was required.  Defendants lack knowledge or

24   information sufficient to form a belief as to the truth of the allegations regarding the

25   information FE1 purportedly reviewed at Silver Wheaton and/or "other foreign

26   companies," and on that basis, deny them.

27       193.   Defendant Silver Wheaton denies the allegations in paragraph 193.

28   Defendants Smallwood, Brown, and Barnes lack knowledge or information

-46-

1   regarding the purported activities of FE1 and thus lack knowledge or information

2   sufficient to form a belief as to the truth of such allegations, and on that basis, deny

3   them.

4          194.   Defendants Silver Wheaton, Smallwood, and Brown deny that CRA

5   representatives visited SW Cayman in May 2011, but admit that CRA

6   representatives visited SW Cayman in May 2012.  Defendants Silver Wheaton,

7   Smallwood, and Brown deny that the allegations in paragraph 194 accurately

8   describe the stated purpose of the CRA's visit to SW Cayman.  Except as explicitly

9   admitted herein, Defendants Silver Wheaton, Smallwood, and Brown deny each and

10  every other allegation in paragraph 194.  Defendant Barnes lacks knowledge or

11  information sufficient to form a belief as to the truth of the allegations in paragraph

12  194, which pertain to matters and events after he left Silver Wheaton, and on that

13  basis, denies them.

14         195.   Defendants deny that FE1 had any role in or knowledge of Silver

15  Wheaton's tax accounting or tax reporting.  Defendants lack knowledge or

16  information sufficient to form a belief as to the truth of the allegations regarding

17  FE1's purported suspicions, and on that basis, deny them.  Defendants deny each

18  and every other allegation in paragraph 195.

19         196.   Defendants Silver Wheaton, Smallwood, and Brown deny that CRA

20  representatives visited SW Cayman in May 2011 but admit that representatives from

21  the CRA visited SW Cayman in May 2012 in connection with its audit of Silver

22  Wheaton.  Except as explicitly admitted herein, Defendants Silver Wheaton,

23  Smallwood, and Brown deny each and every other allegation in paragraph 196 of

24  the Complaint.  Defendant Barnes lacks knowledge or information sufficient to form

25  a belief as to the truth of the allegations in paragraph 196, which pertain to matters

26  and events after he left Silver Wheaton, and on that basis, denies them.

27         197.   Defendants Silver Wheaton, Smallwood, and Brown admit that Bettina

28  Charpentier, Vice President, Tax of Silver Wheaton, visited SW Cayman in

1   connection with the CRA's tax audit of Silver Wheaton and related visit to Silver

2   Wheaton's wholly owned subsidiary in May 2012.  Except as explicitly admitted

3   herein, Defendants Silver Wheaton, Smallwood, and Brown deny each and every

4   other allegation in paragraph 197 of the Complaint.  Defendant Barnes lacks

5   knowledge or information sufficient to form a belief as to the truth of the allegations

6   in paragraph 197, which pertain to matters and events after he left Silver Wheaton,

7   and on that basis, denies them.

8        198.   Defendants Silver Wheaton, Smallwood, and Brown admit that SW

9   Cayman employees were provided documents containing general information

10   regarding the interview process.  Defendants Silver Wheaton, Smallwood, and

11   Brown deny that the documents "listed what [FE1] might be asked and what her

12   answers should be."  Except as explicitly admitted herein, Defendants Silver

13   Wheaton, Smallwood, and Brown deny each and every other allegation in paragraph

14   198.  Defendant Barnes lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations in paragraph 198, which pertain to matters and

16   events after he left Silver Wheaton, and on that basis, denies them.

17        199.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

18   interview documents included general guidelines regarding providing concise and

19   truthful responses to questions.  Except as explicitly admitted herein, Defendants

20   Silver Wheaton, Smallwood, and Brown deny each and every other allegation in

21   paragraph 199.  Defendant Barnes lacks knowledge or information sufficient to form

22   a belief as to the truth of the allegations in paragraph 199, which pertain to matters

23   and events after he left Silver Wheaton, and on that basis, denies them.

24        200.   Defendants Silver Wheaton, Smallwood, and Brown admit that the

25   interview documents included general guidelines regarding providing concise and

26   truthful responses to questions.  Defendants lack knowledge or information

27   sufficient to form a belief as to the truth of the allegations regarding statements

28   purportedly made, or information purportedly provided, by FE1 to Plaintiffs'

1    representatives, and on that basis, deny them.  Defendant Barnes lacks knowledge or

2    information sufficient to form a belief as to the truth of the allegations in paragraph

3    200, which pertain to matters and events after he left Silver Wheaton, and on that

4    basis, denies them.

5         201.   Defendants Silver Wheaton, Smallwood, and Brown admit that Bettina

6    Charpentier, Vice President, Tax of Silver Wheaton, visited SW Cayman in

7    connection with the CRA's tax audit of Silver Wheaton and related visit to Silver

8    Wheaton's wholly owned subsidiary in May 2012.  Except as explicitly admitted

9    herein, Defendants Silver Wheaton, Smallwood, and Brown deny the allegations in

10   paragraph 201.  Defendant Barnes lacks knowledge or information sufficient to form

11   a belief as to the truth of the allegations in paragraph 201, which pertain to matters

12   and events after he left Silver Wheaton, and on that basis, denies them.

13        202.   Defendant Silver Wheaton denies the allegations in paragraph 202.

14   Defendants Smallwood and Brown lack knowledge or information sufficient to form

15   a belief as to the truth of the allegations in paragraph 202, and on that basis, deny

16   them.  Defendant Barnes lacks knowledge or information sufficient to form a belief

17   as to the truth of the allegations in paragraph 202, which pertain to matters and

18   events after he left Silver Wheaton, and on that basis, denies them.

19        203.   Defendants lack knowledge or information sufficient to form a belief as

20   to the truth of the allegations regarding statements purportedly made, or information

21   purportedly provided, by FE1 to Plaintiffs' representatives, and on that basis, deny

22   them.  Defendants lack knowledge or information sufficient to form a belief as to

23   the truth of the allegations regarding FE1's experiences at other companies, and on

24   that basis, deny them.  Except as explicitly admitted herein, Defendants Silver

25   Wheaton, Smallwood, and Brown deny each and every other allegation in paragraph

26   203.  Defendant Barnes lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations in paragraph 203, which pertain to matters and

28   events after he left Silver Wheaton, and on that basis, denies them.

1    204.   Defendants Silver Wheaton, Smallwood, and Brown deny the

2    allegations in paragraph 204.  Defendant Barnes lacks knowledge or information

3    sufficient to form a belief as to the truth of the allegations in paragraph 204, which

4    pertain to matters and events after he left Silver Wheaton, and on that basis, denies

5    them.

6    205.   Defendants Silver Wheaton, Smallwood, and Brown lack knowledge or

7    information sufficient to form a belief as to the truth of the allegations regarding

8    statements purportedly made, or information purportedly provided, by FE1 to

9    Plaintiffs' representatives, and on that basis, deny them.  Defendants Silver

10   Wheaton, Smallwood, and Brown deny that the allegations in paragraph 205

11   accurately describe the stated purpose of the CRA's visit to SW Cayman.

12   Defendant Barnes lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations in paragraph 205, which pertain to matters and events

14   after he left Silver Wheaton, and on that basis, denies them.

15   206.   Defendants Silver Wheaton, Smallwood, and Brown lack knowledge or

16   information sufficient to form a belief as to the truth of the allegations regarding

17   statements purportedly made, or information purportedly provided, by FE1 to

18   Plaintiffs' representatives, and on that basis, deny them.  Defendants Silver

19   Wheaton, Smallwood, and Brown deny that the allegations in paragraph 206

20   accurately describe the stated purpose of the CRA's visit to SW Cayman.

21   Defendant Barnes lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations in paragraph 206, which pertain to matters and events

23   after he left Silver Wheaton, and on that basis, denies them.

24   207.   Defendant Silver Wheaton admits that the representatives from the

25   CRA asked FE1 questions. Defendants Smallwood and Brown lack knowledge or

26   information sufficient to form a belief as to the truth of the allegations in paragraph

27   207, and on that basis, deny them.  Defendant Barnes lacks knowledge or

28   information sufficient to form a belief as to the truth of the allegations in paragraph

207, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

208.   Defendant Silver Wheaton denies the allegations in paragraph 208. Defendants Smallwood and Brown lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208, and on that basis, deny them.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

209.   Defendant Silver Wheaton denies the allegations in paragraph 209. Defendants Smallwood and Brown lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209, and on that basis, deny them.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

210.   Defendants deny that FE1 had any role in or knowledge of Silver Wheaton's tax accounting or tax reporting.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE1's purported suspicions, and on that basis, deny them.  Defendants Silver Wheaton, Smallwood, and Brown deny each and every other allegation in paragraph 210.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210, which pertain to matters and events after he left Silver Wheaton, and on that basis, denies them.

211.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding FE1's purported suspicions, and on that basis, deny them.  Defendants Silver Wheaton, Smallwood, and Brown deny each and every other allegation in paragraph 211.  Defendant Barnes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

1  211, which pertain to matters and events after he left Silver Wheaton, and on that

2  basis, denies them.

3      212.   Defendants Silver Wheaton, Smallwood, and Brown deny the

4  allegations in paragraph 212.  Defendant Barnes lacks knowledge or information

5  sufficient to form a belief as to the truth of the allegations in paragraph 212, which

6  pertain to matters and events after he left Silver Wheaton, and on that basis, denies

7  them.

8      213.   Defendants admit that Plaintiffs purport to bring this action as a federal

9  securities class action on behalf of all persons and entities, other than defendants and

10  their affiliates, who purchased or otherwise acquired the securities of Silver

11  Wheaton from March 30, 2011 to July 6, 2015.  Defendants deny that persons or

12  entities who purchased Silver Wheaton securities on the Toronto Stock Exchange

13  may be included in any putative "Class" definition.  Defendants deny that any

14  persons who purchased Silver Wheaton securities suffered any compensable

15  damages and deny that class certification is appropriate.  Except as explicitly

16  admitted herein, Defendants deny each and every other allegation in paragraph 213.

17      214.   Defendants admit that Silver Wheaton securities traded on the NYSE

18  during the period March 30, 2011 through July 6, 2015.  Defendants lack knowledge

19  or information sufficient to form a belief as to the truth of the allegations concerning

20  the number of putative class members, and on that basis, deny them.  Defendants

21  admit that Silver Wheaton and/or its transfer agent possess certain records that

22  reflect record owners of Silver Wheaton's shares.  Except as explicitly admitted

23  herein, Defendants deny each and every other allegation in paragraph 214.

24      215.   Defendants deny the allegations in paragraph 215.

25      216.   Defendants lack knowledge or information sufficient to form a belief as

26  to the truth of the allegations in paragraph 216, and on that basis, deny them.

27      217.   Defendants deny the allegations in paragraph 217.

28

218.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 regarding the superiority of the class action method and, on that basis, deny them.  Defendants deny each and every other allegation in paragraph 218.

219.   Defendants admit that multiple financial analysts covered Silver Wheaton.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that SW securities are traded in an efficient market, which requires expert analysis, and on that basis, deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the number of shares traded during the Class Period, and on that basis, deny them.  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 219.

220.   Defendants deny the allegations in paragraph 220.

221.   Defendants deny the allegations in paragraph 221.

222.   Defendants deny the allegations in paragraph 222.

223.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223, and on that basis, deny them.

224.   The allegations in paragraph 224 purport to draw legal conclusions and characterize Canadian case law.  Defendants deny that Plaintiffs' characterizations accurately summarize the body of Canadian case law and the actions of the "Canadian courts."  Except as explicitly admitted herein, Defendants deny each and every other allegation in paragraph 224.[21]

225.   Defendants admit that Plaintiffs purport to quote text from a case issued by the Supreme Court of Canada, which in turn quotes from another case.  Defendants admit that the quoted text appears in the cited case, but deny that Plaintiffs' characterization is complete or provides full context.  Except as explicitly

---

[21] In response to footnote 30 of the Complaint, Defendants incorporate by reference their response to paragraph 224.

1    admitted herein, Defendants deny each and every other allegation in paragraph

2    225.[22]

3          226.   Defendants admit that Plaintiffs purport to quote from a case issued by

4    the Supreme Court of Canada.  Defendants admit that the quoted text appears in the

5    cited case, but deny that Plaintiffs' characterization is complete or provides full

6    context.  Except as explicitly admitted herein, Defendants deny each and every other

7    allegation in paragraph 226.[23]

8          227.   Defendants admit that Plaintiffs purport to quote from a case issued by

9    Canada's Federal Court of Appeal.  Defendants admit that the quoted text appears in

10   the cited case, but deny that Plaintiffs' characterization is complete or provides full

11   context.  Defendants deny Plaintiffs' use of the word "courts" with respect to the

12   cited case.  Except as explicitly admitted herein, Defendants deny each and every

13   other allegation in paragraph 227.[24]

14         228.   Defendants deny the allegations in paragraph 228.

15         229.   Defendants lack knowledge or information to form a belief as to the

16   truth of the allegations regarding the CRA's inclinations in other unidentified

17   situations, and on that basis, deny them.  To the extent that the allegations in

18   paragraph 229 contain Plaintiffs' legal conclusions and characterizations of

19   subsection 56(2) of the Income Tax Act, Defendants deny that Plaintiffs'

20   generalizations are complete or provide full context.

21         230.   Defendants lack knowledge or information to form a belief as to the

22   truth of the allegations regarding the CRA's actions in other unidentified situations,

23   and on that basis, deny them.

24

_____

25   [22] In response to footnote 31 of the Complaint, Defendants incorporate by

26   reference their response to paragraph 225.

27   [23] In response to footnote 32 of the Complaint, Defendants incorporate by
reference their response to paragraph 226.

28   [24] In response to footnote 33 of the Complaint, Defendants incorporate by
reference their response to paragraph 227.

231.   Defendants deny the allegations in paragraph 231.

232.   Defendants incorporate their responses to paragraphs 1-231 as though fully set forth herein.

233.   The allegations set forth in paragraph 233 are Plaintiffs' characterization of Count I and require no response.

234.   Defendants deny the allegations in paragraph 234.

235.   Defendants deny the allegations in paragraph 235.

236.   Defendants deny the allegations in paragraph 236.

237.   Defendants deny the allegations in paragraph 237.

238.   To the extent that paragraph 238 contains Plaintiffs' legal conclusions regarding the federal securities laws and SEC disclosure requirements, the Individual Defendants aver that such statutes and rules are matters of public record and speak for themselves.  Defendants otherwise deny the allegations in paragraph 238.

239.   Defendants lack knowledge or information sufficient to form a belief as to whether Silver Wheaton securities traded on an efficient market during the Class Period, which requires expert analysis, and on that basis, deny them.  Defendants deny each and every other allegation in paragraph 239.

240.   Defendants deny the allegations in paragraph 240.

241.   Defendants deny the allegations in paragraph 241.

242.   Defendants deny the allegations in paragraph 242.

243.   The Individual Defendants incorporate their responses to paragraphs 1-242 as though fully set forth herein.

244.   The Individual Defendants deny the allegations in paragraph 244.

245.   To the extent that paragraph 245 contains Plaintiffs' legal conclusions regarding the federal securities laws and SEC disclosure requirements, the Individual Defendants aver that such statutes and rules are matters of public record

1    and speak for themselves.  The Individual Defendants otherwise deny the allegations
2    in paragraph 245.
3            246.   The Individual Defendants deny the allegations in paragraph 246.
4            247.   The Individual Defendants deny the allegations in paragraph 247.
5            248.   The Individual Defendants deny the allegations in paragraph 248.
6            249.   The Individual Defendants deny the allegations in paragraph 249.
7
8            To the extent any response is required to Plaintiffs' Prayer for Relief,
9    Defendants deny each and every allegation therein.
10
11           No response is necessary to Plaintiffs' demand for a jury trial.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AFFIRMATIVE DEFENSES**

Defendants affirmatively state the following separate and affirmative defenses to the Complaint, and in doing so, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Plaintiffs.

## First Affirmative Defense

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and in conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Exchange Act, as amended, there is no liability for any such acts made in good faith.

## Second Affirmative Defense

### (Reliance on Advice of Experts)

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants relied in good faith on the advice and professional judgments of experts and professional advisors as to matters which they reasonably believed to be within such persons' professional or expert competence.

## Third Affirmative Defense

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to bring them within the period prescribed by the applicable statute of limitations, 28 U.S.C. § 1658(b).

## Fourth Affirmative Defense

### (Laches)

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches. Despite publicly available information regarding the facts underlying the asserted causes of action, Plaintiffs failed to investigate and/or take action to pursue their claims in a timely fashion, to the prejudice of Defendants.

**Fifth Affirmative Defense**

(Disclosure/Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because the risks of investing in Silver Wheaton securities were publicly disclosed to Plaintiffs and the market at all relevant times.  Each putative class member knew or should have known of the risks associated with Silver Wheaton's business, and in failing to consider these risks, each putative class member assumed the risk that such person or entity might be damaged by purchasing or acquiring Silver Wheaton securities.

**Sixth Affirmative Defense**

(Truth in the Market)

Plaintiffs' claims are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were available to Plaintiffs and other members of the putative class and were at all times reflected in the price of Silver Wheaton's securities.

**Seventh Affirmative Defense**

(Offset of Damages)

Any recovery for damages allegedly incurred by Plaintiffs and members of the putative plaintiff class, if any, is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiffs or members of the putative plaintiff class through their investments.

**Eighth Affirmative Defense**

(No Control Person Liability)

Plaintiffs' claims are barred, in whole or in part, because each and every Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## Ninth Affirmative Defense

### (No Reliance)

In deciding to acquire Silver Wheaton securities, Plaintiffs and some or all of the members of the putative class did not rely on any of the statements and/or omissions alleged in the Complaint to be false or misleading, and would have acquired Silver Wheaton common stock even if, at the time they acquired Silver Wheaton common stock, they knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' liability purportedly rests.

## Tenth Affirmative Defense

### (Waiver)

The claims of members of the putative class who purchased Silver Wheaton stock despite knowledge of alleged misrepresentations or omissions are barred in whole or in part by the equitable doctrine of waiver.

## Eleventh Affirmative Defense

### (Failure to Mitigate)

Plaintiffs and members of the putative plaintiff class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## Twelfth Affirmative Defense

### (Apportionment)

With respect to Plaintiffs' claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiffs and members of the putative class, if any, is limited to the percentage of responsibility of the Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs and

1  members of the putative plaintiff class, pursuant to the Proportionate Liability
2  provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

3                      **Thirteenth Affirmative Defense**
4                    (Statutory Safe Harbor/Bespeaks Caution)
5          To the extent the claims asserted by Plaintiffs and members of the putative
6  class are based on any predictions, expressions of opinion or forward-looking
7  statements, such claims are not actionable under the statutory safe harbor in the
8  Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or
9  the bespeaks caution doctrine.

10                     **Fourteenth Affirmative Defense**
11                        (Undiscovered Defenses)
12         Defendants reserve the right to assert any further or additional defenses upon
13  receiving more complete information regarding the matters alleged in the
14  Complaint, through discovery or otherwise.
15         WHEREFORE, Defendants pray that the Court enter judgment as follows:
16         1.      That judgment be entered in favor of Defendants;
17         2.      That Plaintiffs and the putative class take nothing from Defendants by
18  this Complaint, and that the same be dismissed with prejudice;
19         3.      For costs, attorneys' fees and expert witness fees incurred herein; and
20         4.      For such other relief as the Court deems just and proper.
21
22
23
24
25
26
27
28

1    Dated:  July 20, 2016         By:  /s/      Jerome F. Birn, Jr.

2                                         Jerome F. Birn Jr., State Bar No. 128561
                                        Wilson Sonsini Goodrich & Rosati, P.C.

3                                         650 Page Mill Road
                                        Palo Alto, CA 94304-1050

4                                           Telephone:  (650) 493-9300
                                        Facsimile:   (650) 565-5100

5                                           Email: jbirn@wsgr.com

6                                           Barry M. Kaplan, *Pro Hac Vice*
                                        Gregory L. Watts, State Bar No. 197126

7                                           Wilson Sonsini Goodrich & Rosati, P.C.
                                        701 Fifth Avenue, Suite 5100

8                                           Seattle, WA  98104
                                        Telephone:  (206) 883-2500

9                                           Facsimile:   (206) 883-2699
                                        Email:  gwatts@wsgr.com

10                                         Email:  bkaplan@wsgr.com

11                                           *Attorneys for Defendants* Silver Wheaton

12                                         Corp., Randy V. J. Smallwood, Peter Barnes
                                        and Gary Brown

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28