BARRY M. KAPLAN, *admitted pro hac vice*
Email: bkaplan@wsgr.com
GREGORY L. WATTS, State Bar No. 197126
Email: gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone:   (206) 883-2500
Facsimile:   (206) 883-2699

JEROME F. BIRN, JR., State Bar No. 128561
Email: jbirn@wsgr.com
DIANE M. WALTERS, State Bar No. 148136
Email: dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants
SILVER WHEATON CORP.,
RANDY V. J. SMALLWOOD,
PETER BARNES, and GARY BROWN

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No.:  2:15-cv-05146-CAS(JEMx)<br>c/w: 2:15-cv-05173-CAS(JEMx)<br><br>__CLASS ACTION__<br><br>__STIPULATED PROTECTIVE ORDER__<br><br>JUDGE:   Hon. Christina A. Snyder<br><br>Complaint Filed: July 8, 2015 |

1   WHEREAS, Lead Plaintiff Joe Elek, and putative plaintiffs Thomas Bartsch,

2   Jeffrey Frohwerk, Larry Brandow, Diana Choi, Ben Potaracke, Charles

3   Montgomery, Jedrzej Borowczyk, and Charles Remmel (collectively, "Plaintiffs")

4   and defendants Silver Wheaton Corporation , Randy V.J. Smallwood, Peter

5   Barnes, and Gary Brown (collectively, "Defendants," and together with Plaintiffs,

6   the "Parties"), by and through their undersigned counsel, have stipulated and

7   agreed, subject to the approval of the Court, that the protective order set forth

8   below (the "Stipulated Protective Order" or "Order") shall govern the production

9   and use of documents and information provided during the course of discovery in

10  the above-captioned action (the "Action");

11  THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any

12  person subject to this Order, including without limitation, the individuals and

13  entities described herein, shall adhere to the following terms, procedures, and

14  conditions:

15  **1.      PURPOSES AND LIMITATIONS**

16  Disclosure and Discovery Material in this Action are likely to involve

17  production of confidential, proprietary, or private information for which special

18  protection from public disclosure and from use for any purpose other than

19  prosecuting this Action may be warranted.  The Parties agree that documents or

20  information produced or exchanged in the course of this Action shall only be used

21  by the party or parties to whom the information is produced solely for the purpose

22  of this Action, in conformity with the terms of this Order, and shall not be used for

23  any other purpose not directly related to this Action.  Accordingly, the Parties

24  hereby stipulate to and petition the court to enter the following Stipulated

25  Protective Order.  The Parties acknowledge that this Order does not confer blanket

26  protections on all disclosures or responses to discovery and that the protection it

27  affords from public disclosure and use extends only to the information or items that

28  are entitled to confidential treatment under the applicable legal principles.  The

Parties further acknowledge, as set forth in Section 12, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5.2.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>DP Information</u> or <u>Data Protection Information</u> shall refer to any information that a Producing Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert or as a consultant in this Action, (2) is not a current or former employee

of a Party, (3) is not a current employee of a Party's competitor[1]; (4) has not been employed by a Party's competitor at any time in the three years preceding the date of commencement of the instant action; and (5) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  The definition of "employee" for purposes of this paragraph shall not include consultants and independent contractors whose relationship with the Party or the Party's competitor terminated more than three years prior to the date of commencement of the instant action, subject to any continuing confidentiality obligations or other existing contractual restrictions or limitations.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs).

2.13    Privileged Material:  Discovery Material subject to the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable

---

[1] A list of Silver Wheaton's competitors will be provided separately to plaintiffs as Exhibit B hereto.

privilege, immunity, protection, or doctrine under applicable U.S. or foreign law, regulation, or statute.

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and without violating an obligation of

confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   To the extent that is it reasonably practical to do so, the Designating Party must designate for protection only those parts of materials or communications that quality for protection.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, Sections 5.2(b) and 5.2(d) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material and additionally fully complies with the Parties' separate Protocol for Production of Electronically Stored Information and Paper Documents (the "ESI Protocol");

(b)   <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days after receipt of the transcript, all protected testimony and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days of the receipt of the transcript of the deposition, hearing, or other proceeding shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

1  entirety unless otherwise agreed.  After the expiration of that period, the transcript

2  shall be treated only as actually designated.

3        (c)    For information produced in some form other than documentary

4  and for any other tangible items, that the Producing Party affix in a prominent place

5  on the exterior of the container or containers in which the information or item is

6  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or

8  item warrant protection, the Producing Party, to the extent practicable, shall identify

9  the protected portion(s) and specify the level of protection being asserted.

10        (d)    A Party or Non-Party that makes original documents or materials

11  available for inspection need not designate them for protection until after the

12  inspecting Party has indicated which material it would like copied and produced.

13  During the inspection and before the designation, all of the material made available

14  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY."  After the inspecting Party has identified the documents it wants

16  copied and produced, the Producing Party must determine which documents, or

17  portions thereof, qualify for protection under this Order.  Then, before producing the

18  specified documents, the Producing Party must affix the appropriate legend

19  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY") to each page that contains Protected Material.

21      5.3    Privacy Designations and/or Redactions.  The parties acknowledge that

22  DP Information constitutes highly sensitive material requiring special protection and

23  shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24  Protected Material and/or subject to redaction.  Any Producing Party may redact

25  from Discovery Material matter that the Producing Party believes in good faith to be

26  sensitive DP Information requiring protection by law, provided that the DP

27  Information is not relevant to the claims or defenses in this Action.  The right to

28  challenge and process for challenging the designation of redactions shall be the

same as the right to challenge and process for challenging the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as set forth in Section 6.

5.4    <u>Inadvertent Failures to Designate</u>.  Inadvertent or unintentional production of documents or things containing Protected Material that are not designated as one of the two categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the newly designated material, and all material generated from the newly designated material, is treated in accordance with the provisions of this Order.

**6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1    <u>Timing of Challenges</u>.    Any Party may challenge a designation of confidentiality at any time.

6.2    <u>Meet and Confer</u>.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process

first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the confidentiality designation under Local Civil Rule 7.4 (and in compliance with Civil Local Civil Rule 79-5.2.2, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Section 6.2.  Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive any objection to the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) retained by the Receiving Party in this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) any insurer or indemnitor of any defendant in this Action who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions in the Action, witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court or the procedures set out in 7.4 below have been

complied with.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)     the author or recipient of a document containing the information or a custodian of the information.

7.3     <u>Disclosure of "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b)     Experts retained by the Receiving Party in this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants,  and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     such other persons as may be designated by prior written agreement of Outside Counsel of Record on behalf of all Parties and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     during their depositions in the Action, witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

Party or ordered by the court or the procedures set out in 7.4 below have been complied with. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information who is a current employee of a Party to the Action.

7.4    <u>Refusal of a Deponent to Sign Exhibit A</u>.   A party seeking deposition testimony from a deponent, other than the deposition of a party or a current employee of a Party, shall provide notice to all parties no less than ninety (90) days prior to the date of such deposition. If the deponent has not signed Exhibit A within two weeks after notice of the deposition being provided to the Producing Party, the Producing Party shall promptly file motion(s) for an appropriate protective order protecting the confidentiality of Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the Producing Party's motion(s) have not been ruled on prior to the date of the deposition, the deposition shall be adjourned until such time as an appropriate order is entered. Should any deposition be adjourned pursuant to this Paragraph, then for each day during which the deposition is adjourned, the close of discovery and all subsequent deadlines in this case shall be extended by one day. Notwithstanding, the above, a party seeking testimony may at any time petition the Court for relief from this Order to show specific documents to a witness who refuses to sign Exhibit A.

7.5    <u>Retention of Executed Exhibits A</u>. Counsel who wishes to show "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to any of the persons, permitted to view such information under Paragraphs 7.2 and 7.3 and who are required to sign Exhibit A, shall first inform such person(s) that the material is subject to a confidentiality order and shall provide such person(s) with a copy of this Order. Before being provided

with any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", any person who receives this Order shall execute an Acknowledgment in the form attached as Exhibit A hereto and agree to be bound by this Order and to be subject to the jurisdiction of this Court for any proceedings related to the enforcement of this Order. Counsel for the party who provides "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person in the categories listed in Paragraphs 7.2 and 7.3, other than those deponents to whom paragraph 7.4 applies, shall retain all signed certificates obtained from such person pursuant to this Paragraph. Executed Exhibits A shall not be discoverable except as required to enforce this Order or as otherwise allowed under the Federal Rules of Civil Procedure and case law interpreting those rules.

7.6   <u>Restrictions on Disclosure in Other Litigation, Legal, Governmental, or Administrative Proceedings</u>.  Protected Material shall be used solely for this Action. Unless pursuant to court order, no Protected Material shall be disclosed, shared, provided, or otherwise used for any other purpose whatsoever, including, but not limited to: (i) any communication with any Canadian, U.S., or foreign regulatory or government department or agency, or (ii) any pending or future legal, governmental, or administrative proceeding or action involving Silver Wheaton and/or its current or former officers, directors or employees.  Such proceedings include, but are not limited to:  (a) *Silver Wheaton Corp. v. The Queen*, Case No. 2016-77(IT)G (Tax Ct. Can. filed Jan. 8, 2016); and (b) *Susan Poirier v. Silver Wheaton Corp. et al.*, 2016 Ontario Superior Court of Justice Court File 1965/16CP (London) and any other similar proceedings commenced in any Canadian court.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

      (a)    promptly notify in writing the Designating Party immediately and in no event more than three court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     For a period of fourteen (14) days following production by a Non-Party, that production shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not waive a Party's right to later so designate such information as long as the designation correction is made in a timely fashion consistent with paragraph 5.4 of this Order.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

STIPULATED PROTECTIVE ORDER                    -15-
Case No.:  2:15-CV-05146-CAS-JEM

(3)  make the information requested available for inspection by the Non-Party.

(d)  If the Non-Party fails to object or seek a protective order from this court within 20 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL OR DP INFORMATION**

The inadvertent production or disclosure of Privileged Material or DP Information shall not constitute a waiver of, or a prejudice to, any claim – in this or any other proceeding – that such or related material is privileged or otherwise protected, provided that the Producing Party notifies the Receiving Party in writing within a reasonable time after discovery of such inadvertent production.  Upon

receipt of such notice, the Receiving Party shall promptly return and/or destroy all copies of the Privileged Material or DP Information.

**12.   FILING PROTECTED MATERIAL**

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.2.2.  Pursuant to Local Civil Rule 79-5.2.2(b), the Party seeking to use Protected Material and the Designating Party shall meet and confer regarding the Protected Material at last three days prior to the filing of a motion or application to seal.

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Party's Use of Its Own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information in any manner it chooses.

13.4   <u>Hearings and Appeals</u>.  In the event that a Receiving Party seeks to utilize Protected Material during a pre-trial hearing, such Receiving Party shall use best efforts to provide written notice no less than five (5) calendar days prior to the hearing to the Producing Party and/or the Designating Party.  Such notice shall contain the Bates numbers of documents that the Receiving Party seeks to utilize during the hearing.  Provided such written notice is provided, the provisions of this Order shall not prevent use of Protected Material at a hearing, subject to the

Designating Party's right to make a motion to seal, including a motion to seal portions of the hearing transcript.

In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial which shall be governed by a separate agreement, such Protected Material shall not lose its protected status through such use.

13.5   <u>Trial</u>.  Prior to the trial in this matter, the Parties shall confer regarding the submission of a joint proposal to the Court with respect to the treatment of Protected Material at trial.

13.6   This Order shall not prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to the requirements of paragraphs 7.2-7.4.

## 14.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.  The exemption for attorney work product shall not, however, include collections, assemblages, or copies of the Protected Material itself, but is limited to attorney work product referencing, quoting, or summarizing such material.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated: December 19, 2016          Respectfully submitted,

3                                      **WILSON SONSINI GOODRICH & ROSATI**
                                       Professional Corporation
4

5                                      By: /s/ Jerome F. Birn, Jr.
                                           Jerome F. Birn, Jr.
6

7                                      650 Page Mill Road
                                       Palo Alto, CA  94304-1050
                                       Telephone:   (650) 493-9300
8                                      Facsimile:    (650) 565-5100
                                       Email:  jbirn@wsgr.com
9
                                       **WILSON SONSINI GOODRICH & ROSATI**
10                                     Professional Corporation
                                       Barry M. Kaplan
11                                     Gregory L. Watts
                                       701 Fifth Avenue Suite 5100
12                                     Seattle, WA  98104-7098
                                       Telephone:   (206) 447-0900
13                                     Facsimile:    (206) 883-2699
                                       Email: bkaplan@wsgr.com
14
                                       Attorneys for Defendants
15

16   Dated:  December 19, 2016         **THE ROSEN LAW FIRM, P.A.**

17
                                       By: /s/ Laurence M. Rosen
18                                         Laurence M. Rosen

19                                     The Rosen Law Firm, P.A.
                                       Laurence M. Rosen, Esq. (SBN 219683)
20                                     355 S. Grand Avenue, Suite 2450
                                       Los Angeles, CA  90071
21                                     Telephone:   (213) 785-2610
                                       Facsimile:    (213) 226-4684
22                                     Email: lrosen@rosenlegal.com

23                                     The Rosen Law Firm, P.A.
                                       Phillip Kim, Esq.
24                                     Jonathan Horne, Esq.
                                       275 Madison Avenue, 34th Floor
25                                     New York, New York 10016
                                       Telephone:   (212) 686-1060
26                                     Facsimile:    (212) 202-3827
                                       Email: pkim@rosenlegal.com
27
                                       Counsel for Lead Plaintiff
28

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED: December 20, 2016

4

5                                    */s/John E. McDermott*
                                     The Honorable John E. McDermott
6                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ___ __, 2016 in the case of *In re Silver Wheaton Corp. Securities Litigation*, Master File No.: 2:15-cv-05146-CAS (JEMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order and solely for the purposes of this Action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## ATTESTATION OF CONCURRENCE IN FILING

2        Pursuant to Local Rule 5-4.3.4 of the United States District Court for the

3  Central District of California, I attest that Counsel for Lead Plaintiff Joe Elek and

4  Counsel for Defendants Silver Wheaton, Randy Smallwood, Peter Barnes, and

5  Gary Brown have authorized the filing of this document.

6

7                           /s/ Jerome F. Birn, Jr.

8                           Jerome F. Birn, Jr.