Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-2684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the [Proposed] Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Case No.: 2:15-cv-05146-CAS(JEMx) c/w 2:15-cv-05173-CAS(JEMx) <br><br> CLASS ACTION <br><br> Judge: Hon. John E. McDermott <br> Courtroom: C – 8th Floor |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS LLP (CANADA)**

- 1 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

The United States District Court for the Central District of California presents its compliments to the appropriate judicial authorities, Ministry of Justice for British Columbia, Order in Council Administration Office, 1001 Douglas Street, (P.O. Box 9280 Stn Prov Govt), Victoria, British Columbia, V8W 2C5, Canada, and requests international judicial assistance to obtain documentary evidence from a non-party witness located in British Columbia, Canada to be used for a civil trial before this Court ("Letter of Request"). Based on Plaintiffs' allegations, this Court finds that there are sufficient grounds to obtain documentary evidence from PricewaterhouseCoopers LLP (Canada) ("PwC") in the above-referenced class action ("Action") and should be produced in the interests of justice.

This Letter of Request is made pursuant to, and in conformity with, the Canada Evidence Act, R.S.C. 1985, c. C-5, Part II, § 46(1), and the British Columbia Evidence Act, R.S.B.C. 1996, Chapter 124, § 53(1).

Based on the Plaintiffs' allegations and the evidence produced in the case through discovery, this Court finds there are sufficient grounds to obtain documentary evidence sought through this Letter of Request, attached hereto as Exhibit A that may be highly relevant to the issues in dispute. This Letter of Request fully complies with the Canada Evidence Act and the British Columbia Evidence Act.

The particulars of this Letter of Request follow:

**SECTION I**

**1. Sender / Requesting Authority:**

Laurence M. Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
USA
Telephone: (212) 686-1060
Facsimile: 212-202-3827

- 2 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

Email: lrosen@rosenlegal.com

*Requesting Authority:*

Honorable John E. McDermott, United States Magistrate Judge
United States District Court for the Central District of California
Spring Street Federal Courthouse,
312 N. Spring Street,
Courtroom 8C, 8th Floor,
Los Angeles, CA 90012
USA

**2. To the Appropriate Authority in Canada / The Receiving Judicial Authority:**

Ministry of Justice for British Columbia,
Order in Council Administration Office,
1001 Douglas Street,
(P.O. Box 9280 Stn Prov Govt),
Victoria, British Columbia,
V8W 2C5,
Canada

**3. Person to Whom the Executed Request is to be Returned:**

Laurence M. Rosen
The Rosen Law Firm, P.A.,
275 Madison Avenue, 34th Floor
New York, NY 10016
USA
Telephone: (212) 686-1060
Facsimile: 212-202-3827
Email: lrosen@rosenlegal.com

**4. Request for assistance**

Pursuant to the Canada Evidence Act, R.S.C. 1985, c. C-5 and the British Columbia Evidence Act, R.S.B.C. 1996, this Court respectfully requests the assistance described herein as necessary to further the interests of justice.

The Requesting Authority respectfully requests that PricewaterhouseCoopers

- 3 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

LLP (Canada) ("PwC") be ordered to produce the documents set out in Exhibit A hereto directly to counsel for Plaintiffs in the above-captioned matter. PwC's address is:

> PricewaterhouseCoopers
> 250 Howe Street, Suite 1400
> Vancouver, British Columbia V6C 3S7
> Canada

The Requesting Authority further requests that, following production, at a mutually agreeable time, the attorneys for Plaintiffs in the above-captioned matter, as officers of this Court, be permitted to orally examine one or more of the following employees of PwC:

> Elizabeth Finch (or other PwC employee to be identified)
> 250 Howe Street, Suite 1400
> Vancouver, British Columbia V6C 3S7
> Canada

-and/or-

Other PwC employees with knowledge

### 5. Name of the Case and Any Identifying Number

*Chris Masillionis v. Silver Wheaton Corp. et al*, Docket No. 2:15-cv-05146 (C.D. Cal. Jul 08, 2015), United States District Court for the Central District of California

### 6. Names and Addresses of the Parties and Their Representatives of the Case

### a. Plaintiffs

The Plaintiffs are Lead Plaintiff Joe Elek, and named Plaintiffs Thomas Bartsch, Jeffrey Frohwerk, Larry Brandow, Diana Choi, Ben Potaracke, Charles Montgomery, Jedrzej Borowczyk, and Charles Remmel, individually and on behalf of all others similarly situated:
*Represented by:*

- 4 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
355 South Grand Avenue, 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-2684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and [proposed] Counsel for the Class*

### b. Defendants

The Defendants are Silver Wheaton Corp. ("SW"), Randy V. J. Smallwood, Peter Barnes, and Gary Brown (the "Defendants"):

*Represented by:*

**WILSON SONSINI GOODRICH & ROSATI PC**
Barry M. Kaplan
Gregory L. Watts
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 447-0900
Facsimile: (206) 883-2699
Email: bkaplan@wsgr.com
Email: gwatts@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI PC**
Jerome F Birn, Jr.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Fax: (650) 565-5100

*Counsel for Defendants Silver Wheaton Corp., Randy V. J. Smallwood, Peter Barnes, and Gary Brown*

### 7. Nature and Purpose of the Proceedings and Summary of the Facts

**Nature and Purpose of the Claims**

The claims in this class action arise under Sections 10(b) and 20(a) of the

- 5 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

U.S. Securities Exchange of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder.[1] These claims are brought on behalf of a putative class consisting of all persons and entities who purchased the publically traded securities of Silver Wheaton Corp. ("SW") (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015 (the "Class").[2] On June 6, 2016, the court denied Defendants' motion to dismiss the claims asserted in Plaintiffs' amended complaint filed on December 18, 2016. *See* Exhibit C. Defendants have filed an Answer in which they have denied all allegations of wrongdoing asserted in the Amended Complaint. *See* Exhibit D.

**Plaintiffs' Allegations**

### i. Plaintiffs' Claims Generally

As more fully set out in Exhibit B, Plaintiffs allege that the Defendants violated the Exchange Act by concealing from investors that they had concealed over $567 million in Canadian income in the period between 2005 and 2010. Plaintiffs allege that because SW had underpaid income tax in 2005-2010, accounting principles required Defendants to record or disclose on SW's financial statements filed during the Class Period a contingent tax liability of approximately $207 million relating to the income it had concealed. Plaintiffs allege that by omitting such disclosure, Defendants artificially inflated SW's stock price. Plaintiffs allege that on July 6, 2015, SW announced that the Canada Revenue Agency (the "CRA") had reassessed its taxes for the years 2005-2010, resulting in liability of $207 million (the "Reassessment"). Plaintiffs allege that the next day,

---

[1] SW's stock traded on the New York Stock Exchange (the "NYSE").

[2] Excluded from the Class are Defendants, all present and former officers and directors of SW and any subsidiary thereof, members of such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

- 6 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

the price of SW shares fell $2.08 per share or approximately 12%.

### ii. Plaintiffs' Claims as They Relate to PwC

PwC is not a party to this Action. However, evidence to support Plaintiffs' claims or Defendants' defenses is undoubtedly in PwC's possession, custody or control. SW has represented that it retained PwC to conduct transfer pricing studies (the "Studies"), on which it represents it relied in taking its transfer pricing position. It has cited the Studies as evidence both in this Action and its appeal of the Reassessment.

Information concerning the scope of work for the Studies, the basis for the Studies' conclusions and assumptions, and any presentations made by PwC to SW concerning the Studies would be relevant to Plaintiffs' claims or Defendants' defenses. Plaintiffs represent that they believe that PwC is the only party that has possession, custody or control of a complete set of the Study-related documents described in Exhibit A.

### 8. Evidence to be Obtained and Purpose

This Court requests that the appropriate judicial authority in British Columbia, Canada compel PwC to produce the documentary evidence described in Exhibit A, and to designate a representative to sit for an examination. PwC is located in British Columbia, Canada and the documentary evidence to be examined is located outside of the United States.

Plaintiffs seek from PwC authenticated copies of the documents identified in Exhibit A alleged to be relevant to the claims alleged in the Action. While this Court expresses no view as to the merits of the Action or any related motions in the Action, based on Plaintiffs' representations, it believes that the documentary evidence sought here is relevant and probative of material facts for trial in the Action and that production of this documentary evidence may advance the interests of justice.

- 7 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

It is respectfully requested that the competent judicial authority in British Columbia, Canada compel PwC to produce copies of the documents that are identified in Exhibit A.

If any portion of this Letter of Request is deemed unacceptable under the laws of British Columbia, Canada, please disregard that portion and continue to comply with as much of the Letter of Request as is legally permissible.

### 9. Statement of the Subject Matter About Which the Person Will be Examined

The Court requests the oral testimony under oath of the witnesses to be taken by counsel for Plaintiffs. If local law does not permit the use of oath or affirmation, then the evidence should be taken in the normal manner permitted by law. It is requested that the examination be conducted in person and by video and stenographic means, and continue from day to day until completed. In connection with the taking of testimony of the witnesses, counsel for Plaintiffs has this Court's permission to refer the witness to documents previously produced or available in the U.S. proceedings.

The subject of the examinations of each of the witnesses may include:
- The facts concerning the documents produced in response to these Requests.
- The facts concerning other documents produced in this action.
- The Studies, including any assumptions and limitations.
- The facts and circumstances of SLW's engagement of PwC to conduct the Studies.
- Presentations of the Studies and their results made to SLW.

This Court confirms that it is proposed that the examination of each of the witnesses occur at a mutually convenient location to be negotiated and agreed upon by counsel and the witnesses, on mutually agreeable dates and times to be coordinated by counsel and the witnesses, but in any event no later than August 31,

- 8 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS
LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM

2017, provided however that the deposition(s) shall occur not less than 45 days after PwC has produced all required documents.

## CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, documents, and things described herein from the Ministry of Justice for British Columbia. This Court extends to all judicial and other authorities of British Columbia, Canada the assurances of its highest consideration.

This Court expresses its sincere willingness to provide similar assistance to the courts of British Columbia, Canada if future circumstances require.

Date: March 8, 2017



HONORABLE JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES, CALIFORNIA, UNITED STATES

**Kiry K. Gray, Clerk of Court**

by _SAnthony_
Deputy Clerk ShaRon Anthony



Seal

- 9 -

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO PRICEWATERHOUSECOOPERS LLP (CANADA)
NO. 2:15-CV-05146-CAS-JEM