**[REDACTED] CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-5146-CAS (JEMx)  <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Laurence Rosen      Jerome Birn, Jr.

Barry Kaplan

Attorneys Present for Intervenors

Alexander Mircheff

Lee Dunst

**Proceedings:**    [REDACTED] PLAINTIFFS' MOTIONS TO (A) MODIFY THE SCHEDULING ORDER AND (B) FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Dkt. 191, filed February 5, 2018)

## I. INTRODUCTION & BACKGROUND

On July 8, 2015, plaintiff Chris Masilionis filed this securities class action against defendants Silver Wheaton Corp. ("Silver Wheaton"), Randy V. J. Smallwood ("Smallwood"), Peter Barnes ("Barnes"), and Gary Brown ("Brown") (collectively, "defendants"). Dkt. 1. On October 19, 2015, the Court consolidated the action with Steve Klein, et al. v. Silver Wheaton Corp., et al., Case No: 2:15-cv-5173-CAS-JEM, and appointed Joe Elek as lead plaintiff. Dkt. 55. Plaintiffs' consolidated amended complaint, filed on December 18, 2016, asserts two claims for relief: (1) violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) et seq. ("the Exchange Act"), and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.10b-5) against all defendants, and (2) violation of Section 20(a) of the Exchange Act against all individual defendants. Dkt. 60 ("CAC"). Plaintiffs allege that the class period runs from March 30, 2011 to July 6, 2015, inclusive ("the Class Period"). Id. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL      'O'**

| Case No. | 2:15-cv-5146-CAS (JEMx)<br>2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

In brief, plaintiffs allege that Silver Wheaton, a Canadian precious metals streaming company traded on the New York Stock Exchange, set up a Cayman Islands subsidiary, Silver Wheaton Cayman ("SW Cayman"), as a mere "conduit" for its business operations. CAC ¶¶ 18, 72. Silver Wheaton allegedly did not pay tax on the income it routed through SW Cayman in violation of the transfer pricing provisions of Canada's Income Tax Act. Id. ¶¶ 4–5. Plaintiffs allege that Silver Wheaton knew its tax position was tenuous, in part because of an ongoing Canada Revenue Agency ("CRA") audit, but failed to record a $207 million tax liability or disclose an equivalent contingent tax liability in its annual and quarterly reports filed with the Securities and Exchange Commissions ("SEC") during the Class Period. Id. ¶¶ 7, 144. On July 6, 2015, Silver Wheaton issued a press release announcing that the CRA was proposing to reassess the company's tax liability; and the following day Silver Wheaton's share price fell $2.08 or approximately 12 percent to close at $15.46 per share. Id. ¶¶ 175–76.

On January 29, 2016, defendants filed a motion to dismiss the CAC, arguing that plaintiffs failed to state a Rule 10b–5 claim under the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4. Dkt. 61. On June 6, 2016, the Court denied the motion—finding that plaintiffs (1) adequately alleged defendants made false or misleading statements in its SEC filings; and (2) alleged facts raising a strong inference of scienter notwithstanding defendants' asserted reliance on their auditors and accountants, Deloitte and Pricewaterhouse Coopers. Dkt. 79. Discovery, which had been stayed pursuant to the PSLRA, commenced and the parties filed a Joint Rule 26(f) Report on July 13, 2016. Dkt. 84. The parties proposed a November 1, 2016 deadline for motions to amend the pleadings or add parties. Id. On November 7, 2016, the Court held a Scheduling Conference and adopted the proposed deadline. Dkt. 96. After moving for class certification on November 1, 2016, plaintiffs initiated the letters rogatory process to seek third-party discovery from Deloitte's Canadian affiliate, Deloitte LLP ("Deloitte"). Dkt. 91. On May 8, 2017, the Court granted plaintiffs' motion for class certification. Dkt. 148.

On February 5, 2018, plaintiffs filed the instant motion to modify the scheduling order and for leave to file a proposed Second Amended Complaint ("SAC") adding Deloitte as a defendant. Dkt. 191 ("Mot."). On February 26, 2018, Deloitte filed an unopposed motion to intervene for the limited purpose of opposing plaintiffs' motion. Dkt. 211. Defendants and Deloitte filed their respective oppositions on March 1 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:15-cv-5146-CAS (JEMx)<br>2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

March 5, 2018. Dkt. 221 ("SW Opp'n"); dkt. 223-1 ("Dlt. Opp'n"). On March 14, 2018, plaintiffs filed a reply. Dkt. 238 ("Reply"). The Court held a hearing on March 26, 2018. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Once the deadline to file amended pleadings has passed, a party seeking leave to amend must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The scheduling order may be modified only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Id. at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a) "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and whether to permit amendment is a decision "entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982).

## III.    DISCUSSION

Plaintiffs contend there is "good cause" to modify the Scheduling Order and seek leave to assert a claim against Deloitte for violation of Section 20(a) of the Exchange Act. Mot. at 1. Plaintiffs maintain they have pursued discovery diligently and did not seek to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:15-cv-5146-CAS (JEMx) <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

add Deloitte earlier because they had no reason to suspect wrongdoing and only obtained the documents necessary to state a claim against the auditor in January 2018. Id. at 1–2. Defendants and Deloitte contend that plaintiffs have been on notice that Deloitte was a potential defendant but failed to investigate their claim prior to the November 1, 2016 deadline, and have not been diligent in pursuing discovery or seeking leave to amend. SW Opp'n at 1–2; Dlt. Opp'n at 1–2. Defendants and Deloitte argue that they face significant prejudice and assert that plaintiffs are engaging in improper gamesmanship. SW Opp'n at 3; Dlt. Opp'n at 2–3. Defendants further argue the motion should be denied pursuant to Rule 15(a) because amendment would be futile. SW Opp'n at 3. The Court address these arguments below.

### A.     Rule 16(b) Good Cause Requirement

A moving party may establish "good cause" under Rule 16(b)(4) by showing that (1) she was diligent in assisting the court in crafting a workable scheduling order; (2) her noncompliance with a deadline occurred notwithstanding diligent efforts to comply because of matters that were not reasonably foreseeable or anticipated at the time of the scheduling conference; and (3) she was diligent in seeking amendment once it became apparent that she could not comply with the order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The Court also considers the existence and degree of prejudice to the non-moving parties in determining whether there is good cause to permit modification. See Johnson, 975 F.2d at 609.

#### 1.     Plaintiffs' Diligence Prior to the Scheduling Conference

Because plaintiffs did not seek third-party discovery from Deloitte until after the November 1, 2016 deadline to amend the pleadings or add parties had expired, defendants and Deloitte argue that plaintiffs cannot show good cause. SW Opp'n at 7–9; Dlt. Opp'n at 9–11. Deloitte argues that plaintiffs were not diligent in creating a workable scheduling order because it was plainly foreseeable that their potential claims against the auditor needed to be investigated well in advance of the November 1, 2016 deadline. Id. at 10–11 (citing Jackson, 186 F.R.D. at 608). Whether plaintiffs' failure to seek discovery from Deloitte prior to the deadline precludes a finding of good cause depends, in large part, on when plaintiffs were put on notice that they had a potential claim against the auditor. The parties dispute this issue sharply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:15-cv-5146-CAS (JEMx)<br>2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

    Defendants note that plaintiffs have known about Deloitte's identity and involvement since the beginning of the case. SW Opp'n at 6. For example, defendants' motion to dismiss filed on January 29, 2016 indicated that Silver Wheaton was relying on Deloitte's clean audit opinions to negate scienter. Id. The Court briefly discussed this asserted defense in its order denying the motion. See Dkt. 79 at 21–22. In addition, defendants asserted an affirmative defense of good faith reliance on the advice of "experts and professional advisors" in their Answer, filed July 20, 2016. SW Opp'n at 7. [REDACTED] Because plaintiffs did not contact Deloitte until November 15, 2016 and made no effort to extend the November 1, 2016 deadline for amending pleadings or adding parties, defendants argue that plaintiffs lacked diligence. Id. at 8; Dlt. Opp'n at 9–11.

    Plaintiffs maintain that after surviving a motion to dismiss, they "had no reason to suspect, and did not suspect, that discovery might reveal facts allowing them to state a claim against Deloitte." Reply at 4. Plaintiffs note that the PSLRA's pleading requirements are stringent. Id. Where the defendant is an auditor, a plaintiff must allege facts showing "the accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same fact." New Mexico State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1098 (9th Cir. 2011) (citation omitted). Plaintiffs' CAC relied on allegations by a former employee of SW Cayman ("FE1"), who stated that Silver Wheaton withheld information from the company's auditors, including Deloitte. See CAC ¶¶ 181–85. Based on these allegations, plaintiffs concluded that they did not likely have claims against Deloitte. Reply at 4. [REDACTED]

    The Court finds no reason to fault plaintiffs for relying FE1's allegations that Silver Wheaton withheld information from its auditors. In light of these allegations, defendants' asserted defense that it was relying on clean audit opinions does not necessarily implicate Deloitte in the alleged securities fraud. It is therefore unsurprising that plaintiffs did not anticipate needing to seek leave to amend or modify the scheduling order until defendants produced allegedly inculpatory documents in discovery. Plaintiffs have otherwise shown that they diligently pursued discovery starting in July 2016 while preparing to move for class certification. Accordingly, the Court finds that plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-5146-CAS (JEMx) <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

were diligent in the period leading up to the Scheduling Conference and that their noncompliance was the result of events that were not reasonably foreseeable or anticipated at that time. See Jackson, 186 F.R.D. at 608.

### 2. Plaintiffs' Diligence in Seeking Discovery and Amendment

Defendants and Deloitte also contend that plaintiffs were dilatory during discovery and did not diligently seek leave to amend their complaint as documents were being produced. SW Opp'n at 8–9; Dlt. Opp'n at 12–15. Having reviewed the timeline set forth in the briefs and the record, the Court finds no indication that plaintiffs were behaving in a dilatory fashion. [REDACTED] Plaintiff have filed or served three motions to compel, one of which has been resolved in their favor. See dkt. 127. Plaintiffs have also conducted extensive foreign and third party discovery—requiring plaintiffs to obtain letters rogatory from this Court, retain counsel and an accounting expert in Canada, and file proceedings in a Canadian provincial court to enforce the letters rogatory over Deloitte's objections. See Mot. at 2–10; Dlt. Opp'n at 4–8; Reply at 6–11. The Court accordingly finds that plaintiffs have diligently pursued discovery against both defendants and Deloitte.

Plaintiffs acknowledge that based on documents produced in October 2017 pursuant to letters rogatory, they learned that Deloitte both identified and had been made aware of serious deficiencies in Silver Wheaton's tax position. Mot. at 13. [REDACTED] Defendants and Deloitte argue these productions show a lack of diligence because plaintiffs did not move to modify the scheduling order and seek leave to amend when this information was first produced. Id. at 12; Dlt. Opp'n at 13–15. Deloitte notes "[c]ourts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16." Id. at 14–15 (quoting Sako v. Wells Fargo Bank, Nat. Ass'n, No. 14CV1034-GPC JMA, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015)).

However, unlike Sako and other cases relied upon by Deloitte where the claims were subject to notice pleading, here, plaintiffs must meet Rule 9(b)'s heightened standard and the "more exacting pleading requirements" of the PSLRA. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009). Plaintiffs must also satisfy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:15-cv-5146-CAS (JEMx)<br>2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

the particularly difficult standard for pleading a Rule 10b–5 claim against an auditor. See New Mexico State Inv. Council, 641 F.3d at 1097–98; see also DSAM Glob. Value Fund v. Altris Software, Inc., 288 F.3d 385, 390 (9th Cir. 2002) (noting that an complaint against an auditor will dismissed unless based on "specific facts that shed light on the mental state" of the defendant). Accordingly, the Court finds it reasonable under the circumstances for plaintiffs to have waited to amend their complaint until after Deloitte produced additional documents and their audit work papers on January 5, 2018. An earlier attempt at amendment could very well have resulted in dismissal under the PSLRA's stringent pleading standards.

For these reasons, the Court finds that plaintiffs have demonstrated diligence in pursuing this litigation.

### 3.     Prejudice to Defendants and Deloitte

Defendants and Deloitte contend they will face significant prejudice if plaintiffs are granted leave to amend. First, defendants argue that plaintiffs are improperly attempting to change their theory of liability just as fact discovery is scheduled to close. SW Opp'n at 17–18. [REDACTED] Although prejudice may arise where new claims require defendants to undertake an entirely new course of defense late in the litigation, see Morongo Band of Mission Indians, 893 F.2d at 1079, there is no indication here that defendants will have to abandon their current defense strategy. The addition of Deloitte will not prevent defendants from asserting their affirmative defense.

Defendants further argue they will be prejudiced by delays and increased litigation costs if Deloitte is joined at this late stage. SW Opp'n at 20. Deloitte would likely move to dismiss, which would require several months to resolve during which discovery would be stayed pursuant to the PSLRA.[1] Id. If the motion to dismiss is denied, defendants argue that Deloitte would need time to [REDACTED]. Defendants argue that the

---

[1] The PSLRA "provides that, upon the filing of a motion to dismiss by the defendants in a private securities fraud action, 'all discovery and other proceedings shall be stayed during the pendency' of such motion." Medhekar v. U.S. Dist. Court for the N. Dist. of California, 99 F.3d 325, 327 (9th Cir. 1996) (quoting 15 U.S.C. § 78u–4(b)(3)(B)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:15-cv-5146-CAS (JEMx) <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

depositions of six witnesses would effectively need to be retaken. Id. Similarly, Deloitte argues that granting leave to amend would result in "tremendous disruption" because, according to basic principles of due process, it must be allowed the opportunity to relitigate all legal and factual issues already decided in this case, including class certification. Dlt. Opp'n at 18–20.

If joined as a defendant, Deloitte will have the opportunity to seek dismissal of plaintiffs' claims. Deloitte will also have the opportunity to challenge the propriety of class certification—plaintiffs will likely move to certify the class against Deloitte; and Deloitte may also seek decertification. The current case schedule will likely require modification. Nevertheless, the Court anticipates that neither defendants nor Deloitte will be required to engage in substantial additional document discovery. The Court also considers decertification unlikely given the nature of this securities class action. To the extent that limited discovery may be required, however, "the need for additional discovery is insufficient by itself to deny a proposed amended pleading based on prejudice." Greenfield v. Am. W. Airlines, Inc., No. C03-05183 MHP, 2004 WL 2600135, at *4 (N.D. Cal. Nov. 16, 2004); see also Newton v. Am. Debt Servs., Inc., No. C-11-3228 EMC, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013) (additional discovery alone is not sufficient prejudice).

Deloitte argues that plaintiffs are attempting an "end-run" around the PSLRA's discovery stay through third-party discovery. Dlt. Opp'n at 15–20. Deloitte notes the Ninth Circuit in Medhekar stated that by enacting that discovery stay, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." 99 F.3d 325, 328 (9th Cir. 1996). However, Medhekar did not involve third-party discovery, and the Ninth Circuit has since held that "a party does not violate a PSLRA discovery stay by relying on materials provided by a third-party pursuant to a valid subpoena issued when no PSLRA discovery stay was in effect." Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 970 (9th Cir. 2014). Courts in this circuit also freely grant leave to amend in securities cases where plaintiffs learn new information during discovery. See, e.g., In re Allstate Life Ins. Co. Litig., No. CV-09-8162-PCT-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:15-cv-5146-CAS (JEMx) <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

GMS, 2012 WL 176497, at *6 (D. Ariz. Jan. 23, 2012).[2] Because no discovery stay was in effect when plaintiffs obtained and enforced letters rogatory against Deloitte, there has been no violation of the PSLRA. Moreover, the purpose of the PSLRA is "to prevent unnecessary imposition of discovery costs on defendants," Petrie, 761 F.3d at 969 (citation omitted), not to preclude parties from using legitimately obtained discovery to refine their case. The Court accordingly finds no prejudicial use of third-party discovery by plaintiffs. Relatedly, Deloitte argues that plaintiffs are engaging in a "bait-and-switch" and should be judicially estopped from making new allegations that are inconsistent with their prior exculpatory allegations. Dlt. Opp'n at 16–17. However, plaintiffs' allegations are not necessarily inconsistent or contradictory; and the Court has no reason to believe that plaintiffs are acting in bad faith.

The Court therefore finds that neither defendants nor Deloitte would be significantly prejudiced if plaintiffs were permitted leave to amend. Accordingly, plaintiffs have demonstrated "good cause" to modify the scheduling order pursuant to Rule 16(b)(4).

### B. Leave to Amend Under Rule 15(a)

As previously noted, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit instructs courts to apply this discretionary standard "with extreme liberality." Morongo Band of Mission Indians, 893 F.2d at 1079. Accordingly, leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff, 649 F.3d at 1152. Here, the Court has already determined that (1) there is no showing of bad faith; (2) plaintiffs have been diligently pursuing discovery and thus there is no undue delay in bring the instant motion; and (3) neither defendants nor Deloitte would be significantly prejudiced if plaintiffs are permitted leave to amend. Defendants assert that amendment would be futile because plaintiffs' Rule 10b–5 claim is time barred. SW Opp'n at 22–23. However, recognizing this Court's view that futility arguments "are more properly addressed on a motion to dismiss," Rowen v. Bank of Am., N.A., No. CV

---

[2] The cases relied upon by Deloitte, In re Petrobras Sec. Litig., No. 14-CV-9662 (JSR), 2016 WL 3144395 (S.D.N.Y. May 5, 2016) and In re Bisys Sec. Litig., 496 F.Supp.2d 384 (S.D.N.Y. 2007), are distinguishable because they involve attempts by plaintiffs to revive Rule 10b–5 claims that had already been dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-5146-CAS (JEMx) <br> 2:15-cv-5173-CAS (JEMx) | Date | March 26, 2018 |
|---|---|---|---|
| Title | IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | | |

12-1762 CAS(MAN)x, 2013 WL 140219, at *2 (C.D. Cal. Jan. 7, 2013), Deloitte has reserved its rights to make these arguments should the Court grant plaintiffs' motion. Dlt. Opp'n at 22–23.

In light of Rule 15(a)'s liberal standard, the Court will grant plaintiffs leave to file their proposed SAC.

## IV. CONCLUSION

In light of the foregoing, plaintiffs' motion to modify the Scheduling Order and for leave to file the proposed SAC is hereby **GRANTED**. The parties and Deloitte are directed to meet and confer regarding any further extension of the case schedule necessitated by the filing of the proposed SAC.

IT IS SO ORDERED.

|  | 00 | 12 |
|---|---|---|
| Initials of Preparer | | CMJ |