LEE G. DUNST (*admitted pro hac vice*)
ldunst@gibsondunn.com
BENJAMIN S. MISHKIN (*admitted pro hac vice*)
bmishkin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

ALEXANDER K. MIRCHEFF, SBN 245074
amircheff@gibsondunn.com
GREGORY S. BOK, SBN 298239
gbok@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant DELOITTE LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVER WHEATON CORP. SECURITIES LITIGATION | Master File No. 2:15-cv-05146-CAS-(PJWx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL<br><br>[filed concurrently with Notice of Motion and Motion to Dismiss; Memorandum; Declaration of Alexander K. Mircheff; Exhibits 1-45; Application to Seal and Supporting Documents; Proposed Order]<br><br>Date: August 20, 2018<br>Time: 10:00 a.m.<br>Judge: Christina A. Snyder<br>Ctrm: 8D |

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

# TABLE OF CONTENTS

Page

I. THE LEGAL STANDARD ..................................................................................1

II. THE DOCUMENTS MAY BE CONSIDERED .................................................3

    A. Silver Wheaton's Form 40-Fs (Exhibits 1 to 4)...........................................3

    B. Press Release (Exhibit 5) .............................................................................4

    C. Deposition Transcripts (Exhibits 6, 7, & 8)..................................................4

    D. Transfer Pricing Reports (Exhibits 9 to 16) .................................................5

    E. Audit Working Papers (Exhibits 17 to 38) ..................................................6

    F. Additional Miscellaneous Documents Incorporated By Reference (Exhibits 39 to 45)....................................................................................10

III. CONCLUSION ...................................................................................................11

ii

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Cases**

*In re Am. Apparel, Inc. S'holder Litig.*,
 855 F. Supp. 2d 1043 (C.D. Cal. 2012) ................................................................. 3

*In re Autodesk, Inc., Sec. Litig.*,
 132 F. Supp. 2d 833 (N.D. Cal. 2000) ................................................................ 2, 6

*Branch v. Tunnell*,
 14 F.3d 449 (9th Cir. 1994) ................................................................................... 4

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
 880 F. Supp. 2d 1045 (N.D. Cal. 2012) ................................................................ 3

*Davis v. HSBC Bank Nevada, N.A.*,
 691 F.3d 1152 (9th Cir. 2012) ........................................................................... 1, 8

*Dreiling v. Am. Express Co.*,
 458 F.3d 942 (9th Cir. 2006) ................................................................................. 3

*Falkenberg v. Alere Home Monitoring, Inc.*,
 2014 WL 5020431 (N.D. Cal. Oct. 7, 2014) ......................................................... 1

*Garrison v. Oracle Corp.*,
 159 F. Supp. 3d 1044 (N.D. Cal. 2016) ................................................................ 4

*Glenbrook Capital Ltd. P'ship v. Kuo*,
 2008 WL 929429 (N.D. Cal. Apr. 3, 2008) ........................................................... 4

*In re Homestore.com, Inc. Sec. Litig.*,
 347 F. Supp. 2d 814 (C.D. Cal. 2004) ................................................................... 4

*In re Infonet Servs. Corp. Sec. Litig.*,
 310 F. Supp. 2d 1106 (C.D. Cal. 2004) ................................................................. 2

*In re Int'l Rectifier Corp. Sec. Litig.*,
 2008 WL 4555794 (C.D. Cal. May 23, 2008) ...................................................... 3

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) ............................................................................... 1

*Lee v. City of Los Angeles*,
 250 F.3d 668 (9th Cir. 2001) ................................................................................. 3

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

*In re Ligand Pharm., Inc. Sec. Litig.*,
  2005 WL 2461151 (S.D. Cal. Sept. 27, 2005) ........................................................... 4

*In re Netflix, Inc. Sec. Litig.*,
  2005 WL 3096209 (N.D. Cal. Nov. 18, 2005) .......................................................... 4

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ............................................................................ 4, 8

*Patel v. Parnes*,
  253 F.R.D. 531 (C.D. Cal. 2008) ............................................................................ 4

*Peel v. BrooksAmerica Mortg. Corp.*,
  788 F. Supp. 2d 1149 (C.D. Cal. 2011) .................................................................. 2

*Sarkar v. World Sav. FSB*,
  2014 WL 457901 (N.D. Cal. Jan. 31, 2014) ........................................................... 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................. 2, 6

*Steckman v. Hart Brewing Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................................................ 2

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................. 2, 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................ 1

*In re Turbodyne Techs., Inc. Sec. Litig.*,
  2000 WL 33961193 (C.D. Cal. Mar. 15, 2000) ...................................................... 1

*In re Ubiquiti Networks, Inc. Sec. Litig.*,
  33 F. Supp. 3d 1107 (N.D. Cal. 2014) .................................................................... 1

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ..................................................................... 1, 6, 7, 8

*Van Buskirk v. Cable News Network, Inc.*,
  284 F.3d 977 (9th Cir. 2002) .................................................................................. 1

*In re Wet Seal, Inc. Sec. Litig.*,
  518 F. Supp. 2d 1148 (C.D. Cal. 2007) ............................................................... 2, 3

iv

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

**Rules**

Fed. R. Evid. 201 ................................................................................................. 1, 2, 3

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 2, 6, 8, 9

v

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

In accordance with Federal Rule of Evidence 201, Defendant Deloitte LLP ("Deloitte") respectfully request that the Court consider, under the doctrine of incorporation by reference, the documents attached as Exhibits 1 to 45 to the concurrently filed Declaration of Alexander K. Mircheff submitted in support of Deloitte's Motion to Dismiss the Second Amended Complaint ("SAC").

## I.  THE LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (emphasis added).

Under the "'incorporation by reference' doctrine in this Circuit, 'a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002)). "Specifically, courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Id*. (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)).  "A court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see, e.g.*, *Falkenberg v. Alere Home Monitoring, Inc.*, 2014 WL 5020431, at *1 n.1 (N.D. Cal. Oct. 7, 2014); *In re Ubiquiti Networks, Inc. Sec. Litig.*, 33 F. Supp. 3d 1107, 1118 n.2 (N.D. Cal. 2014); *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("By incorporating the documents, plaintiffs have made the allegations their own, and they must thus be considered true for purposes of this motion to dismiss. . . .").

The purpose of the incorporation by reference doctrine is to "[p]revent [ ]

Gibson, Dunn & Crutcher LLP

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011). Thus, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). Indeed, a plaintiff can "plead himself out of a claim by including unnecessary details contrary to his claims," including by incorporating documents that contradict them. *Sprewell*, 266 F.3d at 988-89 (affirming district court's dismissal of complaint under Rule 12(b)(6) where document incorporated by reference in the complaint "prove[d] fatal to [the plaintiff's] claims"). Furthermore, the full text of documents referenced or cited in a complaint may be considered even though the complaint quotes only portions of those documents. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ("[O]n a motion to dismiss securities fraud claims, 'the court may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions,' without converting the motion to a motion for summary judgment." (quoting *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2004))); *In re Autodesk, Inc., Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) ("[A] defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim. Thus, the court may consider the full text of a document the complaint quotes only in part." (citation omitted)).

In addition, pursuant to Federal Rule of Evidence 201, a court may take judicial notice of relevant facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). This includes facts that are "generally known within the trial court's territorial

Gibson, Dunn & Crutcher LLP

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

jurisdiction," and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Facts subject to judicial notice may be considered on a motion to dismiss. *E.g.*, *NVIDIA*, 768 F.3d at 1051; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012).

The Exhibits to the Declaration of Alexander K. Mircheff referenced above may be considered for one or both of these reasons.

## II. THE DOCUMENTS MAY BE CONSIDERED

### A. Silver Wheaton's Form 40-Fs (Exhibits 1 to 4)

The Court may take judicial notice of Silver Wheaton Corp.'s ("Silver Wheaton") SEC filings attached as Exhibits 1 to 4. *See, e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); *In re Wet Seal*, 518 F. Supp. 2d at 1158 (in ruling on a motion to dismiss, "the court may consider public filings, including SEC filings" (internal citations and emphases omitted)). This includes annual reports. *See, e.g.*, *In re Am. Apparel*, 855 F. Supp. 2d at 1062 (taking judicial notice of defendant's Forms 8-K and 10-K); *In re Int'l Rectifier Corp. Sec. Litig.*, 2008 WL 4555794, at *1 (C.D. Cal. May 23, 2008) (granting defendants' request for judicial notice of certain documents that defendants filed with the SEC including Form 10-K).

The Court may also consider these documents because they are cited extensively in the SAC, and are therefore incorporated by reference.

Accordingly, the Court may consider the SEC filings attached as Exhibits 1 to 4, either by taking judicial notice of them or under the doctrine of incorporation by reference.

Gibson, Dunn & Crutcher LLP

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

B. **Press Release (Exhibit 5)**

This Court may take judicial notice of the July 6, 2015 Silver Wheaton press release titled "Silver Wheaton Remains Confident in Business Structure Following Receipt of CRA Proposal Letter," attached as Exhibit 5. "[C]ourts in the Ninth Circuit routinely grant judicial notice of press releases." *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008); *see also, e.g.*, *In re Netflix, Inc. Sec. Litig.*, 2005 WL 3096209, at *1 (N.D. Cal. Nov. 18, 2005); *In re Ligand Pharm., Inc. Sec. Litig.*, 2005 WL 2461151, at *4 & n.3 (S.D. Cal. Sept. 27, 2005); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004).

In addition, it is appropriate to consider the press release under the doctrine of incorporation by reference because the press release is cited extensively in the SAC, *see, e.g.*, SAC ¶ 461, and Plaintiffs' theory of loss causation is explicitly premised on its contents. *See id.* ¶¶ 461-62.

C. **Deposition Transcripts (Exhibits 6, 7, & 8)**

Deloitte also requests that the Court consider the transcript of the October 5, 2017 deposition of Bettina Charpentier, attached as Exhibit 6; the transcript of the December 8, 2017 deposition of Elisabeth Finch, attached as Exhibit 7; and the transcript of the January 11, 2018 deposition of Amy Cheema, attached as Exhibit 8. All three are incorporated in the SAC.

The Ninth Circuit has squarely held that deposition transcripts may be considered on a motion to dismiss where they are "expressly mentioned in the . . . complaint." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1061 (N.D. Cal. 2016); *Glenbrook Capital Ltd. P'ship v. Kuo*, 2008 WL 929429, at *6 (N.D. Cal. Apr. 3, 2008). The Court is not limited to the portion of the deposition Plaintiffs cite. *See, e.g.*, *In re NVIDIA*, 768 F.3d at 1058 n. 10 ("Because Plaintiffs incorporate by reference Mr. Hunt's declaration, relying on portions of it in their complaint, we may properly consider the declaration in its

Gibson, Dunn & Crutcher LLP

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

entirety.").

The SAC explicitly references and relies on the depositions of Bettina Charpentier, Elisabeth Finch, and Amy Cheema. Therefore, it is appropriate for the Court to consider the transcripts of these depositions in ruling on Deloitte's motion to dismiss the SAC.

### D. Transfer Pricing Reports (Exhibits 9 to 16)

Deloitte requests that the Court consider the following transfer pricing reports prepared by PricewaterhouseCoopers Canada ("PwC") for FY 2006-2014:

- **Exhibit 9**: PwC Silver Wheaton Transfer Pricing Review for Years Ended December 31, 2006, and December 31, 2007, which is cited at SAC ¶¶ 125, 223, and 224;
- **Exhibit 10**: PwC report titled "Silver Wheaton Corp. Transfer Pricing Review for the Year Ended December 31, 2008," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;
- **Exhibit 11**: PwC report titled "Silver Wheaton Corp. Transfer Pricing Review for the Year Ended December 31, 2009," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;
- **Exhibit 12**: PwC report titled "Silver Wheaton Corp. Transfer Pricing Review for the year ended December 31, 2010," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;
- **Exhibit 13**: PwC report titled "Silver Wheaton Corp. Transfer pricing update report For the Year Ended December 31, 2011," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;
- **Exhibit 14**: PwC report titled "Silver Wheaton Corp. Transfer pricing review For the year ended December 31, 2012," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;
- **Exhibit 15**: PwC report titled "Silver Wheaton Corp. Transfer pricing review For the year ended December 31, 2013," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240;

Gibson, Dunn & Crutcher LLP

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

1  - **Exhibit 16**:  PwC report titled "Silver Wheaton Corp. Transfer pricing review For the year ended December 31, 2014," which is one of the transfer pricing studies referenced at SAC ¶¶ 64, 231, and 240.

These reports are incorporated by reference in the SAC because the SAC cites them extensively, *see, e.g.*, SAC ¶¶ 64, 125, 223-24, 231, 240, and because they are central to Plaintiffs' claim against Deloitte, *id.* ¶ 10.  Because Plaintiffs have chosen to rely on portions of the transfer pricing reports to plead their claims, the Court can, and should, consider the reports in their entirety.  *See Autodesk*, 132 F. Supp. 2d at 837-38 ("[T]he court may consider the full text of a document the complaint quotes only in part." (citation omitted)); *Sprewell*, 266 F.3d at 988-89 (affirming district court's dismissal of complaint under Rule 12(b)(6) where document incorporated by reference in the complaint "prove[d] fatal to [the plaintiff's] claims").

E.  **Audit Working Papers (Exhibits 17 to 38)**

Deloitte requests that the Court consider the audit working papers for Fiscal Years ("FY") 2012 to 2014, which are cited extensively throughout the SAC and are central to Plaintiffs' claim against Deloitte.

It is well-established that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908.  The SAC repeatedly cites and relies on the content of Deloitte's working papers for its audits of Silver Wheaton.  *See, e.g.*, SAC ¶ 215 ███████████████ ███████████████, ¶ 342 ███████████████ ███████████████ ███████████████ ███████████████ ███████████████, ¶ 362 ███████████████

6
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

Gibson, Dunn & Crutcher LLP

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Deloitte's working papers are "central to," and "form[] the basis of," *Ritchie*, 342 F.3d at 908, Plaintiffs' claim that "Deloitte issued knowingly false audit reports." SAC ¶ 509. As the SAC states explicitly, that claim is premised on the assertion that "Deloitte's accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts." *Id*. The SAC attempts to support that assertion with repeated references to the purported content of Deloitte's working papers. *See, e.g.*, SAC ¶¶ 215, 230, 342, 362.

The SAC selectively cites some of the documents in Deloitte's working papers with reference to their unique Bates numbers. These include:

- **Exhibit 17**: Deloitte memorandum, dated February 4, 2007, which is cited at SAC ¶¶ 210-15, 217, 241, 327, 340;
- **Exhibit 18**: Deloitte minutes from a FY 2009 year-end planning meeting held on December 18, 2009, which are cited at SAC ¶ 377;
- **Exhibit 19**: Silver Wheaton report, dated July 23, 2010, which is cited at SAC ¶ 268;
- **Exhibit 20**: Deloitte memorandum, dated February 28, 2013, portions of which are cited at SAC ¶¶ 339, 352;
- **Exhibit 21**: Silver Wheaton memorandum, dated March 1, 2013, cited at SAC ¶ 351;
- **Exhibit 22**: Deloitte chart summarizing certain audit procedures, portions of which are cited at SAC ¶¶ 353-54;
- **Exhibit 23**: Deloitte memorandum, portions of which are cited at SAC ¶¶ 356-57;
- **Exhibit 24**: Deloitte chart summarizing certain audit procedures, which is cited at SAC ¶¶ 360-61;
- **Exhibit 25**: Deloitte report, dated December 31, 2014, portions of which are cited at SAC ¶ 363;
- **Exhibit 26**: Deloitte's FY 2013 Audit Service Plan for Silver Wheaton, which is

Gibson, Dunn & Crutcher LLP

7

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

cited at SAC ¶ 384;

- **Exhibit 27**: Deloitte's FY 2014 Audit Service Plan for Silver Wheaton, which is cited at SAC ¶¶ 384, 390;
- **Exhibit 28**: Silver Wheaton report, dated January 2009, which is cited at SAC ¶¶ 263, 266;
- **Exhibit 29**: Deloitte's FY 2012 Audit Service Plan for Silver Wheaton, which is cited at SAC ¶ 384.

There can be no serious dispute that, by relying on and citing these documents explicitly, the SAC incorporates these documents, and that the Court "may treat [them] as part of the complaint, and thus may assume that [their] contents are true for purposes of [this] motion to dismiss under Rule 12(b)(6)." *Davis*, 691 F.3d at 1160 (quoting *Ritchie*, 342 F.3d at 908).

      That is no less true of the other portions of the audit working papers Plaintiffs do not cite explicitly or have deliberately omitted, despite citing the audit working papers extensively and relying on their content to attempt to plead a claim against Deloitte. Indeed, the entire purpose of the doctrine of incorporation be reference is to prevent the exact pleading strategy Plaintiffs have adopted here—to improperly "surviv[e] a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz*, 476 F.3d at 763. Plaintiffs' theory is largely based on the erroneous assertion that Deloitte's working papers did not contain specific analysis when, in fact, they did. *See, e.g.*, SAC ¶ 337 ("[I]f Deloitte's audit working papers do not record a procedure as having been performed, then the procedure was not performed."). But having made the decision to "incorporate by reference . . . portions of" the working papers, Plaintiffs cannot prevent the Court from considering the papers in their "entirety." *NVIDIA*, 768 F.3d at 1058 n.10. In sum, just as a plaintiff may not plead a claim by relying on one passage of a declaration while omitting passages that are unfavorable, Plaintiffs cannot plead a claim by relying on portions of Deloitte's audit working papers while omitting or blatantly mischaracterizing the other portions of the

Gibson, Dunn & Crutcher LLP

8

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

working papers. *Cf. Sarkar v. World Sav. FSB*, 2014 WL 457901, at *3 (N.D. Cal. Jan. 31, 2014) (considering content of "audit" referenced in complaint and granting Rule 12(b)(6) motion).

Therefore, Deloitte requests that the Court consider the following documents, all of which were part of the audit working papers, the contents of which Plaintiffs repeatedly reference and rely on:

- **Exhibit 30**: Exhibit 30 is a true and correct copy of a Deloitte memorandum, dated March 11, 2013. This document is cross-referenced in a Deloitte memorandum, dated February 25, 2013, bearing Bates numbers DEL0008867-75 (*i.e.*, Exhibit 36), at DEL0008872. The Deloitte memorandum dated February 25, 2013 is, in turn, cross-referenced in a Silver Wheaton memorandum, dated March 1, 2013, bearing Bates numbers DEL0008877-78 (*i.e.*, Exhibit 21), at DEL0008878 (cited in ¶ 351 of the SAC). The March 11, 2013 Deloitte memorandum is a part of Deloitte's FY 2012 Audit Working Papers, which are referenced in ¶¶ 215, 350-51, and 385 of the SAC.

- **Exhibit 31**: Deloitte memorandum, dated March 17, 2014. This document is cross-referenced in a Deloitte report, dated December 31, 2014, bearing Bates numbers DEL0009559-64 (cited in ¶ 363 of the SAC) (*i.e.*, Exhibit 25). The March 17, 2014 Deloitte memorandum is a part of Deloitte's FY 2013 and FY 2014 Audit Working Papers, which are referenced in ¶¶ 215, 353-55, 359-62, and 385 of the SAC.

- **Exhibit 32**: Deloitte memorandum, dated February 15, 2008. This document is a part of Deloitte's FY 2007 Audit Working Papers, which are referenced in ¶ 215 of the SAC.

- **Exhibit 33**: February 12, 2008 Silver Wheaton memorandum from Mark Reineking. This document is a part of Deloitte's FY 2007 Audit Working Papers, which are referenced in ¶ 215 of the SAC.

- **Exhibit 34**: Deloitte memorandum, dated February 21, 2010. This document is a part of Deloitte's FY 2009 Audit Working Papers, which are referenced in ¶¶ 215 and 385 of the SAC.

Gibson, Dunn & Crutcher LLP

9

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

- **Exhibit 35**: Deloitte's FY 2012 Risk Assessment and Audit Plan for Silver Wheaton. This document is a part of Deloitte's FY 2012 Audit Working Papers, which are referenced in ¶¶ 215, 350-51, and 385 of the SAC.
- **Exhibit 36**: Deloitte memorandum, dated February 25, 2013. This document is cross-referenced in a Silver Wheaton memorandum, dated March 1, 2013, bearing Bates numbers DEL0008877-78, at DEL0008878 (cited in ¶ 351 of the SAC) (*i.e.*, Exhibit 21). This document also is a part of Deloitte's FY 2012 Audit Working Papers, which are referenced in ¶¶ 215, 350-51, and 385 of the SAC.
- **Exhibit 37**: Deloitte memorandum, dated February 17, 2014, bearing Bates numbers DEL0009486-96. This document is a part of Deloitte's FY 2013 Audit Working Papers, which are referenced in ¶¶ 215, 353-55, 362, and 385 of the SAC.
- **Exhibit 38**: Deloitte memorandum, dated February 18, 2014. This document is a part of Deloitte's FY 2013 Audit Working Papers, which are referenced in ¶¶ 215, 353-55, 362, and 385 of the SAC.

Because the contents of Deloitte's audit working papers are integral to Plaintiffs' claim, it is appropriate and necessary to consider the working papers in their totality, including the passages that directly undermine Plaintiffs' unfounded theory that Deloitte failed to conduct a robust audit.

### F. Additional Miscellaneous Documents Incorporated By Reference (Exhibits 39 to 45)

The SAC also explicitly references and relies on the following additional documents, and therefore also incorporates them by reference:

- **Exhibit 39**: Letter from CRA Auditor Rupert Wong, dated August 13, 2014, cited at SAC ¶¶ 317, 319-21;
- **Exhibit 40**: April 30, 2007 email exchange between Nolan Watson (Silver Wheaton) and Elisabeth Finch (PwC), copying Mark Reineking (Silver Wheaton), Bettina Charpentier (then-PwC), Barry Macdonald (PwC), Zulaika Bengali (PwC), cited at SAC ¶ 218;

Gibson, Dunn & Crutcher LLP

10
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)

- **Exhibit 41**: January 29, 2007 email from Nolan Watson (Silver Wheaton) to Jennette Chalcraft (Deloitte), copying Rob Stewart (Deloitte), Cindy Yu (Deloitte), and Mark Reineking (Silver Wheaton), cited at SAC ¶¶ 194-95, 248;

- **Exhibit 42**: February 4, 2010 email exchange between Jamie Beirnes (Silver Wheaton) and Amy Cheema (then-Deloitte), cited at SAC ¶ 378;

- **Exhibit 43**: February 22, 2010 email from Jamie Beirnes (Silver Wheaton) to Amy Cheema (then-Deloitte), copying Sarah Vallance (Deloitte), cited at SAC ¶ 378;

- **Exhibit 44**: Emails from Amy Cheema (then-Deloitte) to Jamie Beirnes (Silver Wheaton) and Gary Brown (Silver Wheaton), the former of which copies Jim Barron (Deloitte) and Sarah Vallance (Deloitte), dated December 7, 2009, cited at SAC ¶ 378;

- **Exhibit 45**: An email and its attachment from Zulaika Bengali (PwC) to Bettina Charpentier (then-PwC), copying Barry Macdonald (PwC) and Elisabeth Finch (PwC), dated December 11, 2007, the attachment to which is cited extensively at SAC ¶¶ 234, 238-39, 330, 340.

### III.   CONCLUSION

For the foregoing reasons, Deloitte respectfully requests that the Court consider under the doctrine of incorporation by reference, or take judicial notice of, the exhibits to the Declaration of Alexander K. Mircheff submitted in connection with Deloitte's Motion to Dismiss the Second Amended Complaint.

Dated:  June 4, 2018                      GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Lee G. Dunst*
           Lee G. Dunst

Attorneys for Defendant
Deloitte LLP

11

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DELOITTE LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT – 2:15-CV-05146-CAS-(PJWX)