BARRY M. KAPLAN, *admitted pro hac vice*
Email: bkaplan@wsgr.com
GREGORY L. WATTS, State Bar No. 197126
Email:  gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone:   (206) 883-2500
Facsimile:    (206) 883-2699

JEROME F. BIRN, JR., State Bar No. 128561
Email: jbirn@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants
Silver Wheaton Corp.
(now known as Wheaton Precious
Metals Corp.), Randy V. J. Smallwood,
Peter Barnes, and Gary Brown

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No. 2:15-cv-05146-CAS(PJWx) |
| | c/w: 2:15-cv-05173-CAS(PJWx) |
| | <u>CLASS ACTION</u> |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SILVER WHEATON DEFENDANTS' MOTION TO DISMISS AND NOTICE OF INCORPORATION BY REFERENCE** |
| | JUDGE:  Hon. Christina A. Snyder |
| | Date:      August 20, 2018 |
| | Time:     10:00 a.m. |
| | Dept:     8D, 8th Floor |
| | Before:  Hon. Christina A. Snyder |
| | Complaint Filed:  July 8, 2015 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

SW DEFS.' REQUEST FOR JUDICIAL NOTICE
& NOTICE OF INCORP. BY REFERENCE
CASE NO.: 2:15-CV-05146-CAS-PJW

Defendants Silver Wheaton Corp. ("Silver Wheaton" or the "Company"), Randy V.J. Smallwood, Peter Barnes, and Gary Brown (collectively, the "Silver Wheaton Defendants") respectfully request that this Court consider certain documents under the doctrine of incorporation by reference and take judicial notice of certain documents pursuant to Federal Rule of Evidence 201, as set forth herein in support of the Silver Wheaton Defendants' motion to dismiss plaintiffs' Consolidated Second Amended Complaint ("Second Amended Complaint" or "SAC") and memorandum of points and authorities in support thereof.

## ARGUMENT

When considering a motion to dismiss a claim under Section 10(b) of the Securities Exchange Act of 1934, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As explained below, many of the exhibits submitted in connection with the motion to dismiss are incorporated by express reference in the Second Amended Complaint ("¶ _"), and many also are appropriate subjects of judicial notice.

## I. THE COURT MAY CONSIDER DOCUMENTS REFERENCED IN OR FORMING THE BASIS OF THE AMENDED COMPLAINT

Under the doctrine of incorporation by reference, a court may consider on a motion to dismiss any documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("The district court did not err in considering [defendant's] SEC filings in ruling on the motion to dismiss" under the incorporation by reference doctrine (citation omitted)), *abrogation on other grounds recognized by South Ferry LP No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, No. CV 13-08440 MMM (SHx), 2015 WL 1775221,

at *15 (C.D. Cal. Apr. 14, 2015) (courts may consider documents referenced in complaint under the incorporation by reference doctrine).

Courts "may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions" without converting a motion to dismiss into a motion for summary judgment. *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003).  As the Ninth Circuit has stated, consideration of the "full text" of such documents, "including portions which were not mentioned in the complaint[,]" is appropriate in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see also Okla. Firefighters*, 2015 WL 1775221, at *15 (finding that the court could consider SEC Forms 4 not expressly referenced in the complaint under the doctrine of incorporation by reference).

Accordingly, the Court may consider the following documents, attached as exhibits to the Declaration of Jerome F. Birn, Jr. ("Birn Decl."), because they are incorporated by reference into the Second Amended Complaint:

1.    Exhibit 1:  IAS 37, referenced in the SAC at ¶¶ 409, 410, 430, 431, 439, 400, 448, 449, 457, 458.

2.    Exhibit 2:  International Accounting Standard ("IAS") 12, referenced in the SAC at ¶¶ 409, 410, 430, 431, 439, 440, 448, 449, 457, 458.

3.    Exhibit 4:  Excerpts from Silver Wheaton's Form 40-F for the year ended December 31, 2005, filed with the Securities and Exchange Commission ("SEC") on March 23, 2006, referenced in the SAC at ¶ 220.

4.    Exhibit 5:  Excerpts from Silver Wheaton's Form 40-F for the year ended December 31, 2006, filed with the SEC on March 26, 2007, referenced in the SAC at ¶¶ 175, 220.

5. <u>Exhibit 6</u>: Silver Wheaton's Form 40-F for the year ended December 31, 2010, filed with the SEC on March 30, 2011, referenced in the SAC at ¶¶ 414-420.

6. <u>Exhibit 7</u>: Silver Wheaton's Form 40-F for the year ended December 31, 2011, filed with the SEC on March 27, 2012, referenced in the SAC at ¶¶ 425-433.

7. <u>Exhibit 8</u>: Silver Wheaton's Form 40-F for the year ended December 31, 2012, filed with the SEC on April 2, 2013, referenced in the SAC at ¶¶ 434-442.

8. <u>Exhibit 9</u>: Silver Wheaton's Form 40-F for the year ended December 31, 2013, filed with the SEC on March 31, 2014, referenced in the SAC at ¶¶ 443-451.

9. <u>Exhibit 10</u>: Silver Wheaton's Form 40-F for the year ended December 31, 2014, filed with the SEC on March 31, 2015, referenced in the SAC at ¶¶ 452-460.

10. <u>Exhibit 13</u>: Canada Revenue Agency ("CRA") Transfer Pricing Memorandum ("TPM") 07, *Referrals to the Transfer Pricing Review Committee*, http://www.cra.arc.ca/tx/nnrsdnts/cmmn/trns/rfrrls-eng.html, referenced in the SAC at ¶¶ 100-101.

11. <u>Exhibit 14</u>: CRA TPM-13, *Referrals to the Transfer Pricing Review Committee*, http://www.cra.arc.ca/tx/nnrsdnts/cmmn/trns/tpm13-eng.html, referenced in the SAC at ¶¶ 100-101.

12. <u>Exhibit 19</u>: Bloomberg chart reflecting Silver Wheaton Corporation historical closing stock prices for March 30, 2011 through July 7, 2015, referenced in the SAC at ¶¶ 37, 462.

13. <u>Exhibit 21</u>: ████████████████████████████████████████████████████████████████████████████

1    14.   Exhibit 22: ████████████████████████████
2    ████████████████████████
3    15.   Exhibit 23: ████████████████████████████
4    ████████████████████████
5    16.   Exhibit 24: ████████████████████████████
6    ████████████████████████████
7    ██
8    17.   Exhibit 25: ████████████████████████████
9    ████████████████
10   18.   Exhibit 26: ████████████████████████████
11   ████████████████
12   19.   Exhibit 27: ██████████████████████████
13   ████████████████████████████
14   ████████████
15   20.   Exhibit 28: ██████████████████████████
16   ████████████████████████████
17   ████████████
18   21.   Exhibit 29: ██████████████████████████
19   ████████████████████████████
20   ████████████

21   **II.   DOCUMENTS OF WHICH THE COURT CAN TAKE JUDICIAL**
22   **NOTICE**

23        Courts may take judicial notice of information "not subject to reasonable
24   dispute because it: (1) is generally known within the trial court's territorial
25   jurisdiction; or (2) can be accurately and readily determined from sources whose
26   accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also* Fed. R.
27
28

Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

### A.   SEC Filings Are Properly Subject to Judicial Notice

Judicial notice of documents filed with the SEC is appropriate because they are public records, whose contents are "not subject to reasonable dispute because [the facts] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "SEC filings are generally recognized as the most accurate and authoritative source of public information about a company." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *see also Dreiling*, 458 F.3d at 946 n.2.

Courts routinely consider SEC filings on a motion to dismiss. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *Okla. Firefighters*, 2015 WL 1775221, at *15-16 (same); *Zaghian v. THQ Inc.*, No. 2:12-cv-05227-R, 2015 U.S. Dist. LEXIS 53719, *3-4 (C.D. Cal. Jan. 30, 2015) (same); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007).

Each of the documents referenced below and attached as exhibits to the Birn Decl. was filed with the SEC, and judicial notice is thus appropriate:[1]

1.   Exhibit 3:  Excerpts from Silver Wheaton's Form 40R12B for the period ended December 31, 2004, filed with the SEC on April 22, 2005.

2.   Exhibit 4:  Excerpts from Silver Wheaton's Form 40-F for the year ended December 31, 2005, filed with the SEC on March 23, 2006, referenced in the SAC at ¶ 220.

---

[1] As noted *supra*, Exhibits 3-10 to the Birn Decl. also are incorporated into the Second Amended Complaint by reference. Defendants also note herein that these exhibits are proper subjects of judicial notice.

3.      Exhibit 5:  Excerpts from Silver Wheaton's Form 40-F for the year ended December 31, 2006, filed with the SEC on March 26, 2007, referenced in the SAC at ¶¶ 175, 220.

4.      Exhibit 6:  Silver Wheaton's Form 40-F for the year ended December 31, 2010, filed with the SEC on March 30, 2011, referenced in the SAC at ¶¶ 414-420.

5.      Exhibit 7:  Silver Wheaton's Form 40-F for the year ended December 31, 2011, filed with the SEC on March 27, 2012, referenced in the SAC at ¶¶ 425-433.

6.      Exhibit 8:  Silver Wheaton's Form 40-F for the year ended December 31, 2012, filed with the SEC on April 2, 2013, referenced in the SAC at ¶¶ 434-442.

7.      Exhibit 9:  Silver Wheaton's Form 40-F for the year ended December 31, 2013, filed with the SEC on March 31, 2014, referenced in the SAC at ¶¶ 443-451.

8.      Exhibit 10:  Silver Wheaton's Form 40-F for the year ended December 31, 2014, filed with the SEC on March 31, 2015, referenced in the SAC at ¶¶ 452-460.

**B.      Official Publications of Government Agencies**

Courts may also take judicial notice of publications, memoranda, and published data of government agencies.  *See, e.g.*, *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (taking judicial notice of non-binding FDA guidance on nutritional labeling); *Moore v. Verizon Commc'ns, Inc.*, No. C 09-1823 SBA, 2010 WL 3619877, at *3 (N.D. Cal. Sept. 10, 2010) (taking judicial notice of FCC policy statements).  Judicial notice is particularly appropriate where an official agency publication is made available to the public on the agency's official website.  *See In re Nuvelo, Inc. Sec. Litig.*, No. C 07-4056 VRW, 2008 WL 5114325, at *2 (N.D. Cal. Dec. 4, 2008) (taking notice of a report appearing on the

1   FDA website; courts "routinely take judicial notice of documents . . . that

2   demonstrate information available to the market during the class period.").

3        Accordingly, the Silver Wheaton Defendants request that the Court take

4   judicial notice of the following documents attached as exhibits to the Birn Decl.:

5        1.   <u>Exhibit 13</u>:  Canada Revenue Agency ("CRA") Transfer Pricing

6   Memorandum (TPM) 07, *Referrals to the Transfer Pricing Review Committee*,

7   http://www.cra.arc.ca/tx/nnrsdnts/cmmn/trns/rfrrls-eng.html.

8        2.   <u>Exhibit 14</u>:  CRA TPM-13, *Referrals to the Transfer Pricing Review*

9   *Committee*, http://www.cra.arc.ca/tx/nnrsdnts/cmmn/trns/tpm13-eng.html.

10   **C.     The Court May Take Judicial Notice of Canadian Court Filings**

11        Courts properly take judicial notice of filings in proceedings before other

12   courts.  *Silicon Graphics*, 183 F.3d at 984 n.14 (observing that the district court

13   noted "five securities class action complaints" filed in other districts (internal

14   quotation marks omitted)); *Cutler v. Rancher Energy Corp.*, No. SACV 13-00906-

15   DOC (JPRx), 2014 WL 1153054, at *2 (C.D. Cal. Mar. 11, 2014) (noticing a

16   document filed in a prior bankruptcy proceeding); *Jiau v. Hendon*, No. 12 Civ.

17   7335(PAE), 2014 WL 559004, at *1 n.1 (S.D.N.Y. Feb. 12, 2014) (noticing the

18   docket sheet in a separate court proceeding).  This principle extends to materials

19   filed in the courts of Canada.  *See In re Toyota Motor Corp. Unintended*

20   *Acceleration Mktg., Sales Practices, & Prod. Liability Litig.*, 826 F. Supp. 2d

21   1180, 1187 (C.D. Cal. 2011) (noticing a "Canadian class action complaint");

22   *Giaguaro S.p.A. v. Amiglio*, 257 F. Supp. 2d 529, 532 n.1 (E.D.N.Y. 2003)

23   (noticing a complaint filed in Quebec, as well as one filed in Italy).

24        Accordingly, the Silver Wheaton Defendants request that the Court take

25   judicial notice of the following document attached as an exhibit to the Birn Decl.:

26        1.   <u>Exhibit 11</u>:  Notice of Appeal to the Tax Court of Canada filed by

27   Silver Wheaton in *Silver Wheaton Corp. v. The Queen*, Case No. 2016-77(IT)G,

28

-7-

dated January 8, 2016.

**D.      Publicly Available Analyst Reports and News Articles Are Proper Subjects of Judicial Notice**

Similarly, judicial notice of analyst reports and news articles is appropriate because such publications are matters of public record and capable of accurate and ready determination.  Indeed, "courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public."  *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst reports), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see also see also Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014) (taking judicial notice of analyst reports); *In re Rackable Sys., Inc. Sec. Litig.*, No. C 09-0222 CW, 2010 WL 199703, at *3 (N.D. Cal. Jan. 13, 2010) (taking judicial notice of news articles and analyst reports); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (same).  Courts may look to analyst reports to understand "whether and when information was provided to the market" in securities fraud class actions. *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008).

Accordingly, the Silver Wheaton Defendants request that the Court take judicial notice of the following documents attached as Exhibits to the Birn Decl.:

1.      Exhibit 15:  17 May 2012 Roundtable, 2012-0444071C6-Transfer Pricing, https://taxinterpretations.com/cra/severed-letters/2012-0444071c6.

2.      Exhibit 16:  Ed Kroft & Deborah Toaze, *Trends and Developments in Canadian Tax Controversy and Jurisprudence*, Tax Executive – The Professional Journal of Tax Executives Institute, May 25, 2016, http://taxexecutive.org/ trends-and-developments-in-canadian-tax-controversy-and-jurisprudence.

3.     Exhibit 17:  *Uncertain Tax Positions: Navigating Accounting Policy Choices*, Canadian Tax Focus, Vol. 2, No. 3 (Aug. 2012).

4.     Exhibit 18:  Silver Wheaton Corp. analyst report issued by Canaccord Genuity on May 14, 2012.

5.     Exhibit 20: Silver Wheaton Corp. analyst report issued by RBC on March 8, 2013.

**F.     The Court May Take Judicial Notice of Historical Stock Prices**

The Court may also take judicial notice of Silver Wheaton's historical closing stock prices.[2]  The Ninth Circuit has found that taking judicial notice of a company's publicly reported stock price history is proper.  *Metzler*, 540 F.3d at 1064 & n.7 (taking judicial notice of company's "stock price history" in affirming dismissal of securities class action); *see also In re Blue Earth, Inc. Sec. Class Action Litig.*, Case No. CV 14-08263, 2015 WL 12001274, at *1 n.1 (C.D. Cal. Nov. 3, 2015) (taking judicial notice of closing stock prices); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, Case No. 12-cv-06039-WHO, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of NASDAQ reports of historical stock prices); *In re Blue Rhino Corp. Sec. Litig.*, No. CV 03-3495 NM (AJWx), 2004 U.S. Dist. LEXIS 27941, at *7-8 (C.D. Cal. Apr. 9, 2004) (taking judicial notice of stock prices).

Accordingly, the Silver Wheaton Defendants request that the Court take judicial notice of the following document attached as an exhibit to the Birn Decl.:

1.     Exhibit 19:  Bloomberg chart reflecting Silver Wheaton Corporation historical closing stock prices for March 30, 2011 through July 7, 2015.

---

[2] Silver Wheaton's historical stock price data is also incorporated by reference in the SAC. Plaintiffs repeatedly reference Silver Wheaton's stock price in the Second Amended Complaint.

1

## **CONCLUSION**

2    For the foregoing reasons, the Silver Wheaton Defendants respectfully

3  request that the Court consider the above-referenced documents in connection with

4  their Motion to Dismiss the SAC.

5  Dated:  June 4, 2018          WILSON SONSINI GOODRICH & ROSATI
                                 Professional Corporation
6

7                               By: /s/    Barry M. Kaplan

8                                    Barry M. Kaplan
                                     Email:  bkaplan@wsgr.com
9

10                              Attorneys for the Silver Wheaton Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28