# EXHIBIT A-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In re Silver Wheaton Corp.
Securities Litigation

Master File No: 2:15-cv-05146-CAS-PJWx
c/w: 2:15-cv-05173-CAS(PJWx)

**INTERNET NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased the publicly traded securities of Silver Wheaton Corp., n/k/a Wheaton Precious Metals Corp. ("Silver Wheaton" or the "Company") on a United States exchange (Cusip # 828336107) or in a transaction in the United States between March 30, 2011 and July 6, 2015, inclusive ("Class Period"), you could get a payment from a class action settlement (the "Settlement").

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $41,500,000 plus interest (the "Settlement Amount"), to pay claims of investors who purchased publicly traded Silver Wheaton securities on a United States exchange or in a transaction in the United States during the period between March 30, 2011 and July 6, 2015, inclusive, and allegedly were damaged thereby (the "Settlement Class").

- The Settlement represents an average recovery of $0.165 per share of Silver Wheaton stock for the 251 million shares outstanding and traded on the NYSE during the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per outstanding share of Silver Wheaton stock traded on the NYSE. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate claimed losses of all Settlement Class Members, the date(s) you purchased and sold Silver Wheaton securities, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Plaintiffs' Counsel") intend to ask the Court to award them fees of up to $13,833,333 or one-third (33.3%) of the Settlement Amount, reimbursement of

litigation expenses of no more than $1,600,000 and an award to Plaintiffs of $12,500 each for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class, collectively not to exceed $87,500. If approved by the Court, these amounts will be paid from the Settlement Fund.

- If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.061 per share, making the estimated recovery per share after fees and expenses approximately $0.104. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

- The Settlement resolves the lawsuit concerning whether Silver Wheaton, its auditor, Deloitte LLP (Canada) ("Deloitte"), and certain of Silver Wheaton's executive officers made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Second Amended Complaint ("Complaint") including that Silver Wheaton's 2010-2014 financial statements were misleading for failing to record a tax liability or to disclose a contingent liability for alleged future tax liabilities relating to income earned by the Company's foreign subsidiaries outside of Canada.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

- A copy of the Stipulation of Settlement, which is incorporated by reference herein, is available at www.silverwheatonsettlement.com. Capitalized terms in this notice shall have the same meaning as in the Stipulation of Settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **SUBMIT A CLAIM FORM NO LATER THAN** **_____ \_\_\_\_, 2020** | The only way to get a payment. |
|---|---|
| **EXCLUDE YOURSELF NO LATER THAN** **_____ \_\_\_\_, 2020** | Get no payment.  This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** **_____ \_\_\_\_, 2020** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON** **_____ \_\_\_\_, 2020** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Silver Wheaton Corp. Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.:  866-274-4004<br>Fax:  610-565-7985<br>info@strategicclaims.net | **or** | Jonathan Horne, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Tel.:  212-686-1060<br>Fax:  212-202-3827<br>info@rosenlegal.com |

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

1. **Why did I get this Notice?**

   You or someone in your family may have acquired Silver Wheaton securities during the Class Period.

2. **What is this lawsuit about?**

   The case is known as *In re Silver Wheaton Corp. Securities Litigation*, Case No. 15-cv-5146-CAS-PJWx (the "Action"), and the court in charge of the case is the United States District Court for the Central District of California (the "Court").

   The Action involves whether Defendants violated the federal securities laws because they allegedly made false and misleading statements to the investing public as set out in the Complaint, including allegations that Silver Wheaton's 2010-2014 financial statements were misleading for failing to record a tax liability or to disclose a contingent liability for alleged future tax liabilities relating to income earned by the Company's foreign subsidiaries outside of Canada. Defendants expressly deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged. The Settlement resolves all of the claims in the Class Action against Defendants.

3. **Why is this a class action?**

   In a class action, one or more persons and/or entities, called representative plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

4. **Why is there a Settlement?**

   Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which the Plaintiffs and Defendants disagree include: (1) whether Defendants made materially false and misleading statements; (2) whether Defendants made such statements with the intent to defraud the investing public; (3) whether the statements were the cause of the Settlement Class

Members' alleged damages; and (4) the amount of damages, if any, suffered by the Settlement Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the Action. The Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Plaintiffs were to win at trial, and also withstand Defendants' inevitable challenge on appeal, Plaintiffs might not be able to collect some, or all, of the judgment.

5. **How do I know if I am part of the Class Settlement?**

To be a Settlement Class Member, you must have purchased publicly traded Silver Wheaton securities: (i) on a U.S. exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and not sold such securities prior to July 6, 2015.

6. **Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who sold their shares prior to July 6, 2015; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of all such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

7. **What does the Settlement provide?**

   **(a)   What is the Settlement Fund?**

The proposed Settlement calls for the creation of a Settlement Fund (the "Settlement Fund") in the amount of $41,500,000. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Plaintiffs' Counsel's attorneys' fees and reasonable litigation expenses and any award to Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement

Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims.

(**b**)     **What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Silver Wheaton securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs and their counsel for attorneys' fees, costs, and expenses.

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Plaintiffs' contention that because of the alleged misrepresentations and omissions made by Defendants, the price of Silver Wheaton stock was artificially inflated during the Class Period and that disclosure of the "true facts" caused changes in the inflated stock price.

The Recognized Claim of each Authorized Claimant shall be calculated according to the following Plan of Allocation:

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, www.silverwheatonsettlement.com.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately

allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Plaintiffs' Counsel.

## **THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:**

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

**Calculation of Recognized Claim for Common Stock Purchased During the Class Period:**

For shares of common stock purchased between March 30, 2011 and July 6, 2015, inclusive:

- A. For shares sold prior to the close of trading on July 6, 2015, the Recognized Claim shall be zero.
- B. For shares retained at the close of trading on July 6, 2015, the Recognized Claim shall be $1.45.

For purposes of calculating your Recognized Claim, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Silver Wheaton stock shall not be deemed a purchase, acquisition or sale of Silver Wheaton stock for the calculation of an Authorized Claimant's Recognized Claim. Any shares transferred into your account must be listed at $0.00 per share and marked as received shares or "R". If you choose to provide purchase documentation

related to the transfer, please do so.  Any shares transferred out of your account must be listed at the price of $0.00 per share and marked as delivered shares or "D".  If you choose to provide sale documentation related to the transfer, please do so.

For purposes of calculating your Recognized Claim, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Silver Wheaton stock during the time period from March 30, 2011 through and including July 6, 2015.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' counsel, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the review and approval of the claimant's Proof of Claim and Release Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**Are there any further limitations on the amount I may receive?**

(i) Transactions during the Class Period resulting in a gain shall be netted against the Settlement Class Member's transactions resulting in a loss to arrive at the actual trading loss for the claim.  To the extent that any Settlement Class Member's actual trading loss is less than the Recognized Claim calculated for the Settlement Class Member's claim, then the amount of the claim will be limited to the Settlement Class Member's actual trading loss.

(ii) Any Settlement Class Member whose collective transactions in Silver Wheaton securities during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

(iii) The purchase and sale prices exclude any brokerage commissions, transfer taxes or other fees. The covering purchase of a short sale is not an eligible purchase. Gifts and transfers are not eligible purchases.

(iv) Exercise of option contracts into Silver Wheaton common stock will be considered to be purchases or sales of Silver Wheaton common stock on the date of the exercise.

(v) When providing share transactions during the Class Period, your claim form must balance. The shares at the beginning of the Class Period, plus purchases during the Class Period, minus sales during the Class Period, must equal the shares balance at the end of the Class Period. If you submit a claim that does not balance, your claim will not be processed and may be ineligible to participate in this settlement.

**8. How can I get a payment?**

To qualify for a payment, you should fill out a form online at www.silverwheatonsettlement.com ("Case Website"). Read the instructions carefully, fill out the form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction.

If you are unable to fill out a form online, please print the form entitled "Proof of Claim and Release Form" (also called the "Claim Form") available on the Case Website, fill it out, and mail it to the address below:

Silver Wheaton Corp. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Please note that if you choose to print and mail a form, you will need to manually enter each transaction.

Typically, most class members submit electronic claims. Submitting a claim by mail significantly increases the time necessary to process the claim, which both delays payments to all Settlement Class Members and reduces the amount of money that can be distributed to Settlement Class Members. Accordingly, if you choose to submit a claim by mail, your Recognized Claim will be reduced by the greater of $5 or 1%.

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

9. **What am I giving up to get a payment or stay in the Settlement Class?**

Unless you validly exclude yourself, you will remain in the Settlement Class. That means that if the Settlement is approved, you and all Settlement Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) the Released Claims (as defined below) against the "Released Persons" defined as: Defendants, their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, partners, officers, directors, employees, agents, insurers, co-insurers, reinsurers, accountants, auditors, financial advisors, investment bankers, underwriters, attorneys (including Defendants' counsel), transfer pricing consultants, assigns, spouses, heirs, or any entity in which any Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or member(s) of his family (and the predecessors, successors, administrators and assigns of each of the foregoing).

"Released Claims" or "Release of Claims" means any and all Claims (including Unknown Claims), rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law or regulation, that have been, could have been, or in the future can or might be asserted by any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, against the Released Persons arising out of, relating to, or in connection with both (a) the purchase, acquisition, holding, sale or other disposition of

publicly traded Silver Wheaton securities on a United States exchange or in a U.S. transaction during the Class Period and (b) the acts, facts, events, transactions, occurrences, statements, representations or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum. For avoidance of doubt, the term "Released Claims" does not include any claims arising out of, relating to, or in connection with the purchase, acquisition, holding, sale or other disposition of Silver Wheaton securities on a non-U.S. exchange or in a non-U.S. transaction. To the extent that a person or entity purchased, held, sold, or otherwise disposed of Silver Wheaton securities on both U.S. and non-U.S. exchanges during the Class Period, the term "Released Claims" extends only to those transactions involving publicly traded Silver Wheaton securities purchased, held, sold, or otherwise disposed of on a U.S. exchange or in a U.S. transaction. The term "Released Claims" also does not include any claims to enforce this Settlement.

If you sign the Claim Form, you are agreeing to release your claims against the Released Persons, which will bar you from ever filing a lawsuit that could have been brought under any of the Released Claims. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Silver Wheaton securities during the Class Period.

Further information about what you are agreeing to and giving up is detailed in the Stipulation of Settlement, which is available at www.silverwheatonsettlement.com.

10.  **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To validly exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in *In re Silver Wheaton Corp. Sec. Litig.* Case No. 15-CV-5146-CAS-PJWx". You must include your name, address, telephone number, email contact information (if any) and your signature, along with an accurate list of all of your

purchases and sales of Silver Wheaton securities on a U.S. stock exchange or in U.S. transactions during the Class Period, including the date, number of shares and price of the shares purchased or sold and supporting brokerage account documentation. You must mail your exclusion request, postmarked no later than _____ _____, 2020, to:

Silver Wheaton Corp. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded in conformity with this Notice, you will not be legally bound by anything that happens in this Action.

11. **If I do not exclude myself, can I sue Defendants for the same thing later?**

    No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves, or the Released Claims as defined above. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Settlement Class to continue your own lawsuit.

12. **Do I have a lawyer in this case?**

    The Court has appointed The Rosen Law Firm, P.A. as Plaintiffs' counsel to represent the Settlement Class Members for the purposes of this Settlement ("Plaintiffs' Counsel"). You have the option to retain your own separate counsel at your own cost and expense. You need not retain your own separate counsel to opt-out, object, submit a Proof of Claim and Release Form, or appear at the Settlement Hearing.

13. **How will the lawyers be paid?**

    Plaintiffs' Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the litigation themselves and have not been paid any attorneys' fees in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the

Settlement Fund. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund and for reimbursement of reasonable litigation expenses not to exceed $1,600,000, and an award to Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class, in an amount collectively not to exceed $87,500 or $12,500 each. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

14. **How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, or Plaintiffs' Counsel's motion for attorneys' fees, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Silver Wheaton Corp. Securities Litigation*, Case No. 15-CV-5146-CAS-PJWx. For your objection to be valid, you must include: (a) your name, address, and telephone number; (b) your signature; (c) a statement of your objection or objections, and the specific reasons for each objection, including any legal and evidentiary support you wish to bring to the Court's attention; (d) brokerage account documentation listing your purchases and sales of Silver Wheaton securities during the Class Period, including the date, number of shares and price of the shares purchased and sold on a U.S. exchange or in domestic U.S. transactions in order to show your membership in the Settlement Class; (e) the name, address, and telephone number of all counsel who represent you for the objection, including former or current counsel who may be entitled to compensation in connection with the objection; (f) a statement confirming whether you and/or your counsel plan to appear at the Settlement Hearing; and (g) the number of times you have filed an objection to a class action settlement in the previous five years and the nature of each objection. Be sure to mail the objections and supporting documentation to *each* of the places listed below, such that they are *received* no later than _____ \_\_\_\_\_, 2020, so the Court will consider your views:

| Clerk of the Court<br>United States District Court | *Plaintiffs' Counsel:*<br><br>Jonathan Horne |
|---|---|

| | |
|---|---|
| Central District of California<br>First Street U.S. Courthouse<br>350 W 1st Street, Suite 4311<br>Los Angeles, CA 90012 | THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016 |
| *Silver Wheaton Defendants' Counsel:*<br><br>Gregory L. Watts<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104 | *Deloitte's Counsel:*<br><br>Lee G. Dunst<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166 |

Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally regarding the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses or award to Plaintiffs must indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after any instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.

**15.   What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself and you will be bound by any order issued by the Court.

**16.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Settlement Hearing on _____ _____, 2020 at _ _: _ _, _.m., at the United States District Court, Central District of California, First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.

The Court may also decide how much to award Plaintiffs' Counsel for attorneys' fees and expenses or Plaintiffs for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class.

**17.   Do I have to come to the hearing?**

No.  Plaintiffs' Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time along with the required information, the Court will consider it.

**18.   What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you validly exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

DATED: _____ \_\_\_\_\_, 2020

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA