1
2
3
4
5
6
7

JS-6

8       UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA
10

11
12
13      In re Silver Wheaton Corp.
14      Securities Litigation
15
16
17

Master File No: <mark>2:15-cv-05146-CAS(PJWx)</mark>
c/w: 2:15-cv-05173-CAS(PJWx)

[~~PROPOSED~~] ORDER AND FINAL JUDGMENT

Hon. Christina A. Snyder

18      On the 3rd day of August, 2020, a hearing having been held before this Court
19  to determine: (1) whether the terms and conditions of the Stipulation of Settlement
20  dated January 31, 2020 (the "Stipulation") are fair, reasonable and adequate for the
21  settlement of all claims asserted by (i) the Settlement Class against (ii) Defendants
22  Silver Wheaton Corp. ("Silver Wheaton"), Randy V. J. Smallwood, Peter Barnes, and
23  Gary Brown (collectively, the "Silver Wheaton Defendants"), and Deloitte LLP
24  (Canada) ("Deloitte") (together, "Defendants"); (2) whether to approve the proposed
25  Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund
26  among Settlement Class Members; (3) whether to finally certify the Deloitte
27  Settlement Class; (4) whether a judgment should be entered dismissing the Action
28

1   with prejudice as against all Defendants; and (5) to rule upon such other matters as the
2   Court deemed appropriate; and

3          The Court having considered all matters submitted to it at the hearing and
4   otherwise; and

5          It appearing that the Postcard Notice substantially in the form approved by the
6   Court in the Court's Order Preliminarily Approving Settlement and Providing For
7   Notice Procedures (the "Preliminary Approval Order") was mailed to all reasonably
8   identifiable Settlement Class Members; and

9          It appearing that the Summary Notice substantially in the form approved by the
10  Court in the Preliminary Approval Order was published in accordance with that Order
11  and the specifications of the Court; and

12         It appearing that a case-specific website was created which, among other things,
13  permitted electronic filing of claims; and

14         It appearing that the Internet Notice substantially in the form approved by the
15  Court in the Preliminary Approval Order was published in accordance with that Order:

16         NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
17  DECREED THAT:

18         1.     All capitalized terms used herein have the same meanings as set forth and
19  defined in the Stipulation, which is incorporated herein.

20         2.     The Court has jurisdiction over the subject matter of the Litigation,
21  Plaintiffs, all Settlement Class Members and Defendants to the Litigation, including
22  all Settlement Class Members who did not file, pursuant to the Court's Preliminary
23  Approval Order dated March 9, 2020, a timely request for exclusion from the
24  Settlement Class by the requisite deadline.

25         3.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure,
26  the Court hereby certifies, for purposes of the Settlement only, a settlement class as to
27  Deloitte (the "Deloitte Settlement Class") consisting of all persons and entities who
28  purchased the publicly traded securities of Silver Wheaton (i) on a United States

[PROPOSED] ORDER AND FINAL JUDGMENT

Exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015. Excluded from the Deloitte Settlement Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of all such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

4.   The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Deloitte Settlement Class Members is so numerous that joinder of all members of the Deloitte Settlement Class is impracticable; (b) there are questions of law and fact common to the Deloitte Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Deloitte Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Deloitte Settlement Class; (e) the questions of law and fact common to the members of the Deloitte Settlement Class predominate over any questions affecting only individual members of the Deloitte Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.

5.   On May 11, 2017, the Court certified a class as to the Silver Wheaton Defendants (the "Silver Wheaton Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015. Excluded from the Silver Wheaton Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of such excluded persons' families and

[PROPOSED] ORDER AND FINAL JUDGMENT

1    their legal representatives, heirs, successors or assigns and any entity which such
2    excluded persons controlled or in which they have or had a controlling interest.

3        6.      For purposes of the Settlement only, the "Settlement Class" shall consist
4    of both the Silver Wheaton Class and the Deloitte Settlement Class.

5        7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs
6    are certified as the class representatives on behalf of the Settlement Class and
7    Plaintiffs' Counsel previously selected by Plaintiffs and appointed by the Court, is
8    hereby appointed as Lead Counsel for the Settlement Class (or "Plaintiffs' Counsel").

9        8.      The Court hereby finds that the forms and methods of notifying the
10   Settlement Class of the terms and conditions of the Settlement met the requirements
11   of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7)
12   of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities
13   Litigation Reform Act of 1995; constituted the best notice practicable under the
14   circumstances; and constituted due and sufficient notice to all persons and entities
15   entitled thereto of these proceedings and the matters set forth herein, including the
16   Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Settlement
17   Class Member is relieved from the terms of the Settlement, including the releases
18   provided for therein, based upon the contention or proof that such Settlement Class
19   Member failed to receive actual or adequate notice.  A full opportunity has been
20   offered to the Settlement Class Members to object to the Settlement and to participate
21   in the hearing thereon.  The Court further finds that the notice provisions of the Class
22   Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby
23   determined that all members of the Settlement Class are bound by this Order and Final
24   Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

25       9.      The Settlement is approved as fair, reasonable and adequate, and in the
26   best interests of the Settlement Class.  Plaintiffs and Defendants are directed to
27   consummate the Settlement in accordance with the terms and provisions of the
28   Stipulation.

[PROPOSED] ORDER AND FINAL JUDGMENT

10.   The Litigation and the Second Amended Complaint (the "Complaint") are hereby dismissed with prejudice and without costs.

11.   Plaintiffs, each and every member of the Settlement Class and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, hereby fully, finally, and forever release, relinquish, and discharge any and all Released Claims against the Released Persons, and are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons.

12.   Defendants, on behalf of themselves, their heirs, executors, predecessors, successors, and assigns, hereby fully, finally, and forever release, relinquish, and discharge any and all of Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Plaintiffs' Counsel, and are hereby permanently enjoined from prosecuting the Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Plaintiffs' Counsel.

13.   The Court orders that the Plan of Allocation be modified with Plaintiffs' assent by eliminating the portion of pp. 9:21-23 of the Preliminary Approval Order, dkt. #487, which provides "in which case the Settlement Class Member's Recognized Loss will be reduced by $5 or 1%, whichever is greater." The Recognized Losses of Settlement Class Members who filed by mail will not be reduced. With that modification, the Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

14.   In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against

Defendants (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Plaintiffs or the Settlement Class, are hereby permanently barred and discharged.  Any such claims brought by Defendants against any Person or entity (other than Persons or entities whose liability to Plaintiffs or the Settlement Class is extinguished by this Judgment) are likewise permanently barred and discharged. Further, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

15.   The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16.   Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)   referred to or used against Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b)   construed against Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)   construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)   used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

-6-
[PROPOSED] ORDER AND FINAL JUDGMENT

17.     The Court retains exclusive jurisdiction over Defendants, Plaintiffs and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation, the Settlement and/or this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and/or award to Plaintiffs.

21.     The Court hereby awards attorneys' fees of 30% of the Settlement Fund, or $12,450,000, reimbursement of expenses of $1,090,186.76, and awards Plaintiffs $12,500 each, for a total of $87,500, all of which the Court finds reasonable. In reaching this determination, the Court has considered (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.

22.     If the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as otherwise provided in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders

had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

**IT IS SO ORDERED.**

Dated: August 6, 2020

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT